FILED IN MY OFFICE
DISTRICT COURT CLERK
4/3/2014 4:10:56 PM
STEPHEN T. PACHECO
ANO

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2014-00491<br><br>Assigned Judge: Sarah M. Singleton |
| Plaintiff(s): K.S., by and through her parents and next friends, T.S. and A.R.,<br>v.<br>Defendant(s):    THE  SANTA  FE  PUBLIC SCHOOLS; VICKIE L. SEWING, in her individual capacity; THE ESPANOLA PUBLIC SCHOOLS; RUBY E. MONTOYA, in her individual capacity; GARY F. GREGOR, in his individual capacity. | Defendant<br>Name:    Vickie L. Sewing<br>Address: 110 La Joya Road<br>            Santa Fe, NM 87501 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.**    A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**    You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**    You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**    You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**    If you need an interpreter, you must ask for one in writing.

**7.**    You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 13th day of March, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
       Deputy

/s/ Carolyn M. "Cammie" Nichols
    CAROLYN M. "CAMMIE" NICHOLS
    BRENDAN K. EGAN
    500 4th Street NW, Suite 400
Albuquerque, NM 87102
    (505) 243-1443
       cmnichols@rothsteinlaw.com
    bkegan@rothsteinlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO )
_Santa Fe_ )ss
COUNTY OF ~~GUADALUPE~~ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _2nd_ day of _Apr._ , _2014_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

☒ to the defendant _Vickie L. Sewing_ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $ 30

_____
Signature of person making service
_Process Server_
Title (*if any*)

Subscribed and sworn to before me this _3rd_ day of _April_ , _2014_[2]

_____
Judge, notary or other officer
authorized to administer oaths

_Notary_
Official title

My commission
expires: 5/1/2016

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2014-00491<br><br>Assigned Judge: Sarah M. Singleton |
| Plaintiff(s):  K.S., by and through her parents and next friends, T.S. and A.R.,<br><br>v.<br><br>Defendant(s):      THE  SANTA  FE  PUBLIC SCHOOLS;  VICKIE  L.  SEWING,  in  her individual capacity; THE ESPANOLA PUBLIC SCHOOLS;  RUBY  E.  MONTOYA,  in  her individual capacity; GARY F. GREGOR, in his individual capacity. | Defendant<br>Name:      Santa Fe Public Schools<br>Address:  610 Alta Vista Street<br>         Santa Fe, NM 87505 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 13th day of March, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _Jill Neal_
      Deputy

                    /s/ Carolyn M. "Cammie" Nichols
                    CAROLYN M. "CAMMIE" NICHOLS
                    BRENDAN K. EGAN
                    500 4th Street NW, Suite 400
                    Albuquerque, NM 87102
                    (505) 243-1443
                         cmnichols@rothsteinlaw.com
                    bkegan@rothsteinlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO )
    _Santa Fe_ )ss
COUNTY OF ~~GUADALUPE~~ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _2ᵈ_ day of _Apri l_, _2014_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[X]    to _Dina Gutierrez_ (*name of person*), _Office of Business Service_, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $30

_____
Signature of person making service
_Process Server_
Title (*if any*)

Subscribed and sworn to before me this _3rd_ day of _April_, _2014_[2]

_____
Judge, notary or other officer
authorized to administer oaths

Notary
Official title

My commission
expires: 5/1/2016

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/16/2014 2:06:14 PM
STEPHEN T. PACHECO
ANO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., and through her parents and next friends,
T.S. and A.R.,

   Plaintiff,

v.               Case No. D-101-CV-2014-00491

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

   Defendants.

## ENTRY OF APPEARANCE

   COME NOW the Brown Law Firm, Brown and Gurulé, by Kevin M. Brown, Desiree D.

Gurulé and Keya Koul, and enter their appearance on behalf of Defendants Santa Fe Public Schools

and Vickie L. Sewing in the above entitled and numbered cause of action.

         Respectfully submitted:

         *BROWN LAW FIRM*
         *BROWN & GURULÉ*

         */s/ Kevin M. Brown  04/16/2014*
         KEVIN M. BROWN
         Attorney for Defendants
         Santa Fe Schools and Vickie Sewing
         2901 Juan Tabo NE, Suite 208
         Albuquerque, New Mexico  87112
         (505) 292-9677
         kevin@brownlawnm.com

         */s/ Desiree D. Gurulé  04/16/2014*
         DESIREE D. GURULÉ
         Attorney for Defendants
         Santa Fe Schools and Vickie Sewing
         2901 Juan Tabo NE, Suite 208
         Albuquerque, New Mexico  87112
         (505) 292-9677
         desiree@brownlawnm.com

/s/ *Keya Koul  04/16/2014*
KEYA KOUL
Attorney for Defendants
Santa Fe Schools and Vickie Sewing
2901 Juan Tabo NE, Suite 208
Albuquerque, New Mexico 87112
(505) 292-9677
keya@brownlawnm.com

I HEREBY CERTIFY that on this 16th day of April, 2014, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Carolyn M. "Cammie" Nichols
cmnichols@rothsteinlaw.com

Brendan K. Egan
bkegan@rothsteinlaw.com

/s/ *Kevin M. Brown*
Kevin M. Brown

/s/ *Desiree D. Gurulé*
Desiree D. Gurulé

/s/ *Keya Koul*
Keya Koul

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/22/2014 2:18:37 PM
STEPHEN T. PACHECO
GL

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**


**K.S., by and through her parents and next friends,**
**T.S. and A.R.,**

     **Plaintiff,**

**vs.**                     **Case No.  D-101-CV-2014-00491**

**THE SANTA FE PUBLIC SCHOOLS;**
**VICKIE L. SEWING, in her individual capacity;**
**THE ESPANOLA PUBLIC SCHOOLS;**
**RUBY E. MONTOYA, in her individual capacity;**
**GARY F. GREGOR, in his individual capacity;**

**Defendants.**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2014 Plaintiffs' First Supplemental

Disclosures were mailed to Defendants through their counsel of record via regular U.S. Mail:

    JERRY A. WALZ
    133 Eubank Blvd NE
    Albuquerque, NM 87123
    (505) 275-1800
    jerryawalz@walzandassociates.com
    *Attorney for Defendants Ruby E. Montoya*
    *and Espanola Public Schools*

    HENRY NARVAEZ
    Narvaez Law Firm, P.A.
    601 Rio Grande Blvd NW
    P.O. Box 25967
    Albuquerque, NM 87125-0967
    (505) 247-1344
    hnarvaez@narvaezlawfirm.com
    *Attorneys for Defendant Gary F. Gregor*

    KEVIN M. BROWN
    DESIREE GURULE

Brown Law Firm
2901 Juan Tabo Blvd NE, #208
Albuquerque, NM 87112-1885
kevin@brownlawnm.com
desiree@brownlawnm.com
*Attorneys for Vickie L. Sewing*
*and Santa Fe Public Schools*

Respectfully submitted,

/s/ Carolyn M. "Cammie" Nichols 4/22/14
CAROLYN M. "CAMMIE" NICHOLS
BRENDAN K. EGAN
Rothstein, Donatelli, Hughes, Dahlstrom,
 Schoenburg & Bienvenu, LLP
500 4th Street NW, Suite 400
Albuquerque, NM 87102
505-243-1443
cnichols@rothsteinlaw.com
bkegan@rothsteinlaw.com
*Attorneys for Plaintiffs*

I HEREBY CERTIFY that on the 22nd day of April, 2014, I filed the foregoing pleading electronically through the efile system for the State of New Mexico, which caused counsel for Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Carolyn M. "Cammie" Nichols 4/22/14
ROTHSTEIN, DONATELLI, HUGHES
DAHLSTROM, SCHOENBURG & BIENVENU, LLP

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/25/2014 3:52:47 PM
STEPHEN T. PACHECO

LMP

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**K.S., by and through her parents and next friends,**
**T.S. and A.R.,**

      **Plaintiff,**

vs.                           **Case No. D-101-CV-2014-00491**

**THE SANTA FE PUBLIC SCHOOLS;**
**VICKIE L. SEWING, in her individual capacity;**
**THE ESPANOLA PUBLIC SCHOOLS;**
**RUBY E. MONTOYA, in her individual capacity;**
**GARY F. GREGOR, in his individual capacity;**

      **Defendants.**

## NOTICE TO STATE DISTRICT COURT OF REMOVAL
## TO FEDERAL DISTRICT COURT

Pursuant to 28 U.S.C. § 1446, Defendants Española Public Schools and Ruby E.

