IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

v.   Case No. 1:14-cv-385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

## MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY ON THE BASIS OF QUALIFIED IMMUNITY

COME NOW Defendants Santa Fe Public Schools and Vickie L. Sewing, by and through their attorneys of record, Brown Law Firm, Brown and Gurulé, by Desiree D. Gurulé and Keya Koul, and hereby submit their memorandum in support of their motion to stay discovery.

## INTRODUCTION

Defendants Santa Fe Public Schools and Vickie L. Sewing, have filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), in which the defense of qualified immunity is asserted on behalf of Defendant Sewing. Since the defense has been raised, Defendant Sewing is entitled to a determination of the qualified immunity question before assuming the burdens of discovery and litigation. Defendant Sewing is entitled to an Order staying discovery until such time as the qualified immunity issue is resolved.

**DISCUSSION**

The purpose of the qualified immunity defense is to protect public officials performing discretionary functions from the burdens, not only of trial, but of discovery as well. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). "A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." *Gallegos v. City and County of Denver,* 984 F.2d 358, 361 (10th Cir.1993). Accordingly, when the defense is raised by way of a Motion to Dismiss, the Court should stay all discovery until the immunity issue is resolved. *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

Qualified immunity not only protects governmental employees who perform discretionary functions from liability, but also protects them from the burdens of trial, including discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)).

Prior to the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009), there remained a question of what to do when some Defendants were entitled to assert the qualified immunity defense and others were not. The Supreme Court answered that question. The *Iqbal* Court determined that all discovery must be stayed. The high Court reasoned that those defendants who were entitled to assert the defense would nonetheless be brought into the discovery fray if any discovery was permitted. *Iqbal,* 556 U.S. at 685-86. This is so because those qualified immunity defendants would have to participate in the ongoing discovery process, meet with counsel, review discovery served on non-qualified immunity defendants, and participate in depositions to protect their individual positions and

defenses.  In doing these things, those qualified immunity defendants would, of necessity, lose the very benefit of the immunity defense.

The stay of discovery is likewise consistent with the Civil Justice Reform Act (CJRA) 28 U.S.C. § 471.  The costs-savings provisions of the CJRA are designed to reduce the costs of litigation and expedite the disposition of the case.  Here, Defendants' Motion raises a dispositive issue.  Thus, under the CJRA, it is appropriate for the Court to first consider and rule on Defendants' Motion.

## CONCLUSION

For all of the foregoing reasons, Defendants Santa Fe Public Schools and Vickie L. Sewing respectfully request that the Motion to Stay Discovery be granted, and that discovery be stayed pending resolution of the qualified immunity issue.

Respectfully submitted:

*BROWN LAW FIRM*
*BROWN & GURULÉ*

*Keya Koul 06/05/14*
KEYA KOUL
Attorney for Defendants
Santa Fe Public Schools
Vickie L. Sewing
2901 Juan Tabo NE, Suite 208
Albuquerque, New Mexico  87112
(505) 292-9677
keya@brownlawnm.com

I HEREBY CERTIFY that on this 5th day of June, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Carolyn M. "Cammie" Nichols
>cmnichols@rothsteinlaw.com
>
>Brendan K. Egan
>bkegan@rothsteinlaw.com
>
>Jerry A. Walz
>jerryawalz@walzandassociates.com
>
>Henry Narvaez
>hnarvaez@narvaezlawfirm.com

*/s/ Keya Koul*
Keya Koul