**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**K.S., by and through her parents and next friends,**
**T.S. and A.R.,**

      **Plaintiff,**

**vs.**                           **Case No. 2014-CV-00385 SCY/KBM**

**THE SANTA FE PUBLIC SCHOOLS;**
**VICKIE L. SEWING, in her individual capacity;**
**THE ESPANOLA PUBLIC SCHOOLS;**
**RUBY E. MONTOYA, in her individual capacity;**
**GARY F. GREGOR, in his individual capacity;**

**Defendants.**

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

      Pursuant to FED. R. CIV. P. 26(f), a meeting was held on June 18, 2014 via telephone and

was attended by:

*Attorneys for Plaintiff:*

Carolyn M. "Cammie" Nichols
Brendan K. Egan (not present for meeting)
Rothstein, Donatelli, Hughes, Dahlstrom,
  Schoenburg & Bienvenu, LLP
500 4th Street NW, Suite 400
Albuquerque, NM 87102
505-243-1443
cnichols@rothsteinlaw.com
bkegan@rothsteinlaw.com

*Attorney for Espanola Public Schools and Ruby E. Montoya:*

Jerry A. Walz
Walz and Associates, P.C.
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com

***Attorneys for Santa Fe Public Schools and Vickie L. Sewing:***

Desiree D. Gurule
Daniel J. Macke (not present for meeting)
Brown Law Firm
2901 Juan Tabo NE, Suite 208
Albuquerque, NM  87112
(505) 292-9677
desiree@brownlawnm.com
dan@brownlawnm.com

***Attorneys for Defendant Gary F. Gregor:***

Henry F. Narvaez
Carlos E. Sedillo
Narvaez Law Firm, P.A.
P.O. Box 25967
Albuquerque, NM  87125-0967
(505) 248-0500
hnarvaez@narvaezlawfirm.com

## NATURE OF THE CASE

This suit is brought by Plaintiff K.S., a minor, by and through her parents, T.S. and A.R., against Defendants, Santa Fe Public Schools ("SFPS"), Vickie Sewing, Espanola Public Schools ("EPS"), Ruby E. Montoya and Gary F. Gregor, a former school teacher at SFPS and EPS.  Plaintiff alleges that Gary Gregor groomed, inappropriately touched, and sexually assaulted her during her fourth grade year when she was an EPS student.  Plaintiff K.S. brings her claims pursuant to the U.S. Constitution, the Civil Rights Act (42 U.S.C. § 1983), Title IX (20 U.S.C. §§ 1681), the New Mexico Tort Claims Act (NMSA 1978, § 41-4-1, *et seq*.), and New Mexico common law.

Defendants specifically deny Plaintiff's allegations of unlawful conduct and assert various affirmative defenses.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

**Plaintiff intends to file**:          None at this time.

**Defendant Gregor intends to file**:  None at this time.

**Defendants Española Public Schools and Ruby E. Montoya** do not anticipate amending their pleadings or joining additional parties at this time.

**Defendants SFPS and Ms. Sewing** intend to file: No amendments anticipated at this time.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District, and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: those admitted in the pleadings.

The parties further stipulate and agree that the law governing this case, if applicable, is: The Civil Rights Act (42 U.S.C. § 1983), Title IX (20 U.S.C. § 1681), the New Mexico Tort Claims Act (NMSA 1978, § 41-4-1, *et seq.*), and New Mexico common law.

The parties are willing to stipulate to any facts alleged in the complaint or any amendment thereto which all named Defendants have admitted in their answers or amendments thereto.

## PLAINTIFF'S CONTENTIONS

Plaintiff contends that Defendant Gregor sexually molested her throughout her fourth grade year while she was a student of EPS at Fairview Elementary School. Defendant Gregor forced her, and other female students, to sit next to him as the class 'secretary.' He repeatedly fondled her, and the other girls, both over and under their clothing. Plaintiff describes this touching in some detail in her First Amended Complaint. A review of Defendant Gregor's background, based on public records, illustrates a suspect history, replete with allegations of sexual abuse of

3

his female students in Utah, then on into New Mexico. Plaintiff contends that he never should have been hired by Defendant SFPS and Defendant Sewing, based solely on that public information. Plaintiff believes that there is likely additional evidence of his pedophilic proclivities which was or should have been available to Defendant SFPS and Defendant Sewing which may be revealed during discovery.

