IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                     Case No. 2014-CV-00385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

## STIPULATED MOTION FOR CONFIDENTIALITY ORDER

COME NOW all parties, through their counsel of record, and hereby request that the Court enter a Stipulated Confidentiality Order to keep certain materials and information confidential. As grounds, the parties jointly submit the following:

1. This case concerns allegations that Defendants violated K.S.'s constitutional rights, and committed other tortious acts.

2. Plaintiff is a minor and documents and information exchanged in this matter may concern other minors.

3. The parties fully expect that records protected from disclosure, including various medical records, school records, statements and interviews, mental health records and personnel files of the parties, for example, may be at issue in this litigation.

4. Many of the documents that will be disclosed pursuant to the applicable discovery rules consist of information in which various parties may possess a protected privacy interest, such as educational, employment records, medical records, statements and interviews.

5. As such, the parties request that the Court approve the following procedure to identify documents and/or information as confidential and protect them from disclosure to any third party:

   a. Any party disclosing information or materials may, at any time prior or subsequent to disclosure, may identify and mark material as "CONFIDENTIAL," provided a good faith basis exists for deeming the material confidential and that this designation is expressly made by notation on the material itself or in a letter accompanying the disclosure of the material. Any materials used during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

   b. All confidential information produced or exchanged in the course of discovery in this litigation shall be used solely for the purpose of this litigation until final judgment, including any appeals or settlement, and shall not be disclosed to any person other than as permitted herein.

   c. Any experts retained by any of the parties, whose advice or consultation is being or will be used by the parties in connection with preparation for trial of this action, may have access to confidential information, provided, however, that before such access is given, such experts shall be advised in writing that they are bound by the terms of the Stipulated Confidentiality Order.

d. Fact witnesses whose testimony is to be given by deposition or at trial in this litigation, and whose knowledge of facts is reasonably required in the prosecution of this litigation, may (if all parties agree through their counsel) have access to confidential information, provided, however, that before such access is given, each such individual shall be advised in writing that he or she is bound by the terms of the Stipulated Confidentiality Order. Counsel will confer in such circumstances and if no agreement is reached, they will present the dispute to the Court.

e. Confidential information used during depositions must be expressly identified as "Confidential" in the transcript or other official record of the deposition. Confidential information marked as deposition exhibits must be clearly marked as "Confidential" before those exhibits are included in any official transcription or record.

f. The parties may utilize the confidential information at the trial of this action, subject to the Rules of Evidence; provided that the party intending to utilize Confidential Information shall serve written notice on all other parties no less than ten days prior to the proposed use. Disclosure of the confidential information to all parties during the course of discovery with notice that the party may use such information or document(s) as exhibits at trial constitutes sufficient written notice under this paragraph.

g. Subject to Fed.R.Evid. 408, the parties may utilize confidential information in mediations, including disclosure of the confidential information to the mediator and other participants in the mediation. The mediator must return all confidential

information, including copies and summaries, to the party that provided the materials after the conclusion of the mediation.

h. The parties stipulate that nothing in the proposed Stipulated Confidentiality Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to the Stipulated Confidentiality Order.

i. Nothing contained in the Stipulated Confidentiality Order shall be deemed to preclude any party from challenging any other party's designation of materials as "Confidential Information" and/or from seeking a subsequent court order granting relief, additional protection with respect to the confidentiality of documents or other discovery material, or from providing stipulated exceptions to the Stipulated Confidentiality Order. However, the parties shall negotiate in good faith concerning any dispute over the confidentiality of materials before raising the issue with the Court.

j. After the completion of the proceedings in this matter and any subsequent appeals, any and all copies of Plaintiff's and Defendants' confidential materials previously made available to the opposing parties and their experts and consultants shall be kept confidential or eventually destroyed, in accordance with applicable laws and ethical obligations.

6. A proposed Stipulated Confidentiality Order is being submitted concurrently with this motion.

## **CONCLUSION**

For the preceding reasons, the Court should enter the proposed Stipulated Confidentiality Order.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP

*/s/* Carolyn M. "Cammie" Nichols  7/9/14
CAROLYN M. "CAMMIE" NICHOLS
BRENDAN K. EGAN
500 Fourth Street N.W., Suite 400
Albuquerque, NM 87102
(505) 243-1443 phone (505) 242-7845 fax
*Attorneys for K.S.*

**WALZ AND ASSOCIATES**

*/s/* Jerry A. Walz Via Email 7/9/14
JERRY A. WALZ
133 Eubank Blvd NE
Albuquerque, NM  87123
jerryawalz@walzandassociates.com
*Attorney for Espanola Public Schools and Ruby E. Montoya*

**THE BROWN LAW FIRM
BROWN & GURULE**
/s/ Desiree D. Gurule Via Email 7/9/14
DESIREE D. GURULE
KEVIN BROWN
2901 Juan Tabo NE, Suite 208
Albuquerque, NM  87112
(505) 292-9677
desiree@brownlawnm.com
*Attorneys for Santa Fe Public Schools and Vickie L. Sewing*

**NARVAEZ LAW FIRM, P.A.**

*/s/* Henry F. Narvaez Via Email 7/9/14
HENRY F. NARVAEZ
CARLOS E. SEDILLO
P.O. Box 25967
Albuquerque, NM  87125-0967
(505) 248-0500
hnarvaez@narvaezlawfirm.com
*Attorney for Gary F. Gregor*