IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                            CIV 14-0385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

                                            **Defendants.**

**STIPULATED CONFIDENTIALITY ORDER**

THIS MATTER HAVING COME BEFORE THE COURT on the stipulation and agreement of all parties to allow the inspection by the parties of certain records, material and information which are not otherwise protected from discovery by the attorney-client privilege or the work product doctrine; and

THE COURT BEING ADVISED that such production will include certain information that is private and confidential, may be concerning minors and may contain medical and mental health information, employment files, statements and interviews or documents that may be or are subject to the terms of HIPAA and other privacy laws; that disclosure of such information may or will invade the confidentiality and privacy rights of the parties and of third persons not a party to this lawsuit; the Court finds that this Confidentiality Order is needed in this action to protect such persons' rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding.

THEREFORE, pursuant to Rules 26(c) & 29, and in compliance with 45 C.F.R. §164.512, the Court hereby makes and enters the following Confidentiality Order protecting the confidentiality of information which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit:

IT IS THEREFORE ORDERED:

1. This Order shall govern the use and/or production and disclosure of the following which may be produced or disclosed during this litigation (hereinafter the "Confidential Material"):

2. Medical and Mental Health Records, interviews and statements of Plaintiff K.S., a minor and other minors.

3. Any other record that is released pursuant to a signed release by any party to this lawsuit.

4. Any material expressly identified as "CONFIDENTIAL" by the party making the disclosure of such material, provided this designation is expressly made by notation on the material itself or in a letter accompanying the material.

5. Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit, and may be disclosed only to parties, counsel of record, their staff, and retained experts.

6. Confidential Material may be disclosed to deponents during the course of their deposition. The attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge Confidential Material to any other person. Further, with respect to deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed

confidential and no portion of the transcript deemed confidential shall be disclosed to any person except the deponent, the parties, their attorneys of record, and expert witnesses. Any materials used during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

7. In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material may be kept under seal by the Clerk if so ordered by the Court; provided, however, that in such cases all such papers shall be furnished to the Court and attorneys of record for the parties, and a redacted copy thereof may be placed in the public record. Confidential Material may be admitted as an exhibit at the trial or used for impeachment or other purposes should the Court rule that the information is relevant and admissible in this matter subject to the rules of evidence, and if so admitted, shall no longer remain Confidential unless otherwise ordered by the Court.

8. Nothing in this Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to this Order.

9. After the completion of the proceedings in this matter and any subsequent appeals, any and all copies of Plaintiff's and Defendants' Confidential Material previously made available to the opposing parties and their experts shall be kept confidential or eventually destroyed in accordance with applicable laws and ethical obligations.

10. Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing stipulated exceptions to this order.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

Submitted by:
*/s/* Carolyn M. "Cammie" Nichols 7/9/14
CAROLYN M. "CAMMIE" NICHOLS
BRENDAN K. EGAN
500 Fourth Street N.W., Suite 400
Albuquerque, NM 87102
(505) 243-1443 phone (505) 242-7845 fax
*Attorneys for Plaintiff K.S.*

*/s/* Jerry A. Walz Via Email 7/9/14
JERRY A. WALZ
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com
*Attorney for Espanola Public Schools and Ruby E. Montoya*

/s/ Desiree D. Gurule 7/9/14
DESIREE D. GURULE
KEVIN BROWN
2901 Juan Tabo NE, Suite 208
Albuquerque, NM 87112
(505) 292-9677
desiree@brownlawnm.com
*Attorneys for Santa Fe Public Schools and Vickie L. Sewing*

*/s/* Henry F. Narvaez Via Email 7/9/14
HENRY F. NARVAEZ
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500
hnarvaez@narvaezlawfirm.com
*Attorney for Gary F. Gregor*