IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

v.                                    Case No. 1:14-cv-00385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND ASSERT THE DEFENSE OF QUALIFIED IMMUNITY**

COME NOW Defendants Santa Fe Public Schools and Vickie L. Sewing, by and through their attorney of record, Brown Law Firm, Brown & Gurulé, by Desiree D. Gurulé and Keya Koul, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submit their Reply to Plaintiff's Response to Defendants' Motion to Dismiss and Assert the Defense of Qualified Immunity.

**INTRODUCTION**

The claims alleged against Defendant Santa Fe Public Schools (hereinafter "SFPS") and Defendant Sewing by Plaintiff took place more than three (3) years prior to the alleged incidents involving Defendant Gregor and Plaintiff at the Española Public Schools. Plaintiff was never a student in the Santa Fe Public Schools. She never attended Agua Fria Elementary School where Defendant Sewing was the Principal. All of the claims asserted against Defendant SFPS and Defendant Sewing are in no way related to the alleged incidents as asserted by Plaintiff.

Plaintiff's entire argument that forms the basis of her claims against Defendant SFPS and Defendant Sewing is focused on the disputed fact that Defendant Sewing did not report Defendant Gregor to CYFD in 2004. However, to satisfy the causation prong of standing, Plaintiff's alleged

injuries must be "fairly traceable" to Defendant's actions. *Defenders of Wildlife*, 504 U.S. at 560; *Friends of the Earth*, 204 F.3d at 161. In order for the plaintiff's injuries to be "fairly traceable" to a particular defendant's actions, the plaintiff cannot be so far downstream that their injuries cannot be fairly traced to that defendant. *Id.* Assuming arguendo that Defendant Sewing did not report to CYFD in 2004, Plaintiff must prove with concrete factual support that Plaintiff's alleged injuries in 2007 in Española are "fairly traceable" to Defendant Sewing's alleged actions in 2004 in Santa Fe. Plaintiff asserts highly attenuated theories about what might have been or what could have been, but she fails to provide concrete factual support to connect the two. Therefore, Counts II, III, and X against Defendant SFPS and Defendant Sewing should be dismissed with prejudice.

## ARGUMENT

I. **PLAINTIFF FAILS TO STATE A 42 U.S.C. § 1983 DANGER CREATION CLAIM AGAINST DEFENDANT SEWING UPON WHICH RELIEF MAY BE GRANTED**

While Plaintiff is correct that danger creation claims are predicated on a six part test, Plaintiff does not satisfy the requirements of the test. Defendant Sewing's conduct did not place Plaintiff K.S. at "substantial risk of serious, immediate, and proximate harm", the risk of harm was not obvious and known, and Defendant Sewing did not act "recklessly in conscious disregard of that risk." *Schaefer v. Las Cruces Public School Dist.*, 716 F.Supp.2d 1052. Defendant Gregor was hired by Defendant Sewing in 2001. *Doc. 7,* ¶ 40. Defendant Sewing was informed of allegations of inappropriate behavior by Defendant Gregor in 2004 and was discharged from his position at Agua Fria that same year. *Id.* at ¶ 43, 51. The allegations of abuse toward Plaintiff K.S. that form the basis of this lawsuit did not occur until the 2007-2008 school year. *Id.* at ¶ 147.

Plaintiff alleges that Sewing's failure to report Gregor to CYFD in 2004 violated KS' constitutional rights when she was sexually abused by Gregor during the 2007-08 school year. This is insufficient to create liability under the danger creation test. These allegations do not meet the

2

reckless standard and do not rise to the level of shocking the conscience of the court. Finally, Sewing's alleged failure in not reporting the incident to CYFD did not increase the danger to KS for an incident which occurred over three (3) years later. The alleged harm to Plaintiff K.S. occurred three (3) years after Defendant Gregor's employment was terminated at SFPS. The harm to Plaintiff K.S. was not immediate nor was Defendant Sewing the proximate cause of the harm. As to the fourth and fifth prongs, Gregor was placed on administrative leave and a complaint was filed with PED. A formal reprimand, which included findings of sexual contact toward students, was placed in Gregor's licensing file with PED.

