IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

v.                                              Case No. 1:14-cv-00385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

## MOTION TO DISMISS

Defendant Vickie L. Sewing, by and through her attorney of record, Brown Law Firm, Brown & Gurulé, Keya Koul, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), moves to dismiss Plaintiff's only remaining claim, Count X, against Defendant Vickie L. Sewing. Defendant Sewing asserts the defense that there is no waiver under the New Mexico Tort Claims Act for negligence per se. Counsel for all parties have been contacted for concurrence on the motion. Their positions on the motion are as follow: Co-Defendants do not oppose this motion. Plaintiff opposes this motion.

## INTRODUCTION

Plaintiff filed her First Amended Complaint on May 5, 2014. [Doc. 7]. Defendant Sewing filed her Answer on May 19, 2014. [Doc. 11]. Counts II and III against Santa Fe Public Schools ("SFPS") and Defendant Sewing in the First Amended Complaint were dismissed by the Court on October 31, 2014. [Doc. 46].

As stated in Plaintiff's First Amended Complaint, "[a]t all times material hereto, Defendant Sewing was a public employee as those terms are defined in the New Mexico Tort Claims Act,

1

NMSA 1978, § 41-4-3 (F), as amended. Defendant acted in the course and scope of her duties as an SFPS employee and under color of state and/or local law." [Doc. 7 at p. 2].

Plaintiff's negligence per se tort claim is brought against Defendant Vickie L. Sewing under the New Mexico Tort Claims Act (NMTCA), NMSA § 41-4-1 *et seq*. Count X is brought against Defendant Vickie L. Sewing in her capacity as a school official. As to factual allegations directed at Defendant Sewing, Plaintiff avers Defendant Sewing failed to report suspected child abuse to law enforcement or CYFD as required by the reporting statute Section 32A-4-3 NMSA 1978. Therefore, Plaintiff alleges negligence per se under the NMTCA against Defendant Sewing based upon her alleged failure to report.

## LAW REGARDING 12(b)(6) MOTIONS

A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the plaintiff's statement of its claim for relief in its complaint. *See Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Essentially, a motion to dismiss for failure to state a claim admits facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the pleadings must be liberally construed, all factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in the non-movant's favor. *See Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State School*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). A complaint may be dismissed pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

## LAW REGARDING 12(b)(1) MOTIONS

The jurisdiction of federal courts is limited. *Buck v. City of Albuquerque*, 549 F.3d 1269, 1276 (10th Cir. 2008). Accordingly, there is a presumption against jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corp. Ltd. P'Ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Federal Rule of Civil Procedure 12(b)(1) empowers this Court to dismiss a complaint for lack of jurisdiction over the subject matter. The plaintiff bears the burden of establishing subject matter jurisdiction and must allege sufficient facts in the complaint to invoke the court's power. *See Renne v. Geary*, 501 U.S. 312, 316 (1991) (dismissing action for lack of ripeness where "generalized claim" failed to "demonstrate a live dispute"); *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1993); *cf. United States ex rel. Trujillo v. Group 4 Falck*, 244 Fed. Appx. 853, 855-56 (10th Cir. 2007) (affirming dismissal of action where plaintiff failed to allege exhaustion of administrative remedies). A party filing a Rule 12(b)(1) motion also may "challenge the substance of a complaint's jurisdictional allegations in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court." *New Mexicans for Bill Richardson*, 64 F.3d at 1499. Consequently, a 12(b)(1) motion can "include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987).

## ARGUMENT

**I.  THERE IS NO WAIVER OF IMMUNITY FOR THE STATE LAW TORT CLAIM MADE BY PLAINTIFF AGAINST DEFENDANT SEWING UNDER THE NEW MEXICO TORT CLAIMS ACT, NMSA § 41-4-1 *ET SEQ.***

"The right to sue state defendants is limited to those rights and conditions expressly presented in the [Tort Claims] Act." *Begay v. State*, 104 N.M. 483, 487, 723 P.2d 252, 256 (Ct. App.

1985), *rev'd on other grounds,* 104 N.M. 375, 721 P.2d 1306 (1986), *cert. denied,* 479 U.S. 1020 (1986). Section 41-4-4 of the Tort Claims Act (TCA) grants a governmental entity and any public employee acting within the scope of duty immunity from liability for any tort except as waived elsewhere in the TCA. Defendant Sewing was a public employee acting within the scope of duty during the time frame alleged in the Complaint as it concerns Defendant Sewing. Therefore, the immunity provisions of the TCA apply to tort claims against Defendant Sewing. An analysis of Plaintiff's tort claim against Defendant Sewing demonstrates there is no waiver of immunity for this claim.

II. **THERE IS NO WAIVER OF IMMUNITY UNDER THE TORT CLAIMS ACT FOR A CLAIM OF NEGLIGENCE PER SE, STANDING ALONE, AGAINST DEFENDANT SEWING.**

As an initial matter, there is no waiver of tort immunity for negligence, standing alone. In *Lessen v. City of Albuquerque,* 2008-NMCA-085, 187 P.3d 179, *cert denied*, the New Mexico Court of Appeals noted that "[t]here is substantial case law in New Mexico establishing that under Section 41-4-121, immunity is not waived for negligence standing alone." *Id.* at ¶ 35, 187 P.3d at 186 (citation omitted). The Court of Appeals went on to state:

> "[T]he negligence complained of must cause a specified tort or violation of rights." *Caillouette v. Hercules, Inc.,* 113 N.M. 492, 497, 827 P.2d 1306, 1311 (Ct. App. 1992)*; see also Blea v. City of Española,* 117 N.M. 217, 220, 870 P.2d 755, 758 (Ct. App. 1994) (explaining that waiver of immunity in Section 41-4-12 applies when negligence is alleged only if the negligence caused an enumerated tort or violation of rights); *McDermitt v. Corr. Corp. of Am.,* 112 N.M. 247, 248, 814 P.2d 115, 116 (Ct. App. 1991) (same).

*Id.* Hence, the TCA only waives immunity for negligence that causes an enumerated tort or violation of rights for which immunity is waived in the TCA. Therefore, to the extent Plaintiff is making a stand-alone claim of "negligence per se" against Defendant Sewing, the holding in *Lessen* dictates there is no waiver of immunity for a general negligence claim and such a claim should be dismissed.

## CONCLUSION

WHEREFORE, premises considered, Defendant Vickie L. Sewing respectfully requests the Court grant this Motion to Dismiss the negligence per se claim made by Plaintiff against Defendant Sewing, for an award of attorney's fees and costs as may be allowed by law, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted:

*BROWN LAW FIRM*
*BROWN & GURULÉ*


*Keya Koul , 01/15/15*
KEYA KOUL
Attorney for Defendant
Vickie L. Sewing
3777 The American Rd. NW, Suite 100
Albuquerque, New Mexico  87114
(505) 292-9677
keya@brownlawnm.com


I HEREBY CERTIFY that on this 15th day of January, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Carolyn M. "Cammie" Nichols
cmnichols@rothsteinlaw.com

Brendan K. Egan
bkegan@rothsteinlaw.com

Jerry A. Walz
jerryawalz@walzandassociates.com

Henry Narvaez
hnarvaez@narvaezlawfirm.com


*/s/Keya Koul*
KEYA KOUL