IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**K.S., by and through her parents and next friends,
T.S. and A.R.,**

    **Plaintiff,**

vs.                                         Case No. 2014-CV-00385 RHS/KBM

**THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;**

**Defendants.**

### PLAINTIFFS' RESPONSE TO DEFENDANT VICKIE SEWING'S MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff K.S., by and through her parents and next friends, T.S. and A.R., submits this response to Defendant Vickie L. Sewing's *Motion to Dismiss* (Doc. 64), and further seeks to amend the operative *First Amended Complaint for Civil Rights Violations* (the "Complaint" or the "operative Complaint") (Doc. 7) to restate the legal bases of her negligence claims against Sewing and her Co-Defendant Ruby E. Montoya and to add an additional negligence claim against dismissed Defendant Santa Fe Public Schools (SFPS),[1] based on Sewing's admissions as a party opponent at her recent deposition in this case. In the instant motion, Sewing correctly notes that Plaintiff's negligence claim against her, set forth at Count X of the operative

---

[1] Plaintiff observes that SFPS technically remains a Defendant under the doctrine of *respondeat superior* and provisions in the New Mexico Tort Claims Act requiring a state governmental entity to cover any judgments or settlements entered against its employee, by virtue of Plaintiff's still-pending negligence claim against Defendant Sewing.  *See discussion, infra,* at 9-10.

Complaint, is brought under the New Mexico Tort Claims Act (TCA), NMSA § 41-4-1, et seq. However, Sewing then proceeds to proffer various cases holding that, for negligence claims brought under one subsection of the statute, § 41-4-12, the TCA does not waive immunity from suit for governmental entities and public employees accused of "'negligence standing alone,'" and instead allows suit only when the negligence complained of "'cause[s] a specified tort or violation of rights.'"  (Doc. 64 at 4) (quoting *Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶35, 187 P.3d 179, 186).  Thus, Sewing argues that, to the extent Plaintiff seeks to rely on the immunity waiver set forth in the TCA at § 41-4-12 to press "a stand-alone claim of 'negligence per se,'" Plaintiff's claim should be dismissed.  Sewing's legal argument, while correct, is based on faulty premises, as Plaintiff does not assert a claim against her under § 41-4-12, and does not invoke that plainly inapposite waiver − which allows claims for various enumerated torts and other deprivations of rights committed by law enforcement officers − anywhere in the Complaint.  Accordingly, to the extent that the TCA provision allowing Plaintiff to assert a negligence claim against Sewing was unclear, Plaintiff now clarifies that she does not press suit under § 41-4-12.

Rather, Plaintiff is empowered to bring a claim for negligence against Sewing under the TCA's § 41-4-6.  The waiver contained at § 41-4-6 exempts from immunity

> liability for damages resulting from *bodily injury*, wrongful death or property damage *caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building*, public park, machinery, equipment or furnishings.

NMSA 1978 § 41-4-6 (emphasis added).  Put another way, § 41-4-6 waives immunity "where due to the alleged negligence of public employees an injury arises from an unsafe, dangerous, or defective condition on property owned and operated by the government." *Bober v. N.M. State Fair*, 111 N.M. 614, 623 (1991).  The New Mexico Supreme Court has repeatedly held that "the

liability envisioned by [§ 41-4-6] is not limited to claims caused by injuries occurring on or off certain 'premises.'" *Cobos v. Dona Ana County Hous. Auth.,* 126 N.M. 418, 420, 970 P.2d 1143, 1146 (1998). Indeed, Plaintiff's proposed amended Count IX, attached at Exhibit 1, sets forth how Sewing's and SFPS' negligent operation and maintenance of Agua Fria Elementary "foreseeably created a broader zone of risk that pose[d] a general risk of harm to others," *Herrera v. Quality Pontiac,* 134 N.M. 43, 48, 73 P.3d 181, 186 (2003), including Plaintiff, a student at Fairview Elementary School similarly situated to Defendant Gregor's previous victims at Agua Fria. *See also* Exhibit 2 (Plaintiff's showing redline changes from the operative Complaint to the proposed Second Amended Complaint).

