## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**K.S., by and through her parents and next friends,**
**T.S. and A.R.,**

     **Plaintiff,**

**vs.**                                                    **Case No. 14-cv-00385 SCY/KBM**

**THE SANTA FE PUBLIC SCHOOLS;**
**VICKIE L. SEWING, in her individual capacity;**
**THE ESPANOLA PUBLIC SCHOOLS;**
**RUBY E. MONTOYA, in her individual capacity;**
**GARY F. GREGOR, in his individual capacity;**

     **Defendants.**

### DEFENDANT GARY GREGOR'S MOTION TO DISMISS

COMES NOW Defendant Gary Gregor ("Defendant Gregor"), by and through his counsel of record, the Narvaez Law Firm, P.A. (Henry F. Narvaez and Carlos E. Sedillo), pursuant to the Federal Rules of Civil Procedure 12(b)(6), and hereby moves to dismiss Plaintiff's claims against him for Common Law Battery – Count VII of the First Amended Complaint, Common Law Negligence Per Se – Count VIII of the First Amended Complaint, and Common Law Intentional Infliction of Emotional Distress – Count IX of the First Amended Complaint as Defendant Gregor was a public official acting within the scope of his employment, and therefore, any claims against him for tortious conduct must be brought pursuant to the New Mexico Tort Claims Act. Counsel for Plaintiff has been contacted and opposes this Motion. Co-Defendants Vickie Sewing, Espanola Schools, and Ruby Montoya have been contacted and take no position on this Motion.

## I.  INTRODUCTION

The operative Complaint is Plaintiff's First Amended Complaint [Doc. 7] filed on May 5, 2014.  However, there is a pending Motion by Plaintiff to file a Second Amended Complaint. <u>See</u> Doc. 83.  Plaintiff's proposed Second Amended Complaint, does not include any changes in relation to Defendant Gregor.  Accordingly, the Second Amended Complaint will not affect the Court's ruling on this Motion.

Plaintiff's First Amended Complaint brings claims against Defendant Gregor for civil rights violations under 42 U.S.C. § 1983, Common Law Battery, Common Law Negligence Per Se, and Common Law Intentional Infliction of Emotional Distress. <u>See</u> Counts I, VII, VIII, and IX of Plaintiff's First Amended Complaint.  This Motion will only address Counts VII, VIII, and IX for Common Law Battery, Common Law Negligence Per Se, and Common Law Intentional Infliction of Emotional Distress against Defendant Gregor.

Plaintiff's First Amended Complaint states that "[a]t all material times hereto, Defendant Gregor was a public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F), as amended". <u>See</u> Paragraph 7 of Plaintiff's First Amended Complaint.  The First Amended Complaint further states that "Defendant Gregor acted in the course and scope of his duties as an SFPD and EPS employee and under color of state and/or local law". <u>Id</u>.  However, Paragraph 8 of the First Amended Complaint goes on to say "[w]ith respect to Plaintiff's New Mexico Tort Claims Act claims, the acts and omissions complained of herein all constitute a basis for liability against Defendants SFPS and EPS, within the scope of waivers of immunity proscribed by the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1, *et seq*.". <u>Id</u>. at ¶ 8.  Counts VII, VIII, and IX against Defendant Gregor all state that they are under the Common Law and have no reference to the New Mexico Tort Claims Act. <u>See</u> Counts VII,

VIII, and IX.  Accordingly, it is unclear whether these are claims against Defendant Gregor are under the New Mexico Tort Claims Act.

The New Mexico Tort Claims Act shall be the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act.  See NMSA 1978, § 41-4-17 (A).  Accordingly, Plaintiff's Common Law Claims for Battery, Negligence Per Se, and Intentional Infliction of Emotional Distress should be dismissed against Defendant Gregor, as they were not brought under the New Mexico Tort Claims Act.

Alternatively, if the Court finds that Plaintiff's Common Law Claims for Battery, Negligence Per Se, and Intentional Infliction of Emotional Distress were brought under the New Mexico Tort Claims Act, they should be dismissed as there is no waiver of immunity for each under the Tort Claims Act.  See NMSA 1978, §§ 41-4-1, *et seq*.

Lastly, if the Court finds that Plaintiff's Common Law Claims against Defendant Gregor are brought under the Tort Claims Act, they must be dismissed as they were not brought within the statute of limitation, nor was proper notice under the Tort Claims Act given.  See NMSA 1978, §§ 41-4-15 and 41-4-16.

## II.  LEGAL STANDRD

In evaluating a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept as true all well-pleaded allegations of the complaint and construe the allegations in the light most favorable to the plaintiff. Pace v. Swerdlow, 519 F.3d 1067, 1073 (10th Cir. 2008). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ridge at Red Hawk v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 200) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562, 570, (2007) (a plaintiff must nudge his claims across the line from what is conceivable to what is plausible).

Under the "plausibility" standard, it is not sufficient that a plaintiff might be able to prove some set of facts in support of pleaded claims. <u>Id</u>. There must be a reasonable likelihood from the complaint that the plaintiff muster factual support for the pleaded claims. <u>Id</u>. Furthermore, a plaintiff must plead more than labels, conclusions or a "formulaic recitation of the elements of a cause of action" <u>Twombly</u>, 550 U.S. at 555.

A court can begin its motion to dismiss analysis by identifying pleadings that are not entitled to the assumption of truth because they are merely conclusions. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1973, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>.

### III. ARGUMENT

**a. Plaintiff's Common Law Claims against Defendant Gregor should be dismissed as they were not brought against Defendant Gregor under the New Mexico Tort Claims Act.**

As described above, it is unclear whether Plaintiff brings her claims for common law battery, negligence per se, and intentional infliction of emotional distress against Defendant Gregor under the Tort Claims Act.  It appears that these claims are brought under the common law and not the New Mexico Tort Claims Act.

