IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                            Case No. 14-cv-00385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

**DEFENDANT RUBY E. MONTOYA'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
**UPON WHICH RELIEF CAN BE GRANTED**

COME NOW Defendant Ruby E. Montoya, by and through her counsel of record, Jerry A. Walz, Walz and Associates, P.C., and pursuant to the Rules of Federal Procedure, Rule 12(b)(6) hereby requests the Court dismiss Plaintiff's claims in Count X against Defendant Montoya on the following grounds.

**INTRODUCTION**

This case has been in litigation since the filing of Plaintiff's complaint on February 27, 2014, in First Judicial District Court. The case was removed to U.S. District Court on April 25, 2014 [Doc. 1]. The Plaintiff filed a First Amended Complaint, which is the operative complaint, on May 5, 2014 [Doc. 7]. In the First Amended Complaint in Count X, (Plaintifs (sic) Common Law Negligence Per Se Claim Against Defendants Sewing and Montoya), Plaintiff claims that Defendant Montoya had a duty provided by statute as a school official to report that a child is

being abused to law enforcement or CYFD.  Further, Plaintiff claims that failure to report knowledge or reasonable suspicion of a child being abused constitutes negligence per se.

As stated in the First Amended Complaint, "At all times material hereto, Defendant Montoya was a public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F), as amended. Defendant Montoya acted in the course and scope of her duties as an EPS employee and under color of state and/or local law." [Doc. 7, paragraph 6, page 3]

Defendant Española Public Schools and Ruby E. Montoya, in her individual capacity, identified collectively as the "EPS Defendants" filed their answer to the First Amended Complaint on May 19, 2014.  [Doc. 14, p. 1]

Pursuant to the Answer to the First Amended Complaint, the EPS Defendants, pursuant to the Eighth Affirmative Defense stated, "Plaintiff has failed to set forth any claim that can be advanced against the EPS Defendants pursuant to the Tort Claims Act."

This motion addresses the state claims advanced against EPS Defendant Ruby E. Montoya that are not allowed as there is no applicable waiver pursuant to the New Mexico Tort Claims Act.

Counsel for Defendant Gregor does not oppose the requested relief.  Counsel for Vickie L. Sewing takes no position.  Plaintiff's counsel oppose the requested relief.

**LEGAL ARGUMENT**

Pursuant to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint does not require detailed factual allegations it does need the grounds for entitlement of relief and these grounds must be more than a statement of the elements of the claim.

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the **1965 "grounds" of his "entitle[ment] to relief" requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

There must be more than **"the mere metaphysical possibility that** *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

A Plaintiff cannot bring state claims against a government employee when that employee is acting within the scope of his or her employment unless there is a specific waiver of immunity pursuant to the NMTCA. *See Williams v. Bd. of Regents of Univ. of New Mexico*, No. CIV 13-0479 JB/WPL, 2014 WL 1961920 (D.N.M. Apr. 29, 2014) (A plaintiff may not sue a New Mexico governmental entity, or its employees or agents, unless the plaintiff's cause of action fits within one of the exceptions created for governmental entities and public employees in the NMTCA.) If there is no waiver pursuant to the NMTCA a complaint or allegation against a governmental agency or employee must be dismissed. *Id.* (Thus, if no specific waiver can be found in the NMTCA, a plaintiff's complaint against the governmental entity or its employees must be dismissed.)

In her complaint at Count X, Plaintive does not point to any specific waiver she claims under the NMTCA which would waive Defendant Montoya's claims of immunity. Pursuant to the NMTCA and established case law, if no waiver exists than any public entity or employ are immune from liability and the claims against them must be dismissed..

> "A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act[1] and by Sections 41-4-5 through 41-4-12 NMSA 1978. Waiver of this immunity shall be limited to and governed by the provisions of Sections 41-4-13 through 41-4-25 NMSA 1978, but the waiver of immunity provided in those sections does not

3

waive immunity granted pursuant to the Governmental Immunity Act." N.M. Stat. Ann. § 41-4-4 (West)

Because there is not a waiver of immunity under any of the specific waivers in the NMTCA for negligence per se, Plaintiff's Count X of the First Amended Complaint must be dismissed.

## CONCLUSION

Because there is not a specific waiver pursuant to the NMTCA for negligence per se, and there are no set of facts even if taken as true that would entitle Plaintiff to relief pursuant to Count X, Defendant Montoya's Motion to Dismiss should be granted.

Respectfully submitted,

**WALZ AND ASSOCIATES, P.C.**

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.
*Attorney for Defendants Española Public Schools, and Ruby E. Montoya*
133 Eubank Blvd. NE
Albuquerque, NM 87123
505-275-1800

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 28th day of April, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP
Carolyn M. Nichols, Esq.
Brendan K. Egan, Esq.
Alicia C. Lopez, Esq.
500 4th St., NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443

BROWN LAW FIRM
Kevin Brown, Esq.
Desiree D. Gurule, Esq.
Keya Koul, Esq.
Daniel J. Macke, Esq.
3777 The American Road NW, Suite 100
Albuquerque, NM 87114
(505) 292-9677

NARVAEZ LAW FIRM
Henry Narvaez, Esq.
Carlos Sedillo, Esq.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.