IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                        Case No. 14-cv-00385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

## DEFENDANT RUBY E. MONTOYA'S SECOND MOTION AND MEMORANDUM TO DISMISS COUNT X, (PLAINTIFS (SIC) COMMON LAW NEGLIGENCE PER SE CLAIM AGAINST DEFENDANTS SEWING AND MONTOYA) FOR FAILURE TO GIVE NOTICE AND COMMENCE HER ACTION WITHIN THE STATUTE OF LIMITATIONS

COME NOW Defendant Ruby E. Montoya, by and through her counsel of record, Jerry A. Walz, Walz and Associates, P.C., and pursuant to the Rules of Federal Procedure, Rule 12(b)(6) hereby requests the Court dismiss Plaintiff's claims in Count X against Defendant Montoya on the following grounds.[1]

### INTRODUCTION

This case has been in litigation since the filing of Plaintiff's complaint on February 27, 2014, in First Judicial District Court. The case was removed to U.S. District Court on April 25, 2014 [Doc. 1]. The Plaintiff filed a First Amended Complaint, which is the operative complaint, on May 5, 2014 [Doc. 7]. Plaintiff was born on March 30, 1998 and was therefore 15 years of age

---

[1] A previous motion to dismiss Defendant Ruby E. Montoya on the grounds of no waiver of immunity pursuant to the Tort Claims Act was filed on April 28, 2015, [Doc. 118]. This motion to dismiss is based on different grounds as identified in the motion and memorandum.

when the original claim was filed on February 27, 2014. In the First Amended Complaint in Count X, (Plaintifs (sic) Common Law Negligence Per Se Claim Against Defendants Sewing and Montoya), Plaintiff claims that Defendant Montoya had a duty provided by statute as a school official to report that a child is being abused to law enforcement or CYFD. The alleged abuse occurred during the 2007/08 school year. *First Amended Complaint [Doc. 7], ¶ 174.* Plaintiff's father reported the alleged abuse to law enforcement on April 14, 2009. *First Amended Complaint [Doc. 7], ¶ 206.*

As stated in the First Amended Complaint, "At all times material hereto, Defendant Montoya was a public employee as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3 (F), as amended. Defendant Montoya acted in the course and scope of her duties as an EPS employee and under color of state and/or local law." *First Amended Complaint [Doc. 7], ¶ 174.*

Defendant Española Public Schools and Ruby E. Montoya, in her individual capacity, identified collectively as the "EPS Defendants" filed their answer to the First Amended Complaint on May 19, 2014. [Doc. 14, p. 1]

Defendant continues to maintain that Plaintiff's claims for relief for negligence per se as claimed under Count X of Plaintiff's First Amended Complaint are barred because there is not a waiver pursuant to the New Mexico Tort Claims Act as shown by the argument in Defendant Montoya's First Motion to Dismiss. [Doc. 118]. However, even if the Court were to determine this claim is allowed, this motion addresses the state claims advanced against EPS Defendant Ruby E. Montoya that are not allowed because Plaintiff failed to provide proper notice of intent to bring a complaint and failure to commence her action within the applicable statute of limitations.

Counsel for Defendant Gregor takes no position as to the requested relief. Counsel for Vickie L. Sewing takes no position. Plaintiff's counsel oppose the requested relief.

## LEGAL ARGUMENT

During the period of time identified in Plaintiff's First Amended Complaint, [Doc.7], Defendant Ruby Montoya was a public employee acting within the course and scope of her duties as an administrator within the Española Public School District. She was the principal at Fairview Elementary School. As a principal and public employee, Defendant Montoya is granted immunity from liability for any tort unless there is a waiver of immunity pursuant to the New Mexico Tort claims Act. Further, the process for claims being brought against public employees is specified in the Act.

> "A. A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act[1] and by Sections 41-4-5 through 41-4-12 NMSA 1978. Waiver of this immunity shall be limited to and governed by the provisions of Sections 41-4-13 through 41-4-25 NMSA 1978, but the waiver of immunity provided in those sections does not waive immunity granted pursuant to the Governmental Immunity Act." *N.M. Stat. Ann.* § 41-4-4(A) (West)

Pursuant to N.M. Stat. Ann. § 41-4-16, a Plaintiff must provide to "…the superintendent of the school district for claims against the school district… within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury." *N.M. Stat. Ann.* § 41-4-16(A). Plaintiff did not provide any written notice of claims within ninety days of any claimed abuse to Plaintiff. The latest possible date Plaintiff knew or should have known of the potential claims against the school district was at least the time Plaintiff's father filed a police report concerning the claims on April 14, 2009. Plaintiff did not provide notice and did not initiate her

legal action until the complaint was filed in State District Court on February 27, 2014, more than 58 months after the knowledge of possible alleged abuse occurred. There is no good faith arguments, that her parents, who are bringing this action on her behalf, did not have actual knowledge of the alleged event but failed to comply with the mandatory notice requirements and time limits set forth in the Tort Claims Act.

Likewise, pursuant to *N.M. Stat. Ann*. § 41-4-15, "Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death." *N.M. Stat. Ann*. § 41-4-15(A). The latest time that Plaintiff knew or should have known is when Plaintiff's father filed a police report concerning the claims on April 14, 2009. The time limitations for commencing an action against a public employee pursuant to the New Mexico Tort Claims Act commences when a plaintiff has discovered an injury and the cause of injury or loss. *Maestas v. Zager*, 2007-NMSC-003, 141 N.M. 154, 160-61, 152 P.3d 141, 147-48 (Additionally, a cause of action brought under Section 41–4–15(A) will accrue regardless of whether or not the plaintiff is aware of the full extent of his or her injury. Once a plaintiff has discovered his or her injury and the cause of that injury, the statute of limitations begins to run.) *Armijo v. Regents of Univ. of New Mexico*, 1984-NMCA-118, 103 N.M. 183, 187, 704 P.2d 437, 441 rev'd in part, 1985-NMSC-057, 103 N.M. 174, 704 P.2d 428 (Under Section 41–4–15(A), the limitation period begins to run from the time of loss, or injury.)

Plaintiff did not initiate this action or otherwise give notice until filing her complaint in State District Court on February 27, 2014, almost five years after the latest possible date she had knowledge or should have had knowledge based on the actions of her father in filing a police

4

report. This is almost three years after the statute of limitations had run and Plaintiff's claims in Count X are barred. .

## CONCLUSION

Plaintiff did not provide proper notice of a state claim and did not initiate any action until the applicable statute of limitations had run pursuant to the New Mexico Tort Claims Act and there are no set of facts even if taken as true that would entitle Plaintiff to relief under Count X pursuant to the statute of limitations and notice requirements mandated by the New Mexico Tort Claims Act, therefore, Defendant Montoya's Second Motion to Dismiss should be granted.

Respectfully submitted,

**WALZ AND ASSOCIATES, P.C.**

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.
*Attorney for Defendants Española Public Schools, and Ruby E. Montoya*
133 Eubank Blvd. NE
Albuquerque, NM 87123
505-275-1800

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 1st day of May, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP
Carolyn M. Nichols, Esq.
Alicia C. Lopez, Esq.
500 4th St., NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443

BROWN LAW FIRM
Kevin Brown, Esq.
Desiree D. Gurule, Esq.
Keya Koul, Esq.
Daniel J. Macke, Esq.
3777 The American Road NW, Suite 100
Albuquerque, NM 87114
(505) 292-9677

NARVAEZ LAW FIRM
Henry Narvaez, Esq.
Carlos Sedillo, Esq.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.