Montoya, by and through undersigned counsel have removed this action to the Federal District

Court for the District of New Mexico. A copy of the Notice of Removal is attached hereto as

Exhibit A.

                Respectfully submitted,

                **WALZ AND ASSOCIATES, P.C.**

                */s/ Jerry A. Walz*
                JERRY A. WALZ, ESQ.
                *Attorney for Defendants Espanola Public*
                *Schools, and Ruby E. Montoya*
                133 Eubank Blvd. NE
                Albuquerque, NM 87123
                505-275-1800
                jerryawalz@walzandassociates.com

I HEREBY CERTIFY that a true and accurate copy of the foregoing *Pleading* was served to the following counsel of record via email this 25th of April, 2014:

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG &
BIENVENU, LLP
Carolyn M. Nichols
Brendan K. Egan
500 4th.St., NW, Suite 400
Albuquerque, NM 87102

BROWN LAW FIRM
Kevin Brown, Esq.
Desiree D. Gurule, Esq.
Keya Koul, Esq.
2901 Juan Tabo Blvd. NE, Suite 208
Albuquerque, NM 87112
(505) 292-9677

NARVAEZ LAW FIRM
Henry Narvaez, Esq.
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

     **Plaintiff,**

vs.                                                        **Case No. 14-cv-385**

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

     **Defendants.**

## NOTICE OF REMOVAL

Defendants Española Public Schools and Ruby E. Montoya, by and through undersigned

counsel state:

1.     Pursuant to 28 U.S.C. §§ 1331, 1441, 1443 and 1446, Defendants Española Public

Schools, Ruby E. Montoya, herein exercise their right, with the written consent of all served

Defendants, to remove this action from the First Judicial District Court, County of Santa Fe,

State of New Mexico, where this case is now pending by the name and style of *K.S., by and*

*through her parents and next friends, T.S. and A.R., v. The Santa Fe Public Schools; Vickie L.*

*Sewing, in her individual capacity; The Espanola Public Schools; Ruby E. Montoya, in her*

*individual capacity; Gary F. Gregor, in his individual capacity*, No. D-101-CV-2014-00491.

Plaintiff's action arises, in part, out of alleged violations of Plaintiff's rights pursuant to 42

U.S.C. § 1983, 20 U.S.C. § 1681, and the Fourteenth Amendment of the United States

Constitution.

EXHIBIT A

2.      This Court has original jurisdiction as provided in 28 U.S.C. § 1331 in that the cause arises under the Constitution and law of the United States brought pursuant to 42 U.S.C. § 1983 or other applicable federal statutes. *See e.g.,* Complaint at Count I (Plaintiff's Claims Against Defendant Gregor Under 42 U.S.C. § 1983), Count II (Plaintiff's Claim Against Defendants SFPS and EPS Under 42 U.S.C. § 1983), Count III (Plaintiff's Claims Against Defendant Sewing Under 42 U.S.C. § 1983), Count IV (Plaintiff's Claims Against Defendant Montoya Under 42 U.S.C. § 1983), and Count V (Plaintiff's Claims Against Defendant EPS Under Title IX, 20 U.S.C. §§ 1681-1688, for Sexual Abuse).

3.      Further, the removing Defendants state that this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims since said claims are so related to the federal law claims that they form part of the same case and controversy under Article III of the United States Constitution.

4.      On April 1, 2014, counsel for Defendants Española Public Schools and Ruby E. Montoya accepted service of the Summons, Complaint, and Demand for Trial by Jury. *See, Exhibit A.* On April 1, 2014, counsel for Defendant Gary Gregor accepted service of the Summons, Complaint and Demand for Trial by Jury. *See, Exhibit B.* On April 2, 2014, Defendants Santa Fe Public Schools and Vickie L. Sewing were served with the Summons, Complaint and Demand for Trial by Jury. *See, Exhibit C.*

5.      This Notice is filed within 30 days of service on the removing Defendant.

6.      All non-removing Defendants, Santa Fe Public Schools, Vickie L. Sewing and Gary Gregor consent to the removal of this action as shown by the attached consents signed by their respective counsel. *See Exhibits D and E.*

7.      Therefore, there is unanimity of all Defendants consenting to this removal.

2

8.     This Notice of Removal is filed within thirty (30) days of the Removing Defendants acceptance of service of the Complaint. Thus, the Notice of Removal is timely under 28 U.S.C. § 1446(b).

9.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal has been given to all adverse parties and an endorsed copy is filed with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico.

10.     Defendants also attach a copy of the www.nmcourts.gov court docket as of April 25, 2014. See, *Exhibit F.* Pursuant to D.N.M. LR-Civ.81.1(a), a certified copy of the State Court file will be filed with the Court within thirty days after filing the Notice of Removal.

11.     The Complaint, Summons and Demand for Trial by jury served on the removing Defendants are attached as *Exhibit G.*

WHEREFORE, the removing Defendants respectfully request this Court to remove this action from the First Judicial District Court, County of Santa Fe, State of New Mexico to the United States District Court for the District of New Mexico.

Respectfully submitted,

**WALZ AND ASSOCIATES, P.C.**

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.
*Attorney for Defendants Española Public Schools, and Ruby E. Montoya*
133 Eubank Blvd. NE
Albuquerque, NM 87123
505-275-1800
jerryawalz@walzandassociates.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing *Notice of Removal* was served to the following counsel of record via U.S. Mail and the First Judicial District Court and Honorable Sarah Singleton via email this 25th of April, 2014:

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG &
BIENVENU, LLP
Carolyn M. Nichols
Brendan K. Egan
500 4th St., NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443

First Judicial District Court Clerk
Judge Steve Herrera Judicial Complex
sfedrequests@nmcourts.gov

Honorable Sarah Singleton
1st Judicial District Court Judge
sfeddiv2proposedtxt@nmcourts.gov

BROWN LAW FIRM
Kevin Brown, Esq.
Desiree D. Gurule, Esq.
Keya Koul, Esq.
2901 Juan Tabo Blvd. NE, Suite 208
Albuquerque, NM 87112
(505) 292-9677

NARVAEZ LAW FIRM
Henry Narvaez, Esq.
Carlos Sedillo, Esq.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500


*/s/ Jerry A. Walz*
JERRY A. WALZ

4

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

K.S., by and through her parents and next friends, T.S. and A.R.