Plaintiff's First Amended Complaint is based upon extensive public records, all of which have been provided as disclosures to Defendants. It is apparent solely through the information in those public records that Defendant SFPS and Defendant Sewing should have reported Defendant Gregor to law enforcement or to CYFD, or both, for his sexual abuse of his minor female students while a teacher at Defendant SFPS. Defendant SFPS and Defendant Sewing apparently failed to report Defendant Gregor's criminal conduct, allowed Defendant Gregor to resign, and agreed to provide him with a neutral recommendation, thereby affirmatively contributing to his subsequent employment by Defendant EPS and his subsequent sexual molestation of Plaintiff.

Defendant EPS and Defendant Montoya should never have hired Defendant Gregor, even regardless of the actions of Defendant SFPS and Defendant Sewing. Once he slipped into his job as a teacher at Defendant EPS, his pedophilic predation of students continued. Defendant Gregor's sexual victimization of his female students should have been obvious to and stopped by Defendant EPS and Defendant Montoya well before he sexually abused Plaintiff. Plaintiff believes that there is additional information, over and above that available in the public record, which will provide even more evidence that Defendant EPS and Defendant Montoya should have notified law enforcement or CYFD of Defendant Gregor's sexual abuse of his female students, and should have taken action to remove Defendant Gregor from the classroom well before he preyed upon Plaintiff.

There is sufficient information in the public record as reiterated by the First Amended Complaint in this case to substantiate and prove all of Plaintiff's claims against the various Defendants, but Plaintiff believes there is additional information which will be uncovered during discovery in this matter to support her claims. The record as it stands (and as it will presumably further develop) supports a potential award of significant punitive damages against the individual defendants under Plaintiff's Civil Rights claims.

## DEFENDANT GREGOR'S CONTENTIONS

Defendant Gregor denies the allegations in Plaintiff's First Amended Complaint.

## DEFENDANTS ESPAÑOLA PUBLIC SCHOOLS
## AND RUBY E. MONTOYA'S CONTENTIONS

These defendants contend that Gary Gregor was properly supervised during his time as a teacher within the Española Public School District.

Defendant Montoya was diligent in her supervision of Mr. Gregor, and reviewed and/or investigated any complaint made against him.

None of Mr. Gregor's actions placed them on notice that he was acting in an appropriate manner toward KS or anyone else.

Nothing in Mr. Gregor's background history known to the Española School District precluded his employment.

These Defendants are without sufficient information or knowledge to formulate an opinion as to whether or not Mr. Gregor acted in an inappropriate manner toward K.S.

## DEFENDANTS' SFPS AND SEWING'S CONTENTIONS

Defendants SFPS and Sewing deny Plaintiff's contentions of wrongdoing, have filed a Motion to Dismiss [Doc. 19] and a Motion to Stay Discovery [Docs. 19-20], and have asserted the following affirmative defenses:

1.      Plaintiff fails to state a claim for relief which may be granted;

2.      Plaintiff's complaint was not timely filed and is barred by the statute of limitations;

3.      Plaintiff's claims should be barred because of lack of standing.

4.      Defendants did not breach any duty owed to Plaintiff in this action;

5.      Punitive damages are not recoverable for all or part of Plaintiff's claims;

6.      Plaintiff has failed to mitigate any of the damages alleged in her Complaint;

7.      Defendants were not the proximate cause of Plaintiff's alleged injuries;

8.      Plaintiff's claims should be barred because of an independent intervening cause;

9.      Defendants are entitled to qualified immunity for some or all of Plaintiff's claims in this matter;

10.     There is no waiver of immunity for some or all of Plaintiff's state law claims under the New Mexico Tort Claims Act, NMSA 1978 Section 41-4-1 et seq.;

11.     At all times relevant hereto, Defendants' actions did not amount to deliberate indifference to the welfare of the students;

12.     Plaintiff has failed to demonstrate that Defendants' conduct rose to the level necessary to establish a violation of any statutory or constitutional right;

13.     Plaintiff's substantive due process claims are barred because there is not a special relationship under *DeShaney*;

14.     Plaintiff's substantive due process claims are barred because Defendants' actions do not shock the conscience of the court;