Furthermore, the Tenth Circuit has ruled that the conduct at issue must have been deliberate. "Section 1983 liability will not lie absent (1) an intent to harm or (2) an intent to place a person unreasonably at risk of harm." *Christiansen v. City of Tulsa,* 332 F.3d 1270. Plaintiff has not provided any facts to show that Defendant Sewing intended to harm Plaintiff or place her unreasonably at risk of harm. Plaintiff's assertions in her Response that Defendant Sewing did not warn future potential employers is wholly inaccurate. [Doc. 34 at p. 9]. As stated above, a formal reprimand was placed in Defendant Gregor's PED licensing file. Therefore, Defendant Sewing did not "participat[e] in affirmative and deliberate conduct that created the danger to Plaintiff KS." [Doc. 34 at p. 9]. Regardless of the circumstances leading up to and surrounding Defendant Gregor's resignation, Defendants Santa Fe Public Schools and Vickie L. Sewing reported the formal reprimand and its findings to PED, and those documents were placed in Defendant Gregor's licensing file with PED.

Plaintiff's assertion that "essentially, nothing was done except for removal of Defendant Gregor from SFPS" does not accurately reflect the record, even as asserted by Plaintiff. [Doc. 34 at p.11]. Gregor was placed on administrative leave and a complaint was filed with PED. *Doc. 7,* ¶ 46, 60, 61. A formal reprimand, which included findings of sexual contact toward students, was placed

in Gregor's licensing file with PED. *Doc. 7,* ¶ 69, 70, 71. Plaintiff's assertion that "Defendant Sewing clearly took affirmative actions to place Plaintiff…in danger of sexual abuse" is not substantiated by the record or the facts as Plaintiff has alleged. [Doc. 34 at p. 11]. Defendant Sewing did not intentionally or affirmatively act to place Plaintiff in harm's way. Defendant Sewing did place Defendant Gregor on administrative leave, file a complaint with PED, and submit a formal reprimand, which included findings of sexual contact toward students, to PED which was placed in Gregor's licensing file. *Doc. 7,* ¶ 46, 60, 61, 69, 70, 71.

Plaintiff's assertions of Defendant Sewing's actions placing Plaintiff KS at risk of harm does not pass muster as far as the six part danger creation test promulgated in *Robbins* requires. Plaintiff KS' alleged injuries took place more than three (3) years after the alleged actions of Defendant Sewing and at a different school in a completely different city. This attenuation does not support Plaintiff's assertion of Defendant Sewing's conduct placing "Plaintiff KS at risk of serious, immediate, and proximate harm." [Doc. 34 at p. 12]. Certainly an alleged harm that takes place more than three (3) years later cannot be considered "immediate" nor "proximately" connected to Defendant Sewing's alleged actions.

Plaintiff's assertion that Defendant Sewing "placed Plaintiff KS in danger" and "cooperated in sending Defendant Gregor off with a free pass to repeat the same conduct in another school district" is not supported by the evidence in the record as enumerated above. Furthermore, Plaintiff asserts that Defendant Sewing was somehow aware that her alleged actions "would likely result in Defendant Gregor finding another position as a classroom teacher, where he would proceed to groom and abuse young female students." [Doc. 34 at p. 12]. Defendant Sewing placed Defendant Gregor on administrative leave, filed a complaint with PED, and submitted a formal reprimand, which included findings of sexual contact toward students, to PED which was placed in Gregor's licensing file. *Doc. 7,* ¶ 46, 60, 61, 69, 70, 71. There is no evidentiary support for Plaintiff's

4

assertion, and in fact, the evidence in the record supports quite the opposite. This approach by Plaintiff creates a large class of individuals who could be or should be "aware" of what "would likely result", and eliminates the requisite causal connection between an individual's alleged actions and the alleged resulting harm. [Doc. 34 at p. 12].

The Court in *Currier v. Doran*, 242 F.3d 905 (10th Cir., 2001) found that:

> The danger creation theory, however, focuses on the affirmative actions of the state in placing the plaintiff in harm's way. Plaintiffs cannot rely on Defendants' failure to intervene once custody was given to Vargas to state a danger creation claim if the Defendants' affirmative conduct in placing the child with Vargas does not satisfy the *Armijo* danger creation requirements. As the Supreme Court stated in *DeShaney*, "the State does not become the permanent guarantor of an individual's safety by having once offered him shelter." *DeShaney*, 489 U.S. at 201. Thus, we will only consider Doran's conduct before legal custody was given to Vargas.

In *Currier*, the Court addressed the actions of the state with regard to the plaintiff. To distinguish *Currier* from this case, Defendant Sewing's alleged actions did not involve Plaintiff. Defendant Sewing's alleged actions did not place Plaintiff in harm's way. Plaintiff fails to make any direct, proximate, causal connection between Defendant Sewing's alleged actions and Plaintiff in this case. It is a slippery slope to broaden the required nexus between alleged action and alleged harm. By arguing in favor of doing so, Plaintiff attempts to encumber a broad class of potential defendants with liability for conduct which occurs far and beyond a reasonable standard of causation. Furthermore, the Court in *Currier* followed the direction in *Armijo* which instructed to view the alleged conduct in total when determining whether it shocks the conscience. *Id.* and see also *Armijo v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1260 (10th Cir. 1998). Following this direction by the courts, when viewed in the total, Defendant Sewing's alleged conduct does not shock the conscience.