In moving to amend, Plaintiff acknowledges that the negligence claims against Defendants Sewing and Montoya set forth in the operative Complaint assert a claim for common law "negligence per se," a different theory of negligence than that asserted against them in the proposed Amended Complaint – albeit one premised on the same facts. While Plaintiff's "negligence per se" claim has already withstood Sewing's 12(b)(6) motion for failure to state a claim, *see* Doc. 46 (10/31/14 Memorandum Opinion and Order) at 15-17, upon further review, Plaintiff finds that her amended negligence claims not only better reflect both the statutory requirements imposed on her under the TCA and the relevant facts of this case as set forth by Sewing at her recent deposition, they further recognize the impact of this Court's recent ruling that the New Mexico Abuse and Neglect Act, NMSA 1978 § 32A-1-4, "mandates the reporting of parental abuse or neglect" by school officials, "not abuse by a school employee." (Doc. 46 (10/31/14 Memorandum Opinion and Order)) at 11.

Thus, Plaintiff now seeks leave to amend the Complaint to (1) restate the basis for her former Count X negligence claim against Sewing; (2) add four paragraphs to her factual

3

allegations and a new § 41-4-6 claim against SFPS based on admissions made by Sewing at her January 20, 2015 deposition; (3) clarify that her negligence claim against Montoya is also based on § 41-4-6, and move that claim to her proposed amended Count V, to join her existing § 41-4-6 negligence claim against Montoya's employer, EPS; and (4) specify the underlying statutory violations committed by Defendant Gregor, pursuant to Plaintiff's claim that Gregor, acting in his personal capacity, committed conduct constituting negligence per se.

## LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) provides that, after the time for amending the pleadings as a matter of course has passed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave."[2] However, leave to amend should be given freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), "and thus district courts may withhold leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Cohen v. Longshore,* 621 F.3d 1311, 1313 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision whether to allow a proposed amendment after the permissive period is within the discretion of the district court. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995).

---

[2] Plaintiff's proposed Second Amended Complaint was circulated on Friday, February 20, 2015; at the time of filing, counsel for Defendants have not had sufficient time to review, discuss, and take a position with regard to the Second Amended Complaint.

4

**RELEVANT FACTS OBTAINED FROM DEFENDANT SEWING'S DEPOSITION**

On January 20, 2015, counsel for Plaintiff deposed Defendant Vickie L. Sewing. At her deposition, Sewing testified that, during her tenure at SFPS, she attended a yearly conference sponsored by the New Mexico Administrators Association, at which she received the directive "that any school personnel who has suspicion of child abuse and neglect had a duty to report" the abuse to the New Mexico Children, Youth and Families Department hotline. Sewing Dep. Tr. at 50:18-50:21.[3] Sewing further acknowledged her familiarity with SFPS' own policies relating to sexual misconduct by employees during her tenure, including the duty to report sexual misconduct by SFPS employees against students, which contained the provision that "[t]he duty to report imposed by this policy . . . is independent of and in addition to any such statutory obligation" to report the misconduct. *Id.*, Tr. at 82:21, 85:5-85:15. Sewing testified that she would have considered herself obligated by that policy. *Id.,* Tr. at 85:21-85:24.

With regard to the neutral recommendation that Defendant Gregor was given by SFPS upon his agreeing to resign from the district, Sewing initially testified that she had no role in the decision, *id.* at 162:10-162:15, then clarified that she could not recall "how all of that transpired or if I was in the loop at all." *Id.,* Tr. at 163:23-164:3. According to Sewing, the "ultimate decision" to provide the neutral recommendation would have come from SFPS, via its then-Superintendent, Dr. Gloria Rendon. *Id.,* Tr. at 172:14-172:18. Sewing testified that she considered Gregor's receipt of a neutral recommendation from SFPS to be "bad policy" because

---

[3] Sewing's deposition testimony is quoted in the proposed Second Amended Complaint, Ex. 1 ¶¶ 51-52, 70-71. The deposition transcript is not attached hereto, both because it would be unnecessary and because Plaintiff does not seek to convert the instant motion into one for summary judgment.

"it's unethical." *Id.,* Tr. at 164:12-164:17. Queried as to why it was unethical, in her professional opinion as an educator, for SFPS to provide Gregor with a neutral recommendation, Sewing asserted that "I probably would have been concerned that he would do it again." *Id.,* Tr. at 172:23-172:24.