However, the New Mexico Tort Claims Act is the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act.  <u>See</u> NMSA 1978, § 41-4-17 (A).

Accordingly, Plaintiff's Common Law Claims for Battery, Negligence Per Se, and Intentional Infliction of Emotional Distress should be dismissed against Defendant Gregor, as they were not brought under the New Mexico Tort Claims Act.

> **b. If the Court determines that Plaintiff's Common Law Claims against Defendant Gregor were brought under the New Mexico Tort Claims Act, there is no waiver of immunity against Defendant Gregor for battery, negligence per se, and intentional infliction of emotional distress.**

If the Court determines that Plaintiff's claims against Defendant Gregor for common law Battery, Negligence Per Se, and Intentional Infliction of Emotional Distress were brought under the New Mexico Tort Claims Act, then they should still be dismissed as there is no waiver of immunity under the Tort Claims Act for battery, negligence per se, and intentional infliction of emotional distress.

    i.    Negligence Per Se

As stated by Defendant Sewing in her Motion to Dismiss [Doc. 64], immunity is not waived under the New Mexico Tort Claims Act for negligence standing alone.  See Lessen v. City of Albuquerque, 2008 NMCA 085, ¶ 35, 187 P.3d 179, cert denied; see also Doc 61 at p. 4. The Tort Claims Act only waives immunity for negligence that causes an enumerated tort or violation of rights for which immunity is waiver under the Tort Claims Act.  Therefore, the stand alone claims of negligence per se against Defendant Gregor should be dismisses as there is no waiver of immunity for a general negligence claim according to Lessen.

    ii.    Battery

Under the Tort Claims Act, only law enforcement officers can be sued for personal or bodily injury.  See NMSA 1978, § 41-4-12.  Defendant Gregor is not a law enforcement officer, nor does Plaintiff claim him to be one.  Accordingly, any claim against Defendant Gregor for battery under the Tort Claims Act must be dismissed pursuant to § 41-4-12.

iii.   Intentional Infliction of Emotional Distress

Under the Tort Claims Act, there is no waiver of immunity for intentional infliction of emotional distress.  See NMSA 1978, § 41-4-1, et seq.  The Tort Claims Act does not waive immunity for the cause of action alone of intentional infliction of emotional distress.  See Romero v. Otero, 678 F. Supp. 1535, 1540 (D.N.M. 1987); see also Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't., 1996 NMSC 021, ¶ 6, 121 N.M. 646, 649, 916 P.2d 1313, 1316.  Accordingly, a standalone cause of intentional infliction of emotional distress against Defendant Gregor must be dismissed as there is no waiver under the Tort Claims Act.  Id.

**c.   If the Court determines that Plaintiff's Common Law Claims against Defendant Gregor were brought under the New Mexico Tort Claims Act, then they should be dismissed as they were not brought within the proper statute of limitations nor was proper notice given under the Tort Claims Act.**

NMSA 1987, § 41-4-15 provided that actions brought against a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence.  K.S. was in Defendant Gregor's Fourth Grade class during the 2007-2008 school year.  See ¶ 174 of the First Amended Complaint.  All alleged misconduct against K.S. was to have taken place during this school year.  Therefore, if the Court was liberal in proscribing the date of occurrence, the latest it could have happened was in May of 2008.  Accordingly, the Statute of Limitations would run under the Tort Claims Act in May of 2010.  Plaintiff filed this action in State Court in February 27, 2014.  Almost four years after the Statue of Limitations had passed.  Therefore, any claims against Defendant Gregor brought pursuant to the Tort Claims Act should be dismissed.

Further, any claims against Defendant Gregor brought pursuant to the Tort Claims Act should be dismissed due to Plaintiff's failure to properly provide notice under the Tort Claims Act.  Under the Tort Claims Act, every person who claims damages from the State for claims

6

against the State shall provide written notice within ninety days of an occurrence giving rise to a claim.  <u>See</u> NMSA 1978, § 41-4-16(A).  Again, if the Court was liberal in proscribing the date of occurrence, the latest it could have happened was in May of 2008.  Accordingly, notice should have been given by September 2008.  However, Plaintiff provided notice on November 3, 2011, well after the ninety day period expired.  Therefore, Plaintiff's claims under the Tort Claims Act against Defendant Gregor should be dismissed with prejudice.

## IV. CONCLUSION

WHEREFORE Defendant Gregor respectfully requests that the Court grant his Motion to Dismiss and dismiss Counts VII, VIII, and IX of the First Amended Complaint against him with prejudice, and for such further relief as the Court deems necessary.

Respectfully submitted,

**NARVAEZ LAW FIRM, P.A.**

/s/ Carlos E. Sedillo
HENRY F. NARVAEZ
CARLOS E. SEDILLO
*Attorneys for Defendant Gary F. Gregor*
Post Office Box 25967
Albuquerque, New Mexico 87125-0967
(505) 248-0500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of April, 2015, I filed the foregoing electronically through CMECF, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP
Carolyn M. Nichols
*Attorneys for Plaintiffs*
500 4th St., NW, Suite 400
Albuquerque, NM 87102

WALZ AND ASSOCIATES
JERRY A. WALZ
*Attorney for Defendants Espanola Public
Schools, and Ruby E. Montoya*
133 Eubank Blvd. NE
Albuquerque, NM 87123
505-275-1800

THE BROWN LAW FIRM
KEVIN M. BROWN
DESIREE D. GURULE
*Attorneys for Defendants Santa Fe Public
Schools, and Vickie L. Sewing*
2901 Juan Tabo Blvd. NE, Suite 208
Albuquerque, NM 87112
505-292-9677


/s/ Carlos E. Sedillo
     CARLOS E. SEDILLO

8