**DEFENDANTS**

The Santa Fe Public Schools; Vickie L. Sewing, The Espanola Public Schools, Ruby E. Montoya, Gary F. Gregor

**(b)** County of Residence of First Listed Plaintiff   Rio Arriba
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See attached

Attorneys (If Known)
See attached

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983; 20 U.S.C. Section 1681
Brief description of cause:
Title IX and Fourteenth Amendment U.S. Constitutional Claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
04/25/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jerry A. Walz

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

| Print | Save As... | Export as FDF | Retrieve FDF File | Reset |

**Parties and Attorneys**

**For Plaintiff:**

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG &
BIENVENU, LLP
Carolyn M. Nichols, Esq.
Brendan K. Egan, Esq.
500 4th St., NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
cmnichols@rothsteinlaw.com
bkegan@rothsteinlaw.com

**For Defendants Santa Fe Public Schools
and Vickie L. Sewing:**

BROWN LAW FIRM
Kevin Brown, Esq.
Desiree D. Gurule, Esq.
Keya Koul, Esq.
2901 Juan Tabo Blvd. NE, Suite 208
Albuquerque, NM 87112
(505) 292-9677
kevin@brownlawfirm.com
desiree@brownlawfirm.com
keya@brownlawfirm.com

**For Defendants Española Public Schools
and Ruby E. Montoya:**

WALZ AND ASSOCIATES, P.C.
Jerry A. Walz, Esq.
133 Eubank Blvd NE
Albuquerque, NM 81723
(505) 275-1800
jerryawalz@walzandassociates.com

**For Defendant Gary Gregor:**

NARVAEZ LAW FIRM
Henry Narvaez, Esq.
Carlos Sedillo, Esq.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500
hnarvaez@narvaezlawfirm.com
csedillo@narvaezlawfirm.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/1/2014 4:07:03 PM
STEPHEN T. PACHECO
MRN

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

K.S., by and through her parents and next friends,
T.S. and A.R.,

      Plaintiff,

vs.                          Case No.  D-101-CV-2014-00491

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

Defendants.

### ACCEPTANCE OF SERVICE

      I HEREBY accept service on behalf of Defendants Ruby E. Montoya and Espanola Public

Schools, of the Summons, Complaint, and Demand for Trial by Jury, in the above-entitled matter.

      Dated:  April 1, 2014

                                  JERRY A. WALZ, ESQ.
                                  133 Eubank Blvd NE
                                  Albuquerque, NM 87123
                                  (505) 275-1800
                                  jerryawalz@walzandassociates.com

                                  *Attorney for Defendants Ruby E. Montoya and*
                                  *Espanola Public Schools*

# EXHIBIT A

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP

By: _____
CAROLYN M. "CAMMIE" NICHOLS
BRENDAN K. EGAN
MAGGIE H. LANE
500 4th Street, N.W., Suite 400
Albuquerque, NM 87102
(505) 243-1443
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2014, I emailed and mailed a true and

correct copy of the foregoing to the following counsel of record:

Jerry A. Walz, Esq.
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com
*Attorney for Defendants Ruby E. Montoya*
 *and Espanola Public Schools*

HENRY NARVAEZ
Narvaez Law Firm, P.A.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 247-1344
hnarvaez@narvaezlawfirm.com
*Attorneys for Defendant Gary F. Gregor*

2

KEVIN M. BROWN
DESIREE GURULE
Brown Law Firm
2901 Juan Tabo Blvd NE, #208
Albuquerque, NM  87112-1885
kevin@brownlawnm.com
desiree@brownlawnm.com
*Attorneys for Vickie L. Sewing*
*and Santa Fe Public Schools*

ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM SCHOENBURG & BIENVENU, LLP

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/1/2014 4:24:14 PM
STEPHEN T. PACHECO

ANO

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

K.S., by and through her parents and next friends,
T.S. and A.R.,

     Plaintiff,

vs.                      Case No.   D-101-CV-2014-00491

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

Defendants.

## ACCEPTANCE OF SERVICE

     I HEREBY accept service on behalf of Defendant Gary F. Gregor, of the Summons,

Complaint, and Demand for Trial by Jury, in the above-entitled matter.

Dated: _____ April 1, 2014 _____

                              _____

HENRY NARVAEZ
Narvaez Law Firm, P.A.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 247-1344
hnarvaez@narvaezlawfirm.com

*Attorney for Defendant Gary F. Gregor*

# EXHIBIT B

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
    DAHLSTROM, SCHOENBURG & BIENVENU, LLP

By: _____
    CAROLYN M. "CAMMIE" NICHOLS
    BRENDAN K. EGAN
    MAGGIE H. LANE
    500 4th Street, N.W., Suite 400
    Albuquerque, NM 87102
    (505) 243-1443

    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, I emailed and mailed a true and

correct copy of the foregoing to the following counsel of record:

Jerry A. Walz, Esq.
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com
*Attorney for Defendants Ruby E. Montoya*
  *and Espanola Public Schools*

HENRY NARVAEZ
Narvaez Law Firm, P.A.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 247-1344
hnarvaez@narvaezlawfirm.com
*Attorneys for Defendant Gary F. Gregor*

2

KEVIN M. BROWN
DESIREE GURULE
Brown Law Firm
2901 Juan Tabo Blvd NE, #208
Albuquerque, NM   87112-1885
kevin@brownlawnm.com
desiree@brownlawnm.com
*Attorneys for Vickie L. Sewing and
Santa Fe Public Schools*

ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP

3

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/3/2014 4:10:56 PM
STEPHEN T. PACHECO
ANO

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2014-00491<br><br>Assigned Judge: Sarah M. Singleton |
| Plaintiff(s): K.S., by and through her parents and next friends, T.S. and A.R.,<br><br>v.<br><br>Defendant(s):   THE SANTA FE PUBLIC SCHOOLS; VICKIE L. SEWING, in her individual capacity; THE ESPANOLA PUBLIC SCHOOLS; RUBY E. MONTOYA, in her individual capacity; GARY F. GREGOR, in his individual capacity. | Defendant<br>Name:    Vickie L. Sewing<br>Address: 110 La Joya Road<br>               Santa Fe, NM 87501 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 13th day of March, 2014.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _Jill Apal_
        Deputy

/s/ Carolyn M. "Cammie" Nichols
CAROLYN M. "CAMMIE" NICHOLS
BRENDAN K. EGAN
500 4th Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
      cmnichols@rothsteinlaw.com
      bkegan@rothsteinlaw.com

# EXHIBIT C

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO          )
                              )ss
COUNTY OF ~~GUADALUPE~~ *Santa Fe*   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Santa Fe* county on the 2ⁿᵈ day of *April*, 2014, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[X]     to the defendant *Vickie L. Sewing* (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $30

_____
Signature of person making service
*Paula Sanchez*
_____
Title (*if any*)

Subscribed and sworn to before me this 3ʳᵈ day of April, 2014

_____
Judge, notary or other officer
authorized to administer oaths

*Notary*
_____
Official title

My commission
expires: 5/1/2016

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2014-00491<br><br>Assigned Judge: Sarah M. Singleton |
| Plaintiff(s): K.S., by and through her parents and next friends, T.S. and A.R.,<br><br>v.<br><br>Defendant(s):   THE  SANTA  FE  PUBLIC SCHOOLS; VICKIE L. SEWING, in her individual capacity; THE ESPANOLA PUBLIC SCHOOLS; RUBY E. MONTOYA, in her individual capacity; GARY F. GREGOR, in his individual capacity. | Defendant<br>Name:     Santa Fe Public Schools<br>Address: 610 Alta Vista Street<br>Santa Fe, NM 87505 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 13th day of March, 2014.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
        Deputy

/s/ Carolyn M. "Cammie" Nichols
CAROLYN M. "CAMMIE" NICHOLS
BRENDAN K. EGAN
500 4th Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
      cmnichols@rothsteinlaw.com
      bkegan@rothsteinlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO    )
                      ~Santa Fe~  )ss
COUNTY OF ~GUADALUPE~   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _3rd_ day of _April_, _2014_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (used when the defendant is not presently at place of abode) and by mailing by first class mail to the defendant at _____ (insert defendant's last known mailing address) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (insert defendant's business address) and by mailing the summons and complaint by first class mail to the defendant at _____ (insert defendant's last known mailing address).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (used when defendant is a minor or an incompetent person).