15.     To the extent that Plaintiff attempts to state any claims against the Santa Fe Public Schools or any Defendant in their "official capacity" under federal law, then Plaintiff's claims are barred because there is not a pattern of alleged unconstitutional acts and/or deliberate

indifference to Plaintiff's rights, and/or by the authorization or approval of the alleged unconstitutional acts by the adoption and/or implementation of an official plan or policy;

16.     There is no respondeat superior liability under 42 U.S.C. Section 1983;

17.     Defendants affirmatively state that if they were at fault in any respect, which is specifically denied, the fault of all persons and entities must be considered, and liability apportioned among all persons and entities at fault;

18.     Plaintiff has not provided notice as required by the Tort Claims Act.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**Instructions:**

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**A.** List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

**B.** List all documents which you believe, at this time, will be exhibits at the trial.

**C.** List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

## DISCOVERY PLAN

**Plaintiff's Proposed Discovery:**     Plaintiff plans to undertake standard discovery which will include Interrogatories, Requests for Admission, Requests for Production, Deposition of Defendants and other key witnesses and experts.

**Defendant Gregor's Proposed Discovery**

Defendant Gregor will submit written discovery to Plaintiffs and will depose Plaintiffs, Plaintiffs' expert witnesses, other witnesses with information or knowledge pertaining to Plaintiffs' claims, and other witnesses who may be identified by Plaintiffs. Areas of discovery will include Plaintiffs' education history, psychological/medical condition, lack of damages, and all other areas appropriate in defending this lawsuit.

**Defendants Espanola School District and Ruby Montoya's Proposed Discovery**

The Española School District and Ruby E. Montoya plan to undertake standard discovery which will include the following:

1. Interrogatories
2. Requests for Admission
3. Requests for Production
4. Deposition of Plaintiff
5. Deposition of key fact witnesses
6. Depositions of Plaintiff's experts

**Defendants' SFPS and Sewing's Proposed Discovery:**

Defendants SFPS and Sewing have filed a Motion to Dismiss [Doc. 19] and a Motion to Stay Discovery [Docs. 19-20] and request that a ruling be entered on those motions prior to the Court requiring these Defendants to participate in discovery in this matter. However, counsel for these Defendants has attended the Fed.R.Civ.P. 26(f) conference and will provide initial disclosures and potential witness information upon receipt of a ruling by the Court regarding their pending Motions to Dismiss and to Stay Discovery. Defendants SFPS and Sewing anticipate that discovery will needed regarding all allegations made by Plaintiffs, asserted damages, and any attempts made to mitigate claimed damages.

A.    **WITNESSES**

**Plaintiffs' Witnesses**

1.    K.S.
      Identified as Student B during PED hearing
      c/o Carolyn M. "Cammie" Nichols and Brendan K. Egan
      Rothstein Law Firm

      Plaintiff may testify as to the allegations contained in her Complaint, the abuse by
      Defendant Gary Gregor, all events leading up to the incident(s) and her damages
      referred to in her Complaint.

2.    T.S. – Father of K.S.
      c/o Carolyn M. "Cammie" Nichols and Brendan K. Egan
      Rothstein Law Firm

      T.S. may testify as to his knowledge of the allegations contained in the
      Complaint, and the damages Plaintiff K.S. has incurred.

3.    A.R. – Mother of K.S.
      c/o Carolyn M. "Cammie" Nichols and Brendan K. Egan
      Rothstein Law Firm

      A.R. may testify as to her knowledge of the allegations contained in the
      Complaint, and the damages Plaintiff K.S. has incurred.

4.    Vickie L. Sewing
      c/o her counsel Desiree Gurule and Daniel Macke
      The Brown Law Firm

      Defendant may testify as to her knowledge of the allegations contained in
      Plaintiff's Complaint.

5.    Gary F. Gregor
      c/o his counsel Henry F. Narvaez
      The Narvaez Law Firm

      Defendant may testify as to his knowledge of the allegations contained in
      Plaintiff's Complaint.

6.    Ruby E. Montoya
      c/o her counsel Jerry A. Walz
      Walz and Associates

      Defendant may testify as to her knowledge of the allegations contained in
      Plaintiff's Complaint.