Defendant Sewing did not act "recklessly" or "in conscious disregard of the dangers facing Plaintiff KS" nor did she "affirmatively creat[e] the opportunity for Defendant Gregor to find another teaching job". [Doc. 34 at p. 14]. Plaintiff KS was not a student in Defendant Sewing's

school or district. The harm to Plaintiff is alleged to have occurred more than three (3) years after Defendant Gregor resigned from the school where Defendant Sewing was principal. Defendant Sewing took action when she placed Defendant Gregor on administrative leave, filed a complaint with PED, and submitted a formal reprimand, which included findings of sexual contact toward students, to PED which was placed in Gregor's licensing file. *Doc. 7,* ¶ 46, 60, 61, 69, 70, 71. These actions taken by Defendant Sewing were not reckless nor in conscious disregard of any danger nor affirmatively creating the opportunity for any potential harm. There is no evidence to support Plaintiff's allegations of "complete indifference" or "complete disregard to the future risk to Plaintiff KS" on the part of Defendant Sewing. [Doc. 34 at p. 14]. Her actions as described above do not substantiate these claims by Plaintiff.

Plaintiff's assertion that Defendant Sewing kept "the investigation internal" is not supported by the evidence that shows that she placed Defendant Gregor on administrative leave, filed a complaint with PED, and submitted a formal reprimand, which included findings of sexual contact toward students, to PED which was placed in Gregor's licensing file. [Doc. 34 at p. 15]. When viewing the alleged conduct of Defendant Sewing in its totality to determine whether her alleged conduct rises to the level of shocking the conscious, it is clear that even if the Court takes all of Plaintiff's facts as asserted as true, Defendant Sewing's conduct does not shock the conscience. Therefore, Count III of the complaint should be dismissed with prejudice.

**II. DEFENDANT SEWING IS ENTITLED TO QUALIFIED IMMUNITY**

Qualified immunity issues are best resolved at the earliest possible stages in litigation. *Schaefer v. Las Cruces Public School Dist.*, 716 F.Supp.2d 1052. As Defendant Sewing has asserted a defense of qualified immunity, it is appropriately argued in Defendants' Motion to Dismiss. Once a defendant asserts qualified immunity, "the responsibility shifts to the plaintiff to meet a 'heavy two-part burden.'" *Id.* The plaintiff must first prove that the defendant's actions violated her

constitutional or statutory rights and that the right was clearly established at the time of the unlawful activity. *Id.* To determine if the right was clearly established, the court utilizes the reasonable person standard by asking if a reasonable person in the defendant's shoes would understand that their action violated the established right. *Id.*

In Plaintiff's First Amended Complaint, she alleges Defendant Sewing's inaction of not notifying CYFD of Defendant Gregor's conduct violated Plaintiff KS' clearly established rights. Defendant Sewing and Defendant SFPS also notified the New Mexico Public Education Department in February 2004 of their findings regarding Defendant Gregor's conduct. *Doc. 7*, ¶ 60. Defendant Sewing placed Defendant Gregor on administrative leave, filed a complaint with PED, and submitted a formal reprimand, which included findings of sexual contact toward students, to PED which was placed in Gregor's licensing file. *Id.* Defendant Sewing took action once she was aware of the allegations about Defendant Gregor to protect the rights of the students in his class.

Count III of Plaintiff's First Amended Complaint asserts that Defendant Sewing "deprived KS of her substantive due process right to bodily integrity under the Fourteenth Amendment to the U.S. Constitution." *Id.* ¶ 240. Plaintiff KS never attended school at Agua Fria and was not alleged to have been abused by Defendant Gregor during his employment with Santa Fe Public Schools. *Id.* Plaintiff has not asserted facts to support a claim of a violation of Plaintiff's constitutional right with respect to Defendants Sewing and SFPS. All of the facts as pled by Plaintiff relate to alleged incidents that took place during Plaintiff's attendance at another school district. Defendant Sewing did not "create or increase the underlying danger leading to harm" as asserted by Plaintiff in her Response. [Doc. 34 at p. 17]. Defendant Sewing placed Defendant Gregor on administrative leave, filed a complaint with PED, and submitted a formal reprimand, which included findings of sexual contact toward students, to PED which was placed in Gregor's licensing file. *Doc. 7,* ¶ 46, 60, 61,

69, 70, 71.  These actions cannot be construed as creating or increasing the underlying danger leading to the harm as Plaintiff alleges.