## ARGUMENT

The proposed amendments to the operative Complaint are required by justice and will in no way prejudice Defendants. Rather, as set forth above, Plaintiff aims to clarify one existing claim (by setting forth the specific statutory violations committed by Defendant Gregor); restate the legal bases for her existing negligence claims against individual Defendants Sewing and Montoya, based on known facts set forth in the operative Complaint; and add a negligence claim against dismissed Defendant SFPS, which is represented by the same counsel as and continues to be liable for any judgments against Defendant Sewing, and, as such, has remained active in this case since it was dismissed from suit by the Court three months ago. Accordingly, none of the factors that might counsel against withholding amendment apply here, and leave to amend should be freely given.

***The Proposed Amendments Are Made in Good Faith, and Are Not the Result of Undue Delay, Dilatory Motive, or a Previous Failure to Cure***

As set forth above, the only substantive amendments contained in the proposed Second Amended Complaint relate to Plaintiff's new negligence claims under the TCA against Sewing, Montoya, and SFPS (a claim under the same statute is already pending against Co-Defendant EPS). These amendments are offered in good faith, as the result of this Court's ruling that Plaintiff's claim for "negligence per se" against Sewing should survive dismissal, (Doc. 46 at 15-16), but that the Abuse and Neglect Act cannot form the basis of an underlying statutory

6

violation against Sewing under the facts of this case.[4] *Id.* at 10-11. Thus, with regard to her new negligence claims against Sewing and Montoya, Plaintiff's proposed Second Amended Complaint sets forth the same factual allegations as previously set forth in the operative Complaint – though her allegations against Sewing are now supported with additional quotations of Defendant Sewing's own deposition testimony − but simply describes how they constitute a violation of a different cause of action.

With regard to Plaintiff's new claim for negligence under the TCA against SFPS, the timing of her proposed amendment is in accord with Plaintiff's receipt of responses to its subpoena *duces tecum* to SFPS on January 16, 2015, and with the deposition of Defendant Sewing on January 20, 2015. This discovery confirmed that SFPS' conduct in operating and maintaining Agua Fria Elementary – including by offering Defendant Gregor, the subject of several complaints of sexual misconduct involving elementary-school students, a neutral recommendation − created a substantial foreseeable risk that Defendant Gregor would go on to commit the same offenses against Plaintiff, a student at a school that relied on that

---

[4] In order to state a claim for "negligence per se" in New Mexico, a plaintiff must show, *inter alia,* the defendant's violation of "a statute which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly." *Archibeque v. Homrich,* 88 N.M. 527, 532, 543 P.2d 820, 825 (1975). Plaintiff's Count X for "negligence per se" in the operative Complaint asserts that Sewing and Montoya violated "a statute which provided that it was a crime for certain persons, including school officials, with knowledge or reasonable suspicion that a child is abused to fail [to] report that information to law enforcement or to CYFD," Doc. 7, Cplt. ¶ 304, which is a specific reference to the New Mexico Abuse and Neglect Act, NMSA 1978 § 32A-4-3(A). In a section of its October 31 Order unrelated to Plaintiff's common law negligence claim, the Court interpreted this statute to "mandate the reporting of parental abuse or neglect, not abuse by a school employee"; however, because Sewing's and SFPS' motion to dismiss Plaintiff's "negligence per se" claim was devoted solely to the issue of Plaintiff's standing to bring the claim, the Court did not address whether Plaintiff could rely on § 32A-4-3(A) to establish "negligence per se." (Doc. 46 at 11, 15 n. 4).

recommendation in hiring him.  In light of this discovery, confirming that the above actions were taken by SFPS, the proposed amendment is timely made.

Finally, and further weighing in favor of allowing amendment, is the fact that this marks the first time that Plaintiff has sought leave to amend the operative Complaint in this Court.  *Cf. Cohen,* 621 F.2d at 1313 (amendment may be disallowed where plaintiff exercises a "repeated failure to cure deficiencies by amendments previously allowed).