[X]    to _Dino Gutierrez_ (name of person), _Office of Business Services_ (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _$50_

_____
Signature of person making service
_____
Title (if any)

Subscribed and sworn to before me this _3rd_ day of _April_ _2014_

_____
Judge, notary or other officer
authorized to administer oaths

_Notary_
Official title

My commission
expires: 5/1/2016

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

K.S., by and through her parents and next friends,
T.S. and A.R.,

        Plaintiff,

vs.                              **Case No. D-101-CV-2014-00491**

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

        Defendants.

### DEFENDANTS THE SANTA FE PUBLIC SCHOOLS AND
### VICKIE L. SEWING'S CONSENT TO REMOVAL

COME NOW Defendants Santa Fe Public Schools and Vickie L. Sewing, by and through

undersigned counsel, hereby notify the Court and the parties that they consent to the removal of

this case by Defendants Espanola Public Schools and Ruby E. Montoya, in her Individual

Capacity.

                        Respectfully submitted,

                        BROWN LAW FIRM
                        BROWN & GURULE

                        DESIREE D. GURULE
                        KEVIN M. BROWN
                        *Attorneys for Defendants Santa Fe Public*
                        *Schools, and Vickie L. Sewing*
                        2901 Juan Tabo Blvd. NE, Suite 208
                        Albuquerque, NM 87112
                        505-292-9677
                        Fax: 505-292-9680
                        desiree@brownlawnm.com
                        kevin@brownlawnm.com

# EXHIBIT D

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

K.S., by and through her parents and next friends,
T.S. and A.R.,

     Plaintiff,

vs.

**Case No. D-101-CV-2014-00491**

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

     Defendants.

## DEFENDANT GARY GREGOR'S CONSENT TO REMOVAL

COME NOW Defendant Gary Gregor, by and through undersigned counsel, hereby

notifies the Court and the parties that he consents to the removal of this case by Defendants The

Española Public Schools and Ruby E. Montoya.

Respectfully submitted,

NARVAEZ LAW FIRM, P.A.

Henry F. Narvaez

HENRY F. NARVAEZ
CARLOS E. SEDILLO
*Attorneys for Defendant Gary F. Gregor*
Post Office Box 25967
Albuquerque, New Mexico 87125-0967
(505) 248-0500

# EXHIBIT E

**D-101-CV-201400491 - Friday, April 25, 2014**

# K. S.

### v.

### Santa Fe Public Schools, et. al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | | COURT |
|---|---|---|---|---|
| D-101-CV-201400491 | Singleton, Sarah | 02/27/2014 | SANTA FE District | |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | SANTA FE PUBLIC SCHOOLS |
| | ATTORNEY: GURULE DESIREE D. | | |
| | ATTORNEY: BROWN KEVIN M. | | |
| D | Defendant | 2 | SEWING VICKIE |
| | ATTORNEY: GURULE DESIREE D. | | |
| | ATTORNEY: BROWN KEVIN M. | | |
| D | Defendant | 3 | MONTOYA RUBY E. |
| D | Defendant | 4 | GREGOR GARY F. |
| D | Defendant | 5 | ESPANOLA PUBLIC SCHOOLS |
| P | Plaintiff | 1 | S. K. |
| | ATTORNEY: NICHOLS CAROLYN M. | | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 2 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 3 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 4 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 5 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

# EXHIBIT F

D-101-CV-201400491 - Friday, April 25, 2014

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 6 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 7 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 8 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 9 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 02/27/2014 | 10 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 04/22/2014 | CERTIFICATE OF SERVICE | | | | |
| | Certificate of Service - Plaintiff's First Supplemental Disclosures | | | | |
| 04/16/2014 | ENTRY OF APPEARANCE | | | | |
| 04/03/2014 | SUMMONS RETURN | | | | |
| | Summons Return | | | | |
| 04/03/2014 | CERTIFICATE OF SERVICE | | | | |
| | Certificate of Service - Plaintiff's First Initial Disclosures | | | | |
| 04/01/2014 | ACCEPTANCE OF SERVICE | | | | |
| 04/01/2014 | ACCEPTANCE OF SERVICE | | | | |
| | Acceptance of Service | | | | |
| 03/13/2014 | SUMMONS ISSUED | | | | |
| | Espanola Public Schools | | | | |
| 03/13/2014 | SUMMONS ISSUED | | | | |
| | Santa Fe Public Schools | | | | |
| 03/13/2014 | SUMMONS ISSUED | | | | |
| | Gary Gregor | | | | |
| 03/13/2014 | SUMMONS ISSUED | | | | |
| | Vickie Sewing | | | | |
| 03/13/2014 | SUMMONS ISSUED | | | | |
| | Ruby Montoya | | | | |

**D-101-CV-201400491 - Friday, April 25, 2014**

| | |
|---|---|
| 02/27/2014 | JURY DEMAND 6 PERSON |
| | Demand for Trial by Jury |
| 02/27/2014 | OPN: COMPLAINT |
| | Complaint for Civil Rights Violations, Title IX Violations, Battery, Negligence, and Other Tortious Conduct |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 02/27/2014 | Singleton, Sarah | 1 | INITIAL ASSIGNMENT |

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/27/2014 11:48:26 AM
STEPHEN T. PACHECO
rlr

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**K.S., by and through her parents and next friends,**
**T.S. and A.R.,**

     **Plaintiff,**

vs.                                                  **Case No.** D-101-CV-2014-00491

**THE SANTA FE PUBLIC SCHOOLS;**
**VICKIE L. SEWING, in her individual capacity;**
**THE ESPANOLA PUBLIC SCHOOLS;**
**RUBY E. MONTOYA, in her individual capacity;**
**GARY F. GREGOR, in his individual capacity;**

     **Defendants.**

                                    **Jury Trial Requested**

### COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TITLE IX VIOLATIONS, BATTERY, NEGLIGENCE, AND OTHER TORTIOUS CONDUCT

COMES NOW Plaintiff, by and through her counsel, Carolyn M. "Cammie" Nichols

and Brendan K. Egan of Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu,

LLP, and brings the following causes of action pursuant to 42 U.S.C. § 1983, 20 U.S.C. §

1681, the Fourteenth Amendment of the United States Constitution, the New Mexico Tort

Claims Act, NMSA 1978, §§ 41-4-1, *et seq.*, and New Mexico common law:

### PARTIES

1.     Plaintiff KS is a minor, and a resident of Santa Fe County, New Mexico.

2.     She brings this complaint through her parents, TS and AR.

3.     Defendant Santa Fe Public Schools (*hereinafter* SFPS) is a governmental

entity and local public body as those terms are defined in the New Mexico Tort Claims Act,

# EXHIBIT G

NMSA 1978, §§ 41-4-3(B) and (C), as amended. Under NMSA 1978, § 22-5-4(E), Defendant SFPS has the capacity to sue or be sued. Defendant SFPS is responsible for the administration of public schools within its geographic boundaries. Upon information and belief, at all times material hereto, Defendant SFPS received federal funding and financial assistance. At times material hereto, Defendant SFPS employed Defendant Sewing and Defendant Gregor. Plaintiff's claims pursuant to the New Mexico Tort Claims Act against Defendant SFPS arise under NMSA 1978, § 41-4-6. Under the New Mexico Tort Claims Act, Defendant SFPS is vicariously liable for the acts and omissions of Defendant Sewing and Defendant Gregor. At all times relevant, Defendant SFPS was responsible for adopting and implementing the policies, customs, and practices of its employees and agents, including Defendant Sewing and Defendant Gregor. Defendant SFPS is a political subdivision of the State of New Mexico and a "person" under 42 U.S.C. § 1983.