7.    Judith Gregor
      Wife of Defendant Gregor and volunteer in his class at E.T. Salazar Elementary
      P.O. Box 388
      Espanola, NM  87532

      Ms. Gregor may testify as to her knowledge of the allegations contained in
      Plaintiff's Complaint.

9.    Jennifer Chavez, Teacher
      Espanola Public Schools
      714 Calle Don Diego
      Espanola, NM  87532
      505-367-3321

      Ms. Chavez may testify as to her knowledge of the allegations contained in
      Plaintiff's Complaint.

10.   June Madrid, Teacher
      Espanola Public Schools
      714 Calle Don Diego
      Espanola, NM  87532

      Ms. Madrid may testify as any knowledge she may have concerning the
      allegations contained in Plaintiff's Complaint.

11.   Veronica Dean, Librarian
      E.T. Salazar
      Address unknown

      Ms. Dean may testify as to her knowledge of the allegations contained in
      Plaintiff's Complaint.

12.   N.H.
      Identified as Student A during PED hearing
      1043 B Calle Sin Nombre
      Espanola, NM  87532

      N.H. may testify to her knowledge of the allegations contained in Plaintiff's
      Complaint.

13.   B.R.
      Mother of N.H.
      1043 B Calle Sin Nombre
      Espanola, NM  87532

B.R., mother of N.H. may testify as to her knowledge of the allegations contained in Plaintiff's Complaint, and as to her and her family's interactions with Defendant Gregor and his wife Judith.

14. V.S.
Identified as Student C during PED hearing
Post Office Box 4038
Fairview, NM 87533
505-929-0991

V.S. may testify to her knowledge of the allegations contained in Plaintiff's Complaint and her interviews with the PED and Safehouse.

15. V.S. Mother of V.S.
Post Office Box 4038
Fairview, NM 87533
505-929-0991

V.S. may testify as to her knowledge of the allegations contained in Plaintiff's Complaint.

16. Jimmy Montoya
Teacher and husband of Ruby Montoya
853 S. 3rd Street
Santa Rosa, NM  88435

Mr. Montoya may testify as to his knowledge of the allegations contained in Plaintiff's Complaint and his friendship with Defendant Gregor.

17. Bryan L. Martinez, Detective
Criminal Investigations Division
Espanola City Police Department
411 N Paseo De Onate
Espanola, NM  87532
505-753-5555

Detective Martinez may testify as to his knowledge of the allegations contained in Plaintiff's complaint and his investigation of the allegations.

18. Aurelia Gomez, Docent
Museum of International Folk Art
P.O. Box 2087
Santa Fe, NM  87504-2087
505-476-1211
agomez@moifa.org

Ms. Gomez may testify as to what she witnessed on January 29, 2004 concerning the allegations of inappropriate behavior of Gary Gregor at the museum, and the steps she took.

19. Judy Laughlin, Docent
    Museum of International Folk Art
    P.O. Box 2087
    Santa Fe, NM  87504-2087
    505-476-1211

    Ms. Laughlin may testify as to what she witnessed on January 29, 2004 concerning the allegations of inappropriate behavior of Gary Gregor at the museum, and the steps she took.

20. Lois Callaghan, Docent
    Museum of International Folk Art
    P.O. Box 2087
    Santa Fe, NM  87504-2087
    505-476-1211

    Ms. Callaghan may testify as to what she witnessed on January 29, 2004 concerning the allegations of inappropriate behavior of Gary Gregor at the museum, and the steps she took.

21. Corrine Sanchez – Safehouse Interviewer
    f/k/a Brave Voices k/n/a Los Cumbres Safehouse
    404 Hunter Street
    Espanola, NM  87532
    505-753-4123

    Ms. Sanchez may testify as to her knowledge of the allegations contained in Plaintiff's Complaint and the interviews conducted of the minors.

22. Lorraine Hyde
    Physical address unknown
    hydetoys@cybermesa.com

    Ms. Hyde may testify as to her experience in Gary Gregor's classroom, what she witnessed in his classroom, and her statements in her Affidavit.  Additionally, she may testify to any other knowledge she may have concerning the allegations contained in Plaintiff's Complaint.

23. Julia Bergen
    Communities in Schools
    300 Catron Street, Suite A
    Santa Fe, NM  87501
    505-954-1880

Ms. Bergen may testify as to conversations with Lorraine Hyde, her statements in her Affidavit, and any other knowledge she may have concerning the allegations contained in Plaintiff's Complaint.