Furthermore, Plaintiff asserts that her "right to be free from the sexual abuse of a school teacher…was a constitutional right clearly established at the time of this incident." [Doc. 34 at p. 18].  As it applies to Defendant Sewing and Defendant SFPS, Plaintiff did not have her constitutional rights violated, because Plaintiff never attended Agua Fria, never had Defendant Gregor as a school teacher at Agua Fria, and was not sexually abused by Defendant Gregor during his employment at SFPS.  *Doc. 7,* ¶ 174.  As the Court in *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) held, Plaintiff cannot prove any set of facts in support of her claims against Defendant Sewing and Defendant SFPS which would entitle her to relief.  Plaintiff's highly attenuated attempt at connecting Defendant Sewing to Plaintiff fails to establish a set of facts that could reasonably entitle Plaintiff to relief.  Defendant Sewing took affirmative action when she placed Defendant Gregor on administrative leave, filed a complaint with PED, and submitted a formal reprimand, which included findings of sexual contact toward students, to PED which was placed in Gregor's licensing file.  Plaintiff's assertion to the contrary is unsubstantiated by the record.

### III. PLAINTIFF FAILS TO STATE ANY *MONELL* CLAIM

Plaintiff fails to state any *Monell* claim.  A municipality may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees.  *Monell v. Dept. of Soc. Servs. of City of N. Y.*, 436 U. S. 658, 694 (1978); *Barney v. Pulsipher*, 143 F. 3d 1299, 1307 (10th Cir. 1998).  In order to prevail on a claim of municipal liability, a plaintiff must prove that the constitutional injury was inflicted pursuant to government policy or custom.  *Monell*, 436 U. S. at 691.  In particular, a plaintiff must show the existence of a municipal custom or policy, and a direct causal link between the custom or policy and the alleged violation.  *City of Canton v. Harris,* 489 U. S. 378, 385 (1989); *City of Oklahoma City v. Tuttle,* 471 U. S. 808, 823 (1985).  The acts

must be officially sanctioned or ordered by the final, policy-making authority. *Pembaur v. City of Cincinnati,* 475 U. S. 469, 480-81 (1986).

A causal connection between the unconstitutional act and the authorized decision makers may be established when the governing body has exercised its decision-making authority with deliberate indifference to the constitutional rights of those affected by its decisions. *Ware v. Unified Sch. Dist. No.* 492, 902 F. 2d 815, 819 (10th Cir. 1990). To establish deliberate indifference, plaintiff must demonstrate that the municipality was the moving force behind the injury alleged by proving a direct causal link between the municipal action and the deprivation of federal rights. *Brown,* 520 U.S. at 404. Therefore, in order to sustain a constitutional claim against Santa Fe Public Schools or employees in their official capacity, Plaintiff must show both that "a constitutional violation occurred, and that some municipal policy was the moving force behind the violation." *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000). A municipality cannot be held liable unless a constitutional or statutory violation occurred. *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1154 (10th Cir. 2001); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

First, Plaintiff cannot establish that she suffered a constitutional injury pursuant to Defendant SFPS' policies or customs. Plaintiff never attended Agua Fria or any school in the Santa Fe Public School system. Plaintiff did not attend Santa Fe Public Schools while Defendant Gregor was employed there. All of Plaintiff's alleged injuries took place when she was a student in the Española Public School system. The "causal connection" as outlined by the courts in *Ware* and *Coffey* does not exist between Plaintiff's alleged injuries and Defendants Sewing and SFPS' alleged actions. *Ware v. Unified Sch. Dist. No. 492*, 902 F.2d 815, 819 (10th Cir. 1990); *see also Coffey v. United States*, 2011 WL 6013611, at * 33.

Where a plaintiff seeks to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate plaintiff's rights, she also must demonstrate that the

municipal action was taken with deliberate indifference to its known or obvious consequences. *Bd. of County Commrs. of Bryan County v. Brown,* 520 U. S. 397, 407 (1997). Plaintiff fails to present any evidence substantiating her assertion that Defendant SFPS acted with "deliberate indifference" with respect to Plaintiff's claims.