***The Proposed Amendments Do Not Prejudice Defendants***

Defendants cannot reasonably contend that they will be prejudiced by the proposed amendments.  Courts generally only find prejudice when an amendment unfairly affects a defendant's ability to prepare a defense to the amendment, which most often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006).  As the attached Second Amended Complaint makes clear, Plaintiff's amended negligence claims are premised on essentially the same facts as her original "negligence per se" claims, albeit amplified by Sewing's recent deposition testimony that she had an internal duty, independent of any state statute, to report acts of sexual misconduct by school employees against students; that SFPS itself approved and provided Defendant Gregor with the neutral recommendation that paved the way for his hire by EPS; and that the decision to provide that neutral recommendation was unethical, because a reasonable person "would have been concerned that he would do it [that is, commit acts of sexual misconduct upon schoolchildren] again." Sewing Dep. Tr. at 172:23-172:24.  Accordingly, the proposed amendments do not raise the kind of significant new factual issues that would affect Defendants' ability to prepare for trial − indeed, it is important to note that discovery in this case is not yet complete, so Defendants can

have no cause to object on that score − and leave to amend should not be withheld on this ground.

Moreover, there is no reasonable basis to conclude that SFPS will somehow be prejudiced by its re-insertion into this case after the Court's October 31 Memorandum Opinion and Order dismissing all claims against it. *See* Doc. 46 at 17 ("As no cause of action remains against Defendant SFPS, it is hereby dismissed from this action."). As a threshold issue, Plaintiff observes that, because the Court did not dismiss Plaintiff's Count X negligence claim against Defendant Sewing in its Order, SFPS has at all times remained involved in this case to the extent that it is responsible for payment of any judgments ultimately entered against Sewing, under the doctrine of *respondeat superior* and the TCA. *See* Doc. 7 at 1-2, ¶3; NMSA 1978, §§ 41-4-4(B), (D), (G), & (H). In the interest of clarification, Plaintiff's proposed Amended Complaint asserts where appropriate, under Counts V-IX, that EPS and SFPS are, respectively, Defendants to the negligence claims against their individual employees – Montoya, Sewing, and Gregor − under the doctrine of *respondeat superior.*

Indeed, as a practical matter, SFPS has never been out of the instant action. SFPS and Sewing have at all times been represented by the same legal counsel, who has been present for all scheduled matters, including depositions, in this case, since SFPS was dismissed from suit. Upon SFPS' dismissal, its counsel took the formal stance that it should not have to respond to discovery requests. Nevertheless, the parties worked out a solution by which Plaintiff obtained the information she requested of SFPS by way of the issuance of a subpoena *duces tecum* to SFPS under Fed. R. Civ. P. 45 instead of by propounding discovery requests to SFPS under Fed. R. Civ. P. 33 & 34. While Plaintiff maintains that these measures were unnecessary in light of SFPS' ongoing role as a de facto Defendant under the doctrine of *respondeat superior*, for

9

present purposes, what matters is that SFPS will in no way be prejudiced by its re-insertion into this case.

### *The Proposed Amendments Are Not Futile*

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal," *Bradley v. Val-Meijas,* 379 F.3d 892, 901 (10th Cir. 2004), or if it fails to state a claim upon which relief may be granted. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir. 1992). No such impediment exists here. As set forth, *supra*, at 2, Plaintiff's amended negligence claims under the TCA are for "liability for damages resulting from bodily injury . . . caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." NMSA 1978 § 41-4-6 (emphasis added). The New Mexico Supreme Court "interpret[s] § 41-4-6 broadly to waive immunity where due to the alleged negligence of public employees an injury arises from an unsafe, dangerous, or defective condition on property owned and operated by the government." *Encinias v. Whitener Law Firm, P.A.,* 310 P.3d 611, 616-17 (2013).

Of particular significance to Plaintiff's negligence claims against Sewing and SFPS is the fact that the waiver contained at § 41-4-6 of the TCA "is not limited to injuries occurring on the defendant's property." *Id.* at 616. On the contrary, New Mexico courts have repeatedly held that "[h]arm that is caused, in whole or in part, by an activity or condition on particular premises cannot be viewed as unforeseeable as a matter of law merely because it happens to manifest itself beyond the property line." *Bober*, 111 N.M. at 619 (high volume of cars exiting a parking lot after concert was a potentially unsafe condition eventually resulting in collision that occurred elsewhere); *see also Stetz v. Skaggs Drug Ctrs., Inc*. 840 P.2d 612, _ (1992) ("[*Bober*] merely applied the traditional rule that one[e] who owns or controls property has a duty to refrain from

creating or permitting conditions on such property that will foreseeably lead to an unreasonable risk of harm to others beyond the property's borders."); *Cobos,* 126 N.M. at 420.  "The Supreme Court of New Mexico has held that a school district's 'failure to follow safety policies in place for all at-risk students appears to fall comfortably within the Section 41-4-6 waiver for 'operation or maintenance' of a public building." *C.H. v. Los Lunas Schools Bd. of Educ.,* 852 F.Supp.2d 1344, 1352 (D.N.M. 2012) (quoting *Upton v. Clovis Mun. Sch. Dist.,* 140 N.M. 205, 211, 141 P.3d 1259, 1265 (2006).