4.       Defendant Vickie L. Sewing (*hereinafter* Sewing) was, at all times material hereto, employed by Defendant SFPS as a principal at Agua Fria Elementary School. She was the direct supervisor of Defendant Gregor during the time that he was employed at the Agua Fria Elementary School by Defendant SFPS as a teacher. Upon information and belief, Defendant Sewing resides in Santa Fe County, New Mexico. At all times material hereto, Defendant Sewing was a public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F), as amended. Defendant Sewing acted in the course and scope of her duties as an SFPS employee and under color of state and/or local law. She is sued in her individual capacity for purposes of Plaintiff's claims brought under 42 U.S.C. § 1983.

2

5. Defendant Espanola Public Schools (*hereinafter* EPS) is a governmental entity and local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-3(B) and (C), as amended. Under NMSA 1978, § 22-5-4(E), Defendant EPS has the capacity to sue or be sued. Defendant EPS is responsible for the administration of public schools within its geographic boundaries. Upon information and belief, at all times material hereto, Defendant EPS received federal funding and financial assistance. At times material hereto, Defendant EPS employed Defendant Montoya and Defendant Gregor. Plaintiff's claims pursuant to the New Mexico Tort Claims Act against Defendant EPS arise under NMSA 1978, § 41-4-6. Under the New Mexico Tort Claims Act, Defendant EPS is vicariously liable for the acts and omissions of Defendant Montoya and Defendant Gregor. At all times relevant, Defendant EPS was responsible for adopting and implementing the policies, customs, and practices of its employees and agents, including Defendant Montoya and Defendant Gregor. Defendant EPS is a political subdivision of the State of New Mexico and a "person" under 42 U.S.C. § 1983.

6. Defendant Ruby E. Montoya (*hereinafter* Montoya) was, at times material hereto, employed by Defendant EPS as a principal at Fairview Elementary School. She was the direct supervisor of Defendant Gregor during the time that he was employed at the Fairview Elementary School by Defendant EPS as a teacher. Upon information and belief, Defendant Montoya resides in Rio Arriba County, New Mexico. At all times material hereto, Defendant Montoya was a public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F), as amended. Defendant Montoya acted in the course and scope of her duties as an EPS employee and under color of state and/or

3

local law. She is sued in her individual capacity for purposes of Plaintiff's claims brought under 42 U.S.C. § 1983.

7.      Defendant Gary F. Gregor (*hereinafter* Gregor) was, at times material hereto, employed by Defendant SFPS and Defendant EPS as a teacher at Agua Fria and Fairview Elementary Schools. Upon information and belief, Defendant Gregor resides in Rio Arriba County, New Mexico. At all times material hereto, Defendant Gregor was a public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F), as amended. Defendant Gregor acted in the course and scope of his duties as an SFPD and EPS employee and under color of state and/or local law. He is sued in his individual capacity for purposes of Plaintiff's claims brought under 42 U.S.C. § 1983.

8.      With respect to Plaintiff's New Mexico Tort Claims Act claims, the acts and omissions complained of herein all constitute a basis for liability against Defendants SFPS and EPS, within the scope of the waivers of immunity proscribed by the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1, *et seq.*

## JURISDICTION AND VENUE

9.      The First Judicial District Court has original jurisdiction over this matter under N.M. Const., Art. VI, § 13.

10.     Venue is proper in Rio Arriba County under NMSA 1978, § 38-3-1(G), as this is the County in which Plaintiff resides.

4

## FACTUAL ALLEGATIONS

### I. THE CAREER AND PREDATION HISTORY OF DEFENDANT GREGOR

11. Defendant Gregor began teaching elementary school children in Utah in the fall of 1984. He taught there continuously until the spring of 1995, according to Utah's "Verification of Teaching Service."

12. While in Utah, he taught classes of fourth graders, fifth graders, combined fourth and fifth graders, and combined fifth and sixth graders. He taught at two different elementary schools over eleven years.

13. In October of 1994, a concerned parent called law enforcement when her elementary school-age daughter did not come home when expected and was missing for several hours.

14. It was discovered that Defendant Gregor had kept the girl, and another elementary school-age girl, in his classroom after the school day was over.

15. Investigation disclosed that, while in his classroom with him, they popped popcorn, watched movies, listened to music, did gymnastics, played around, and that Defendant Gregor asked them about their brassiere sizes and their menstrual periods.

16. The girls were alone in the classroom with Defendant Gregor for approximately four and one-half hours.

17. The parents of both girls were upset "because there were rumors that Mr. Gregor had been accused of sexual abuse of a child in the past;" and "[b]oth sets of parents were afraid that Mr. Gregor was befriending their children in order to possibly victimize them in the future."

5

18.     Neither girl disclosed sexual touching, but it is unclear whether the girls were provided with an opportunity to discuss the case with a forensic interviewer or were just questioned by officers and parents.

19.     Defendant Gregor claimed "he just started talking to the girls and lost track of time." He was told by the school that he could no longer have students in his classroom after hours.

20.     He was not charged criminally, but police reports were generated, and those police reports are available as public records upon request.

21.     The school claimed that "the allegations about having a similar complaint against him were untrue."

22.     Actually, in January of 1994, ten months prior to the October 1994 incident, public records reveal that Defendant Gregor had, in fact, been accused of sexual misconduct with three of his female elementary school-age students.

23.     One of the girls recounted that Defendant Gregor rubbed her buttocks, hugged her, kissed her, caressed her thigh, said he loved her, and told her he wanted to take her to Montana when she turned sixteen to marry her.

24.     Another girl recounted that Defendant Gregor rubbed her thigh on numerous occasions, kissed her thigh, and hugged her.

25.     One of the girls recounted that she could feel Defendant Gregor's penis harden when he sat her in his lap, and when he hugged her tight against him.

26.     In January of 1995, criminal charges were filed against Defendant Gregor for this sexual misconduct, namely two felony counts of aggravated sex abuse of a child and one misdemeanor count of lewdness involving a child.

6

27.     The day before the criminal trial was set to begin, a Utah District Court Judge dismissed the case, "not[ing] that even assuming the truthfulness of the allegations against [Defendant] Gregor, the conduct did not rise to the level of a criminal act."

28.     On May 17, 1996, Defendant Gregor was issued a letter of reprimand by the Utah Professional Practices Advisory Commission. The letter states that the Commission "found no evidence of immoral conduct, but did conclude that [Defendant Gregor] ha[d] been guilty of exhibiting a lack of professional judgment in some of [his] teaching activities, which [he himself] recognized and verbalized before the hearing panel."

29.     From August of 1996 through May of 1997, Defendant Gregor worked as a special education teacher and an after-school tutor on a reservation in Montana, where, he claims, he "acted as principal/superintendent on numerous occasions in the absence of the school district's principal/superintendent."