24.     Angela Montoya
        Santa Fe Public Schools District Offices
        610 Alta Vista Street
        Santa Fe, NM  87505
        505-467-2000

        Ms. Montoya may testify as to her knowledge of the allegations contained in Plaintiff's Complaint, her involvement in the investigation of the allegations made against Gary Gregor at Santa Fe Public Schools.

25.     R.P., former student at Agua Fria Elementary
        Address Unknown

        R.P. may testify as to Defendant Gary Gregor and her experiences as a student in his class.

26.     C.F., former student at Agua Fria Elementary
        Address Unknown

        C.F. may testify as to Defendant Gary Gregor and her experiences as a student in his class.

27.     Plaintiff may depose or call at trial any of the witnesses identified by Defendants, any witnesses identified in disclosures, or any witnesses identified during discovery.

**Defendant Gregor's Witnesses**

1.  Plaintiff K.S., regarding the allegations set forth in the Amended Complaint and all

    other areas appropriate in defending this lawsuit.

2.  Plaintiff T.S., regarding the allegations set forth in the Amended Complaint and all

    other areas appropriate in defending this lawsuit.

3.  Plaintiff A.R., regarding the allegations set forth in the Amended Complaint and all

    other areas appropriate in defending this lawsuit.

4.  Defendant Vickie L. Sewing, contact through undersigned counsel, who may testify

regarding the allegations set forth in Plaintiffs' First Amended Complaint and any defenses thereto, and all other areas appropriate in defending this lawsuit.

5.  Defendant Ruby E. Montoya, contact through undersigned counsel, who may testify regarding the allegations set forth in Plaintiffs' First Amended Complaint and any defenses thereto, and all other areas appropriate in defending this lawsuit.

6.  Any witness identified by the Plaintiff.

7.  Such records custodians as may be necessary.

8.  Any witness necessary for foundation, impeachment, or rebuttal.

9.  Any witnesses identified during discovery.

### Española Public School and Ruby E. Montoya's Witnesses

1.  K/S, c/o Plaintiff's attorney regarding the allegations set forth in the Amended Complaint.

2.  Gary Gregor, c/o Narvaez Law Firm regarding the allegations set forth in the Amended Complaint.

3.  Ruby E. Montoya, c/o Walz and Associates regarding the allegations set forth in the Amended Complaint

4.  Vickie L. Sewing, c/o Brown Law Firm regarding the allegation set forth in the Amended Complaint.

5.  Any witness identified by the Plaintiff.

6.  Any witness identified by co-defendants.

7.  Foundational witnesses as needed.

8.  Expert witnesses who may be disclosed.

9.  Any witnesses identified in discovery.

10. Any witnesses necessary for impeachment or rebuttal.

**<u>Defendants' SFPS and Sewing's Witnesses</u>**

These Defendants have filed a Motion to Dismiss and a Motion to Stay Discovery as of the submission of this JSR to the Court. However, should the Court require these Defendants to participate in the discovery process for this case, Defendants SFPS and Sewing anticipate that the following individuals will either testify or be deposed in this matter:

1. Plaintiff K.S.
   c/o Carolyn M. "Cammie" Nichols
   Brendan K. Egan
   Rothstein, Donatelli, Hughes, Dahlstrom,
   Schoenburg & Bienvenu, LLP
   500 4th St. NW Suite 400
   Albuquerque, NM 87102
   Phone: (505) 243-1443
   cmnichols@rothsteinlaw.com
   bkegan@rothsteinlaw.com

2. Plaintiff T.S.
   c/o Carolyn M. "Cammie" Nichols
   Brendan K. Egan
   Rothstein, Donatelli, Hughes, Dahlstrom,
   Schoenburg & Bienvenu, LLP
   500 4th St. NW Suite 400
   Albuquerque, NM 87102
   Phone: (505) 243-1443
   cmnichols@rothsteinlaw.com
   bkegan@rothsteinlaw.com