Second, Plaintiff's assertion that "SFPS has created or condoned poor screening, licensing, hiring, monitoring, and supervising practices and policies" is contradicted by her own allegations and admissions in the Complaint. [Doc. 34 at p. 21]. Defendant Gregor was licensed to teach in New Mexico by PED. *Doc. 7,* ¶ 46, 60, 61, 69, 70, 71. Defendant SFPS placed Defendant Gregor on administrative leave, filed a complaint with PED, and submitted a formal reprimand, which included findings of sexual contact toward students, to PED which was placed in Gregor's licensing file. *Doc. 7,* ¶ 46, 60, 61, 69, 70, 71. Any subsequent prospective employers would be privy to the PED complaint and formal reprimand in Defendant Gregor's PED licensing file. *Doc. 7,* ¶ 69, 70, 71.

These allegations do not establish an affirmative act by school personnel which either created the danger or increased plaintiff's vulnerability to it and lacking this showing, there is not a constitutional violation. *Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1263 (10th Cir. 2002) (citing *Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253, 1263 (10th Cir. 1998). Count II of the complaint should be dismissed as to Defendant Santa Fe Public Schools as a claim has not been stated under *Monell*.

## IV. PLAINTIFF LACKS STANDNG

In this case, in Count X, Plaintiff alleges a claim of common law negligence per se against Defendant Sewing. Plaintiff alleges that Defendant Sewing violated a statutory duty to report suspected child abuse to law enforcement or to CYFD. The test for negligence per se is the following: (1) there must be a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly; (2) the defendant must violate the statute; (3) the plaintiff

must be in the class of persons sought to be protected by the statute and (4) the harm or injury to the plaintiff must generally be of the type of harm or injury the legislature, through the statute, sought to prevent. *Archibeque v. Homrich*, 88 N.M. 527, 543 P.2d 820 (1975). The Complaint fails to assert facts sufficient to demonstrate a violation of the statute by Defendant Sewing. Also, Plaintiff has failed to establish a waiver for negligence per se in the New Mexico Tort Claims Act.

As a threshold issue, before even contemplating the aforementioned arguments for dismissal of this claim against Defendant Sewing, Plaintiff has failed to establish standing to bring this claim. To satisfy the causation prong of standing, Plaintiff's alleged injuries must be "fairly traceable" to Defendant's actions. *Defenders of Wildlife*, 504 U.S. at 560; *Friends of the Earth*, 204 F.3d at 161. In order for the plaintiff's injuries to be "fairly traceable" to a particular defendant's actions, the plaintiff cannot be so far downstream that their injuries cannot be fairly traced to that defendant. *Id.* Plaintiff's allegation that Defendant Sewing did not report in 2004 is disputed, but assuming arguendo that Defendant Sewing did not report in 2004, Plaintiff must prove with concrete factual support that Plaintiff's alleged injuries in 2007 in Española are "fairly traceable" to Defendant Sewing's alleged actions in 2004 in Santa Fe.

As Plaintiff bears the burden of establishing all three elements of standing, *Defenders of Wildlife*, 504 U.S. at 561, the fact that Plaintiff can possibly satisfy one prong, does not confer standing. Therefore, Count X against Defendant Sewing should be dismissed with prejudice.

**CONCLUSION**

As shown above, Plaintiff fails to state a substantive due process violation based on the theory of danger creation. Also, Defendant Sewing is entitled to qualified immunity. Furthermore, Plaintiff fails to state any *Monell* claims against Defendant SFPS. Finally, Plaintiff lacks standing to assert a negligence per se claim against Defendant Sewing. WHEREFORE, the Defendants Santa

11

Fe Public Schools and Sewing pray that Counts II, III, and X of the Complaint be dismissed with prejudice.

>Respectfully submitted,
>
>*BROWN LAW FIRM*
>*BROWN & GURULÉ*
>
>*/s/ Keya Koul  08/18/14*
>KEYA KOUL
>Attorney for Defendants
>Santa Fe Public Schools and
>Vickie L. Sewing
>2901 Juan Tabo NE, Suite 208
>Albuquerque, New Mexico  87112
>(505) 292-9677
>keya@brownlawnm.com

I HEREBY CERTIFY that on this 18th day of August, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Carolyn M. "Cammie" Nichols
>cmnichols@rothsteinlaw.com
>
>Brendan K. Egan
>bkegan@rothsteinlaw.com
>
>Maggie H. Lane
>mhlane@rothsteinlaw.com
>
>Jerry A. Walz
>jerryawalz@walzandassociates.com
>
>Henry Narvaez
>hnarvaez@narvaezlawfirm.com

*/s/ Keya Koul*
Keya Koul