New Mexico courts determining whether conduct by government actors constitutes negligence under § 41-4-6 consider whether the actors met "a reasonably prudent person's standard of care while performing [their] dut[ies]."  *C.H.,* 852 F.Supp.2d at 1355 (citing NMSA 1978 § 41-4-2(B)).  "Under New Mexico law, negligence encompasses the concepts of foreseeability of harm to the person injured and of a duty of care toward that person." *Id.,* (quotation omitted).  A defendant to a negligence claim breaches a duty to a plaintiff where the "defendant's conduct foreseeably created a broader zone of risk that pose[d] a general threat of harm to others." *Herrera*, 1 34 N.M. at 48, 73 P.3d at 186.  The inquiry into whether a defendant's breach of her duty constituted the proximate cause of the plaintiff's damages "is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." *Id.* Accordingly,

> The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to commit such a tort or crime unless *the actor at the time of his [or her] negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself [or herself] of the opportunity to commit such a tort or crime.*

*Id.* (emphasis in the original) (quoting *Herrera*, 134 N.M. at 53, 73 P.3d at 191).

Plaintiff's proposed amended Count IX for negligence under § 41-4-6 sets forth how Sewing's and SFPS' negligent operation and maintenance of Agua Fria Elementary School – including by failing to report allegations of sexual misconduct involving schoolchildren against Defendant Gregor to law enforcement and CYFD and by offering Gregor the neutral recommendation that allowed him to obtain employment by Defendant EPS at Fairview Elementary – foreseeably and substantially created a broader zone of risk that posed a general risk of harm to students similarly situated to Gregor's victims at Agua Fria.  This group included Plaintiff, Gregor's student at Fairview Elementary.  Indeed, the foreseeability of the eventual harm to Plaintiff resulting from Defendants' negligence is confirmed by Defendant Sewing's own specific testimony that, in her professional opinion as an educator and school official, "I probably would have been concerned that he would do it again." *Id.,* Tr. at 172:23-172:24; *see also Herrera,* 134 N.M. at 48, 73 P.3d at 186.  Accordingly, Plaintiff's amended Count IX is not futile, because it states a claim upon which relief may be granted.

## CONCLUSION

WHEREFORE, for the reasons discussed above, Plaintiff respectfully requests that this Court enter an order allowing her to amend the operative Complaint, and deny Defendant Sewing's motion to dismiss as moot.

>ROTHSTEIN, DONATELLI, HUGHES,
>DAHLSTROM, SCHOENBURG & BIENVENU, LLP
>
>*/s/ Carolyn M. "Cammie" Nichols 2/23/15*
>CAROLYN M. "CAMMIE" NICHOLS
>500 Fourth Street NW, Suite 400
>Albuquerque, NM 87102
>(505) 243-1443
>cmnichols@rothsteinlaw.com
>*Attorney for Plaintiff*

I HEREBY CERTIFY that on the 23rd day of February, 2015, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Jerry A. Walz
Walz and Associates
jerryawalz@walzandassociates.com
*Attorney for Espanola Public Schools and Ruby E. Montoya*

Desiree D. Gurule
Keya Koul
Daniel Macke
Brown Law Firm
desiree@brownlawnm.com
keya@brownlawnm.com
daniel@brownlawnm.com
*Attorneys for Santa Fe Public Schools and Vickie L. Sewing*

Henry F. Narvaez
Carlos Sedillo
Narvaez Law Firm, P.A.
hnarvaez@narvaezlawfirm.com
csedillo@narvaezlawfirm.com
*Attorney for Gary F. Gregor*

>*/s/ Carolyn M. "Cammie" Nichols 2/23/15*
>ROTHSTEIN, DONATELLI, HUGHES,
>DAHLSTROM, SCHOENBURG & BIENVENU, LLP