30.     Public records indicate that Defendant Gregor disclosed to Defendant PED in March of 1998 that he was "terminated by the Davis County School District for what they considered insubordination, school policy was that after school activities with students was [sic] not allowed."

## II.     DEFENDANT GREGOR'S EMPLOYMENT BY DEFENDANT SFPS

31.     On July 1, 2001, Defendant Gregor obtained two teaching licenses in the state of New Mexico, one for Level 2, Elementary K-8, and another for Special Education, K-12.

32.     Public records indicate that Defendant Gregor applied for a job with Defendant SFPS in June of 1998.

7

33.     Public records indicate that Defendant Gregor was officially hired by Defendant SFPS in August of 2000. Other public records indicate that Defendant Gregor may have been hired by Defendant SFPS as early as March of 1998.

34.     A simple background check by Defendant SFPS, including basic research of public records, would have revealed the criminal charges and the true facts surrounding Defendant Gregor's leaving employment as a teacher in Utah.

35.     Defendant SFPS hired Defendant Gregor to teach the school children of the district with no apparent inquiry (at least no documented inquiry as per the public record obtained to date) into Defendant Gregor's criminal background and employment history in Utah.

36.     Defendant Gregor signed a Certified (Licensed) School Instructor Contract with Defendant SFPS in December of 2000 for the 2000-2001 school year.

37.     In the 2000-2001 school year, his first year as a classroom teacher for Defendant SFPS, Defendant Gregor taught sixth grade Special Education at Ortiz Middle School.

38.     Defendant Gregor received negative evaluations at Ortiz Middle School, and was not recommended for re-hire.

39.     Yet, Defendant Gregor signed a contract to teach for the Santa Fe Public Schools again, for the 2002-2003 school year, in September of 2002.

40.     Defendant Gregor was hired by Defendant Vickie Sewing at Agua Fria Elementary in Santa Fe, and he began teaching the fourth grade there in August of 2001.

41.     Defendant Gregor received positive evaluations during his first year at Agua Fria Elementary.

8

42.     In June of 2003, Defendant Sewing gave Defendant Gregor a completely positive evaluation, rating him as meeting or exceeding expectations in every instance.

43.     On January 28, 2004, Aurelia Gonzales, Director of Education at the Museum of International Folk Art, notified Defendant Sewing, by telephone and email, that docents at the museum observed inappropriate behavior by Defendant Gregor with his students during a field trip to the museum on January 27, 2004.

44.     Docents observed and reported Defendant Gregor, while at the museum on the field trip with his students: "fondling girls," sitting with girls on his lap, and falling asleep with two of the girls sitting so close to him that he woke because they had to shift positions.

45.     Defendant Sewing spoke directly with the docents, verifying their observations.

46.     Defendant Sewing informed Diane Sparago, Chief Human Resources Officer for Defendant SFPS, and Defendant Gregor was placed on administrative leave by Defendant SFPS on February 3, 2004.

47.     Per Diane Sparago, Defendant Sewing and a staff member with Human Resources, Angela Montoya, began interviews of Defendant Gregor's students.

48.     The information relayed by the students during those interviews included: Defendant Gregor only gets mad at the boys in his class; he hugs the girls in his class 'all the time;' he sat some of the girls in his class on his lap; he tickled the girls, including tickling them on their 'stomachs,' and they would wiggle and laugh; he 'squished' the girls when he played basketball with them; he gave 'raspberries' to the kids when they were 'bad;' and he gave gifts to at least one girl in his class, including a 'heart with kisses and hugs.'

9

49.     No arrangements were made for forensic interviews of the students. None of
this information was reported to the Children Youth and Families Department (CYFD) or to
law enforcement by Defendant Sewing or any other representative of Defendant SFPS.

50.     Despite the fact that Defendant Sewing herself found the described behavior to
be cause for "serious concerns," and "believe[d] this may well be 'grooming' behavior on the
part of Dr. Gregor," she did not report any of these concerns to CYFD or to law enforcement,
nor did anyone else involved in or aware of this investigation make any report to CYFD or to
law enforcement.

51.     Defendant SFPS (through Superintendent Dr. Gloria Rendon) decided to serve
Defendant Gregor with a notice of discharge.

52.     Subsequent to this decision, the parents of Defendant Gregor's students were
notified that Defendant Gregor would not be returning to the classroom.

53.     The parents of three of the children (including two of the girls who reportedly
were the objects of much touching by Defendant Gregor) "had serious concerns for their
children, for their education and for their safety and mental well-being."

54.     The parents of the two girls "were also concerned that perhaps there was more
happening than their children had told [Defendant Sewing] or were telling [them]."

55.     Arrangements were made for sessions with the school counselor, and a referral
was provided to private counseling for one of the girls, but the girls were still not referred for
a professional forensic interview and still no referral was made to CYFD or to law
enforcement for further investigation.

10

56.     In March of 2004, a request was made to the Santa Fe Rape Crisis Center, not
to conduct forensic interviews but to teach an instructional unit called "'Project Aware' to
help students understand good touch/bad touch, and about boundaries and their bodies."

57.     On May 6, 2004, Helen Nakdimen of the Santa Fe Rape Crisis Center wrote a
letter to Defendant Sewing describing what Defendant Gregor's students disclosed to her on
April 13, 2004, and April 27, 2004, during the "Project Aware" presentations. Specifically,
she described the students revealing to her that:

a.      Defendant Gregor would hold girls in his lap and tickle them, during which
        they felt his "boner," "his thing was sticking up," and it was "nasty!"

b.      Defendant Gregor would make boys wait an hour before allowing them to go
        to the bathroom.

c.      Defendant Gregor would threaten boys with permanent loss of recess and
        force them to give him their snacks.

d.      Defendant Gregor preferred two little blonde girls in particular, and asked one
        of them to meet him alone in the classroom; when she brought a friend with
        her because she felt uncomfortable, he became angry with her.

e.      Defendant Gregor would slam doors, throw papers off his desk, and verbally
        threaten his students.

f.      Defendant Gregor said he was an acupuncturist, brought needles to class, used
        them on himself, dared his students to do it to themselves, and told them to
        call him "Dr. Gregor."

11

58. An interview of a parent corroborated that Defendant Gregor had female students in his class sit on his lap, that he demonstrated some kind of injections for his class, and that he favored the girls (especially the two blonde girls) to the boys in his class.

59. Still, none of this was reported to CYFD or to law enforcement by Defendant Sewing or Defendant SFPS, and none of the students were referred for a forensic interview.

60. On February 26, 2004, Defendant SFPS reported, in writing, to the New Mexico Public Education Department (*hereinafter* PED), that an investigation corroborated inappropriate physical contact between Defendant Gregor and his female students.

61. Defendant Gregor responded to the allegations, and included his response in a letter to the PED on April 8, 2004, prior to his decision to agree to resign.

62. At no time did Defendant Sewing, or any other employee of Defendant SFPS, report Defendant Gregor's alleged sexual abuse of minor students to CYFD or to law enforcement, contrary to statutory and common law obligations to report. NMSA 1978, § 32A-4-3(A) (2005); *State of New Mexico v. Strauch*, 2013 WL 5798553, \*6, {19}.

63. Upon learning of the information obtained by the Santa Fe Rape Crisis personnel, Defendant Gregor decided to forego a "due process discharge hearing," and instead "agreed to resign from his position with" Defendant SFPS.