3. Plaintiff A.R.
   c/o Carolyn M. "Cammie" Nichols
   Brendan K. Egan
   Rothstein, Donatelli, Hughes, Dahlstrom,
   Schoenburg & Bienvenu, LLP
   500 4th St. NW Suite 400
   Albuquerque, NM 87102
   Phone: (505) 243-1443
   cmnichols@rothsteinlaw.com
   bkegan@rothsteinlaw.com

4. Witnesses identified by Plaintiff;

5. Any witness identified by any other party;

6.     Any witnesses identified during the course of discovery in this matter;

7.     Witnesses necessary for authentication;

8.     Witnesses necessary for rebuttal;

9.     Witnesses necessary for impeachment.

The above witnesses are expected to testify or be deposed concerning their knowledge of the facts and circumstances alleged in Plaintiff's Complaint, any statements or documents they may have written or can authenticate regarding the facts and circumstances alleged in Plaintiff's Complaint. They are also expected to testify, to the extent that they have such knowledge, regarding the damages alleged by Plaintiff in this matter as well as any attempts made to mitigate such alleged damages.

**B.     EXHIBITS**

**Plaintiff's List of Potential Exhibits**

| | | |
|---|---|---|
| 1. | 000003 - 000115 | PED Pleadings related to Gary Gregor |
| 2. | 000116 – 000201 | PED Exhibits related to Gary Gregor |
| 3. | 000202 – 000210 | Safehouse Notes |
| 4. | 000211 – 000246 | Safehouse Interview Transcript of N.H. on 6/4/2009 |
| 5. | 000247 – 000280 | Safehouse Interview Transcript of V.S. on 6/2/2009 |
| 6. | 000281 – 000292 | Gary Gregor Tax, Education, License Docs |
| 7. | 000293 – 000299 | Espanola Police Department report by Bryan Martinez on 4/14/09 – UNREDACTED |
| 8. | 000300 – 000310 | Utah and Davis County School Records on Gary Gregor |
| 9. | 000311 – 000322 | Gary Gregor Licensure Application Docs |
| 10. | 000323 – 000389 | Santa Fe School's Personnel File for Gary Gregor |
| 11. | 000390 – 000395 | Santa Fe School's Docent Reports against Gary Gregor |
| 12. | 000396 – 000400 | Letter to Bennett Bauer from NM PED dated 2/8/2005 |
| 13. | 000401 – 000426 | Espanola School's Termination Documents for Gary Gregor |
| 14. | 000427 – 000440 | Investigation Notes and Materials against Gary Gregor |
| 15. | 000441 – 000475 | School District Interviews of N.H., B.R., Veronica Dean, A.M. and T.S. |
| 16. | 000476 – 000489 | PED Investigation Outline, Interview of Gary Gregor |
| 17. | 000490 | Child Abuse and Sexual Harassment Certificate for Gary Gregor |
| 18. | 000491 – 000500 | Santa Fe Public Schools' IPRA response regarding Gary |

| | | |
|---|---|---|
| | | Gregor complaints |
| 19. | 000501 – 000535 | Safehouse Interview Transcript of H. Sisters on 6/4/2009 |
| 20. | 0000536 | CD – Safehouse Video of N.H. G.H. and K.H. |
| 21. | 000537 | CAD Report for 4/28/11 – 5/5/11to Capshaw Middle School |
| 22. | 000538 – 000923 | PED Hearing Transcript – 12/16/10 |
| 23. | 000924 – 001177 | PED Hearing Transcript – 12/17/10 |
| 24. | 001178 – 001479 | PED Hearing Transcript – 12/20/10 |
| 25. | 001630 – 001641 | Layton City Police Department Records on Gary Gregor |
| 26. | 001642 – 001647 | Utah Professional Practices Advisory Commission (UPPAC) Response to Request on allegations of educator misconduct |
| 27. | 001651 – 001652 | State of Utah v. Gregor, No. 951001061- Charges: Lewdness Involving a Child; Aggravated Sex Abuse of a Child (2 Counts) 1995 |
| 28. | 001653 – 001654 | State of Utah v. Gregor, No. 951000186 – Charges: Lewdness Involving a Child (3 Counts) 1995 |
| 29. | 001655 | Teacher Faces June Lewdness Trial in Layton from Desert News dated 3/22/1995 |
| 30. | 001656 | Montana Public Criminal History Record Search for Gregor |
| 31. | 001657 – 001658 | Security Guard Licensee Details on Gregor |
| 32. | 001659 – 001661 | Santa Fe City Attorney's Office Records on Gregor |
| 33. | 001662 | Safehouse Video of K. S. |
| 34. | 001663 | Safehouse Video of V.S. |
| 35. | 001664 – 001669 | Pojoaque Valley High Records of K.S. |
| 36. | 001670 – 001704 | McCurdy Charter School Records |
| 37. | 001705 – 001708 | PED IPRA Response regarding signed reprimand of Gary Gregor |
| 38. | 001709 – 001716 | Affidavit of Lorraine Hyde |
| 39. | 001717 – 001719 | Affidavit of Julia Bergen |
| 40. | 001720 – 001723 | State v. Jimmy Montoya criminal docket |
| 41. | 001724 – 001726 | Response to Subpoena from CYFD |
| 42. | 001727 – 001728 | Response to request for records from Espanola PD on Gary Gregor – No records |
| 43. | 001729 – 001730 | Santa Fe Police Department records on Gary Gregor |
| 44. | 001731 | IPRA Response from Espanola Public Schools regarding no complaints against Gary Gregor |
| 45. | | Any and all answers to interrogatories, responses to requests for admissions, documents produced in response to requests for production or other materials provided by any party in their disclosure or discovery responses in this case, to the extent and not subject to other objections. |
| 46. | | Exhibits related to Plaintiff's expert witnesses, such as C.V.s and reports. |