64. Defendant SFPS negotiated an agreement with Defendant Gregor.

65. This agreement was executed by Defendant SFPS (through Superintended Dr. Gloria Rendon) and Defendant Gregor on June 15, 2004.

66. The agreement was entitled "Resignation and Full and Final Agreement and Release of All Claims," and it provided:

a. Defendant Gregor would resign his employment with Defendant SFPS.

12

b.  Defendant Gregor would agree to withdraw his request for a hearing before the
    School Board of Defendant SFPS.

c.  Defendant Gregor would "not apply for nor accept employment by
    [Defendant] SFPS."

d.  Defendant Gregor released Defendant SFPS from any potential civil claims he
    might bring against it.

e.  Defendant "SFPS District will give a neutral reference to all persons who
    make inquiry as to Mr. Gregor's employment with the District which shall
    consist of the dates of employment, job titles, and rates of pay."

67.  Defendant SFPS, therefore, agreed with Defendant Gregor that if any other
school district contacted Defendant SFPS about hiring Defendant Gregor as a teacher,
Defendant SFPS would not provide that school district with any information about Defendant
Gregor's sexual abuse of his students.

68.  A review by the Educators Ethics Bureau verified inappropriate sexual contact
of minor students as well as sexual harassment of minor students, along with other ethical
violations, by Defendant Gregor.

69.  Based on this review, the PED executed a formal written reprimand of
Defendant Gregor on May 13, 2005, to be placed permanently in Defendant Gregor's
licensure file with the PED.

70.  This formal reprimand documented the Educators Ethics Bureau's findings of
sexual contact and sexual harassment by Defendant Gregor towards his students, along with
other ethical violations.

13

71.    Information was posted on the NASDTEC Clearinghouse, providing information to potential employers that a "Public Reproval or Formal Reprimand" had been issued against Defendant Gregor; that Defendant Gregor would "retain [his] license/certificate in [New Mexico]; that the "action [was] based upon sexual misconduct that did not result in a criminal conviction;" and that "the action [was] based upon non-sex related acts or crimes committed against a child."

## III.   DEFENDANT GREGOR'S EMPLOYMENT BY DEFENDANT EPS

72.    Public records indicate Defendant Gregor was hired by Defendant EPS on January 10, 2005, but he did not enter a classroom or begin teaching students until the following school year.

73.    Defendant Montoya was the principal at Fairview Elementary School in Espanola, where Defendant Gregor began teaching second grade in August of 2006.

74.    According to Defendant Montoya, she and her husband became friends with Defendant Gregor and his wife beginning in August of 2006.

75.    Defendant Montoya and her husband went to the home of Defendant Gregor and his wife for meals, and had Defendant Gregor and his wife over to their home for meals.

76.    Defendant Montoya's husband and Defendant Gregor spent a great deal of time together attempting to complete a math and science master's degree program, working together after school hours and on Saturdays.

77.    Defendant Montoya stated she visited Defendant Gregor's classroom about every other week, in addition to conducting three yearly in-class evaluations, and occasionally visiting his classroom to discipline students.

14

78.     According to Defendant Montoya, an art teacher named "Ms. Lorraine" reported to her, during the 2006-2007 school year, that Defendant Gregor had one of his female students, in his second grade class, sitting by him the entire time the other students were engaged in an art project, and that he would not let the little girl participate in the art activity.

79.     According to Defendant Montoya, she called her "supervisor" (who she believes was Dr. Cockerham at the time) and they conducted an investigation, during which they issued a "letter of leave" to Defendant Gregor.

80.     When the student was questioned, she reported that she was "the president and she always sat there."

81.     According to Defendant Montoya, the parents of the girl "didn't believe anything of what [she] was saying because Dr. Gregor was their friend and they have invited him into their home."

82.     Apparently, the little girl, in second grade, was not sent for a forensic interview, and Defendant Montoya did not notify CYFD or law enforcement, nor did any other employee or agent of Defendant EPS notify CYFD or law enforcement.

83.     According to Defendant Montoya, she conferred with her supervisor and brought Defendant Gregor back to the school to resume teaching the day after she talked to the parents of the little girl.

84.     Defendant Montoya claims that she told Defendant Gregor "to please stop having presidents in that classroom," to "refrain himself from any children being around his desk," and "to allow the child to participate in any activities, being art or whatever."

85.     According to Defendant Montoya, "that was the extent of that one."

15

86.     Defendant Montoya testified that Defendant Gregor stopped that behavior, as requested, for the remainder of that school year, and "we didn't never have another problem in second grade with that."

87.     Dr. Fidel Trujillo testified that Defendant Montoya informed him "that after she gave [Defendant Gregor] a directive not to have the officers sitting next to him, for a period of time he complied, but that she then observed that he was back in the practice of having the officers sit up next to his table."

88.     Lorraine Hyde, at that time, worked for Fine Arts for Children and Teens, and through that organization taught art at Fairview Elementary School in Espanola.

89.     According to Ms. Hyde, she informed Defendant Montoya, in the fall of 2006, that she had observed several things about Defendant Gregor's classroom and his conduct towards a female student which caused her great concern, including:

a.      Defendant Gregor kept all the blinds in his classroom closed.

b.      Defendant Gregor had a female student, J, seated in a desk located next to him, hidden from view behind his desk, leg to leg, so close that her desk touched his chair.

c.      Defendant Gregor challenged Ms. Hyde when she made a move to open the blinds.

d.      When Ms. Hyde asked why J was sitting so close to him, Defendant Gregor responded that J was the President, so she was required to sit next to him.

e.      When Ms. Hyde gathered all the students near the blackboard to begin the art lesson, Defendant Gregor would not let J join the other children, stating that she "stays with me."

16

f. Ms. Hyde protested that J needed to join the others to participate in the lesson, and eventually Defendant Gregor relented.

g. J briefly joined the other students, then returned to her seat next to Defendant Gregor after the demonstration.

h. The students then gathered around tables to work on art projects, and, again, Defendant Gregor refused to let J leave his side, stating "she can't do that she sits by me."

i. Again, Ms. Hyde insisted, and J came out from behind Defendant Gregor's desk, but she seemed to be cowering and reluctant to do so.

j. The other students seemed to be afraid for J, and began explaining to Ms. Hyde that J had to stay behind the desk, next to Defendant Gregor, because she was the President.

k. J sat down, but she sat down facing Defendant Gregor and put her feet up on her chair, with her knees bent. She was wearing a dress.

l. Defendant Gregor then came directly over to J, put his body up against hers, and began speaking to her about what she was going to do.

m. Observing sexualized behavior on the part of J, and the possessive, sexual, and utterly inappropriate conduct of Defendant Gregor towards J, Ms. Hyde tried to defuse the situation by moving J to a different part of the table.

n. Defendant Gregor continued to stand near J, repeatedly touching her, placing his hands on her arms and shoulders, as J behaved in a way that seemed unwell, and repeatedly showed Defendant Gregor her art work.

17

90. According to Ms. Hyde, she reported all of these observations, immediately following her instruction in Defendant Gregor's classroom, to Defendant Montoya.

91. According to Ms. Hyde, Defendant Montoya told her that she had previously "warned [Defendant Gregor] that if he kept closing the blinds and keeping that student's desk behind his that people would ask questions."

92. Ms. Hyde was so disturbed by this and by what she observed that she told Defendant Montoya that Defendant Montoya needed to call law enforcement and the parents of J immediately.