**Defendant Gregor's Exhibit List:**

1. Plaintiff's medical, psychological, and educational records as needed.

2. Any exhibits identified by the Plaintiff.

3. Documents obtained during discovery.

4. Experts' C.V., reports and supporting exhibits, if experts are used.

**Defendant Española Public Schools and Ruby E. Montoya's Exhibit List**

1. All records and reports that can be located on K.S. pursuant to an appropriate release and/or confidentiality order.

2. All records and files on Gary Gregor that can be located pursuant to an appropriate release and/or confidentiality order.

3. All records and files on Ruby E. Montoya pursuant to an appropriate release and/or confidentiality order.

4. Policies and procedures of the Española Public Schools that may be identified during the course of the litigation.

5. Any exhibits identified by the Plaintiff.

6. Documents obtained during discovery.

7. Expert reports and related documents.

**Defendants SFPS and Sewing Exhibit List:**

Defendants SFPS and Sewing have filed a Motion to Dismiss and a Motion to Stay Discovery as of the submission of this JSR to the Court. However, should the Court require these Defendants to participate in the discovery process for this case, Defendants SFPS and Sewing anticipate that the following documents, items, or things may be used as exhibits at trial:

1. Any document, item, material or thing identified by any other Defendant;

2. Any document, item, material or thing identified by Plaintiffs;

3.      Any document, item, material, or thing disclosed by Defendants SFPS and

        Sewing during the course of discovery in this matter;

4.      Documents necessary for authentication;

5.      Documents necessary for rebuttal;

6.      Documents necessary for impeachment.

## C.      EXPERT WITNESSES

### Plaintiff's Expert Witnesses

1.      Anika M. Kelso, LISW, LCSW
        Santa Fe Supportive Therapy
        1418 Luisa Street, Suite 5A
        Santa Fe, MM  87505
        505-795-6868

        Anika Kelso may testify regarding her counseling of Plaintiff since approximately
        September 2011.

2.      Dr. Donald Fineberg
        200 West DeVargas St., Suite 5
        Santa Fe, NM  87501

        Dr. Fineberg may testify as to his evaluation of Plaintiff, and as to his concerning
        Plaintiff's emotional damages.

3.      Charol Shakeshaft
        12778 Mount Hermon Road
        Ashland, VA  23005

        Ms. Shakeshaft may testify as to her opinion of the school policies and procedures
        and her analysis of the administration of the schools involved in this case.

### Defendant Gregor's Expert Witnesses

Defendant Gregor has not identified any expert witness(es) at this time, but reserve the

right to designate expert witness(es) within the deadlines set by the Court. Including possibly a

psychological/psychiatric expert, school polices and operations expert, and conducting an

Independent Psychological Examination on Plaintiff.