93. When Ms. Hyde returned to Defendant Gregor's classroom the following week, she observed that the blinds were still closed; J's desk was still next to Defendant Gregor's chair, behind his desk; and that the behaviors between J and Defendant Gregor were similar to the behaviors from her first experience in his classroom.

94. Defendant Montoya then called Ms. Hyde into her office, with Defendant Gregor present, and told Ms. Hyde that she had informed Defendant Gregor about Ms. Hyde's concerns.

95. Defendant Gregor then challenged Ms. Hyde, and told her that he was good friends with J's parents, so Ms. Hyde had nothing to worry about.

96. Ms. Hyde felt like she was in jeopardy, and she stated to both Defendant Gregor and Defendant Montoya that she wanted the police to be called, and that she wanted her report to Defendant Montoya to be documented and dated.

97. No one from law enforcement or CYFD ever contacted Ms. Hyde.

18

98.     Defendant Gregor continued the practice of closing his blinds and seating female students next to him during and throughout the 2007-2008 school year, during which he taught fourth grade at Fairview Elementary School.

99.     Jennifer Chavez was an Educational Assistant who worked at the Fairview Elementary School in Espanola contemporaneously with Defendant Gregor.

100.    During the 2007-2008 school year, she observed Defendant Gregor routinely sitting between two girls in the cafeteria, with his hands constantly underneath the table.

101.    Plaintiff KS, female student VS, and female student NH were the three girls who he sat next to in the cafeteria, placing himself between two of them.

102.    Ms. Chavez also observed that Defendant Gregor would hold the hands of two of those same three girls as he traveled between the cafeteria and his classroom with his students.

103.    Ms. Chavez found this behavior disturbing and reported it to Defendant Montoya within a few days of observing the behavior.

104.    Defendant Montoya said she would talk to Defendant Gregor.

105.    Defendant Montoya claims that if Ms. Chavez reported to her that Defendant Gregor held the hands of female students walking to and from the cafeteria, or sat next to his female students in the cafeteria with his hands constantly under the table, she has forgotten about that report.

106.    Defendant Montoya acknowledges she received "one complaint about [Defendant Gregor] always sitting on the side of the girls" when eating with his students in the cafeteria, and stated she "did ask him not to sit on the side of the girls so there wouldn't be any problem."

19

107. While Defendant Montoya denies that Ms. Chavez reported to her that Defendant Gregor held the hands of female students while walking to and from the cafeteria, Defendant Montoya clarifies that she in fact knew that Defendant Gregor held the hands of female students walking to and from the cafeteria, based on her own observations.

108. Defendant Montoya testified that she "told him to stop it, and he did."

109. During the 2007-2008 school year, Ms. Chavez's daughter was a student in June Madrid's Fourth Grade class at Fairview Elementary.

110. Ms. Madrid's students would go to Defendant Gregor's classroom for science lessons.

111. Defendant Gregor's students would come to Ms. Madrid's classroom for Spanish lessons.

112. One day, Ms. Chavez's daughter reported that Defendant Gregor told her "it's OK for an older man to marry a 12-year old girl," and that it was also acceptable for a man "to have more than one wife."

113. Ms. Chavez in turn reported these statements by Defendant Gregor to Ms. Madrid.

114. Ms. Madrid said she had "heard things too," and that she was going to inform Defendant Montoya that she was not going to exchange students with Defendant Gregor any longer.

115. Ms. Chavez also reported these concerning comments to Defendant Montoya the day after her daughter told her about them.

116. Defendant Montoya responded that she would talk to Defendant Gregor.

20

117. Defendant Montoya acknowledges that Ms. Chavez came to her with a complaint about Defendant Gregor, but she claims that Ms. Chavez reported Defendant Gregor had told his class that, during war, "the women stayed behind to have babies."

118. Ms. Madrid later reported to Ms. Chavez that Defendant Montoya stated the exchange of classes had to continue "because of bilingual."

119. However, at some point that year, the exchange of students between Ms. Madrid and Defendant Gregor ceased.

120. Ms. Chavez's daughter also reported to her mother that Defendant Gregor would throw unwrapped candy to the girls in class and tell them to "come sit by me."

121. Ms. Chavez reported this concerning behavior to Defendant Montoya.

122. Defendant Montoya responded that she would talk to Defendant Gregor.

123. Sometime after Ms. Chavez expressed her concerns to Defendant Montoya, Defendant Gregor stopped speaking to Ms. Chavez.

124. This was approximately two months or so prior to school personnel engaging in preparations for the winter break during the 2007-2008 school year.

125. According to Ms. Chavez, Defendant Montoya was not responsive to the concerns she expressed about Defendant Gregor.

126. There is no record of Defendant Montoya taking any action whatsoever with respect to this information, except, perhaps, discussing the matter with Defendant Gregor.

127. Defendant Montoya never reported any of these concerns to CYFD or to law enforcement, contrary to her statutory and common law obligation to do so. NMSA 1978, § 32A-4-3(A) (2005); *State of New Mexico v. Strauch*, 2013 WL 5798553, \*6, {19}.

21

128.    During the 2007-2008 school year, Defendant Gregor had Plaintiff KS in his
fourth grade class, along with at least two other girls whom he victimized, namely VS and
NH.

## A.    DEFENDANT GREGOR'S SEXUAL ABUSE OF STUDENT VS

129.    According to VS (described as Student C during the PED hearing) and her
mother, VS's mother discovered Defendant Gregor was calling her daughter, from a
telephone with a long-distance (310) area code, on a daily basis, sometimes many times a
day.

130.    Once VS's mother became aware of this, she would answer the telephone
when Defendant Gregor called.

131.    Defendant Gregor offered to buy VS her own cellular telephone, but the
mother of VS refused this offer.

132.    Also during that year, the mother of VS discovered that Defendant Gregor was
giving her daughter gifts, such as candy, art supplies, teddy bears, and a large pillow book.

133.    At some point during that year, VS's mother became aware that Defendant
Gregor had twice, to her knowledge, asked VS to spend the night at his home.

134.    During (or proximate to) April of 2008, VS came home crying. Her mother
asked her what was wrong and observed that VS was very scared. She told her mother "she
had to tell [her] something, but that it was very ugly." After much persuasion, VS told her
mother that Defendant Gregor had been touching her "in her private parts," and that he had
been doing this for a long time.

135.    VS went on to tell her mother that Defendant Gregor was also touching her
friends, including Plaintiff KS.

22

136. That same day, VS's mother went to Defendant Montoya about this, reported all of the misconduct, including the gifts, the invitations, the telephone calls, and the touching, and told Defendant Montoya that she was going to go to the police.

137. Defendant Montoya acknowledged that the mother of VS (Student C) reported to her, in April of 2008, "that Dr. G. [Defendant Gregor] had touched her [VS] in her private parts."

138. According to the mother of VS, Defendant Montoya told her not to report Defendant Gregor's actions to the police because she, Defendant Montoya, would "take care of it."

139. Defendant Montoya acknowledges that the mother of VS "said that if [Defendant Montoya] didn't do something about it, [the mother of VS] would go to the police."

140. Defendant Montoya denies telling the mother of VS not to go to the police.

141. At that time, nobody reported anything to the police, or to CYFD. Defendant Montoya did not report these allegations to CYFD, and neither did any other employee of Defendant EPS.

142. Defendant Montoya told the mother of VS that other students had also complained that Defendant Gregor had touched them.

143. Defendant Montoya told the mother of VS that she would report this to the Superintendent of Defendant EPS.

144. There is no record of Defendant Montoya taking any action whatsoever with respect to these allegations, except, perhaps, talking to Defendant Gregor.

23