### Defendants Española Public Schools and Ruby E. Montoya's Expert Witnesses

At this juncture these experts have not identified experts. However, it is anticipated that experts will be retained by these defendants as to the following areas:

1. School Procedures

2. Injuries claimed by K.S., including emotional and/or economic

3. Other experts who may be identified within deadlines established by the Court.

### Defendants SFPS and Sewing's Expert Witnesses

Defendants SFPS and Sewing have filed a Motion to Dismiss and a Motion to Stay Discovery as of the submission of this JSR to the Court. However, should the Court require these Defendants to participate in the discovery process for this case, Defendants SFPS and Sewing state as follows: Defendant's experts have not been determined at this time. Expert witnesses and their reports will be disclosed as required by the Federal Rules of Civil Procedure and in accordance with any Scheduling Orders entered by the Court.

**D.     INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSIONS, DEPOSITIONS AND TIMING**

Discovery will be needed on the following subjects: **All claims raised in Plaintiff's Complaint and all defenses.**

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Responses due 30 days after service).

Maximum of 35 requests for production by each party to any other party. (Responses due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than Plaintiff and Defendant and Experts) limited to maximum of four (4) hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by _____

from Defendant(s) by _____ Supplementation under Rule 26(e) **due within twenty days after discovery of the exhibit or witness.**

All discovery commenced in time to be complete by _____**.** Discovery on *(issue for early discovery)* to be completed by _____.

Other Items: Dispositive motions shall be due _____. Motions related to discovery matters shall be due by _____.

## PRETRIAL MOTIONS

**Plaintiff intends to file**: Plaintiff may file various pretrial motions depending on the course of litigation, such as motions for summary judgment, *Daubert* motions, and motions in limine.

**Defendant Gregor intends to file**: Motions addressing qualified immunity, Motion to Dismiss, Motion for Summary Judgment, Motions in Limine and any other motions as allowed under applicable rules.

**Defendants Española Public Schools and Ruby E. Montoya intend to file:** Motion for qualified immunity on behalf of Ms. Montoya, and a motion for summary judgment on behalf of the school district. Additional motions will be identified.

**Defendants SFPS and Vickie Sewing intend to file**: Motions addressing qualified immunity, Motion to Dismiss, Motion for Summary Judgment, Motions in Limine and any other motions as necessary and allowed under applicable rules.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5-7 days.

_____ This is a non-jury case.

_ xx _ This is a jury case.

The parties request a pretrial conference in _____.

## SETTLEMENT

The possibility of settlement in this case is considered (likely) (unlikely) (**cannot be**

**evaluated** prior to _____) (may be enhanced by use of the following alternative

dispute resolution procedure: _____).  The parties request a settlement

conference in _____.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM,
 SCHOENBURG & BIENVENU, LLP

*/s/ Carolyn M. "Cammie Nichols 6/25/14*
Carolyn M. "Cammie" Nichols
Brendan K. Egan
500 4th Street NW, Suite 400
Albuquerque, NM  87102
505-243-1443
cnichols@rothsteinlaw.com
bkegan@rothsteinlaw.com
***Attorneys for Plaintiff***

WALZ AND ASSOCIATES

*/s/ Jerry A. Walz – Approved Via Email 6/25/14*
Jerry A. Walz
133 Eubank Blvd NE
Albuquerque, NM  87123
(505) 275-1800
jerryawalz@walzandassociates.com
**Attorney for Espanola Public Schools and Ruby E. Montoya**

THE BROWN LAW FIRM
Brown & Gurule, L.L.C.

*/s/ Desiree D. Gurule–Approved Via Phone 6/25/14*
Desiree D. Gurule
Kevin Brown
Daniel J. Macke
2901 Juan Tabo NE, Suite 208
Albuquerque, NM  87112
(505) 292-9677
desiree@brownlawnm.com
dan@brownlawnm.com
**Attorneys for Santa Fe Public Schools and Vickie L. Sewing**

NARVAEZ LAW FIRM, P.A.

*/s/ Henry F. Narvaez – Approved Via Email 6/25/14*
Henry F. Narvaez
Carlos E. Sedillo
P.O. Box 25967
Albuquerque, NM  87125-0967
(505) 248-0500
hnarvaez@narvaezlawfirm.com
csedillo@narvaezlawfirm.com
**Attorney for Defendant Gary F. Gregor**