IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                    Case No. 2014-CV-00385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

Defendants.

### PLAINTIFFS' JOINT RESPONSE TO DEFENDANT RUBY E. MONTOYA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (DOC. 118) AND SECOND MOTION AND MEMORANDUM TO DISMISS COUNT X (DOC. 122)

Plaintiff K.S., by and through her parents and next friends, T.S. and A.R., submits this response to *Defendant Ruby E. Montoya's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* (Doc. 118) (Montoya's "first motion") and *Defendant Ruby E. Montoya's Second Motion and Memorandum to Dismiss Count X[ ] (Plaintiff's Common Law Negligence Per Se Claim Against Sewing and Montoya) for Failure to Give Notice and Commence Her Action Within the Statute of Limitations* (Doc. 122) (Montoya's "second motion"). Montoya's first motion seeks to dismiss Plaintiff's claim against her for common-law "negligence per se," despite the fact that Plaintiff specifically withdrew that claim in her pending motion for leave to amend, which was filed more than two months before Montoya's motion. Accordingly, should Plaintiff's motion to amend be granted, Montoya's first motion to dismiss

should be denied as moot. Montoya's second motion seeks to dismiss the same "negligence per se" claim on the alternate grounds that Plaintiff failed to comply with the notice requirement and statute of limitations imposed by the New Mexico Tort Claims Act ("TCA"). Montoya's second motion should also be denied, in light of the facts that (1) the motion is moot, as noted above; (2) Plaintiff's "negligence per se" claim was brought under the common law, not the TCA, as Plaintiff has already explained in multiple pleadings; and (3) even if the challenged claim was brought under the TCA, which it was not, Plaintiff is not subject to TCA's notice- or statute-of-limitations requirements.

## LEGAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001) (quotation and citation omitted). A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993). A motion to dismiss should be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). Thus, in considering a Rule 12 (b)(6)

motion, a court must assume all well pleaded facts to be true, and must draw all reasonable inferences in favor of a plaintiff. See Housing Authority of the Kaw Tribe v. City of Ponca, 952 F.2d 1183, 1187 (10th Cir. 1991); Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support her claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ARGUMENT

### Montoya's First Motion Should Be Denied as Moot, Provided Plaintiff's Motion to Amend is Granted

In moving to dismiss Plaintiff's former Count X for "negligence per se," Montoya follows in the footsteps of her co-Defendant, Vickie Sewing, who moved to dismiss the same claim as asserted against her for the same reason – that the TCA did not waive immunity for suits based on certain types of negligence -- on January 15, 2015. (Doc. 64). In her response to Sewing's motion, Plaintiff acknowledged that her negligence claims against Sewing and Montoya would be better asserted under the TCA's § 41-4-6 (which exempts from immunity "liability for damages resulting from *bodily injury*, wrongful death or property damage *caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building. . .*"). *See* NMSA 1978 § 41-4-6. Thus, notwithstanding the fact that her "negligence per se" claim had already withstood Sewing's 12(b)(6) motion for failure to state a claim, Plaintiff withdrew the claim and moved the Court to allow her to amend the operative Complaint to re-state the legal basis for her negligence claims against Sewing and Montoya under § 41-4-6. *See* Doc. 83 at 1-4. Plaintiff's motion for leave to amend -- and

3

concomitant request that Sewing's motion to dismiss the former Count X for common-law negligence as moot – is currently pending before this Court.

Accordingly, because Plaintiff withdrew her former Count X over two months before Montoya filed the instant motion to dismiss it, Montoya's first motion should be denied as moot, should Plaintiff's motion to amend be granted.

**Montoya's Second Motion Should Be Dismissed Because it is Both Moot and Misstates the Law of New Mexico**

In her second motion, Montoya argues that Plaintiff's Count X for "negligence per se" should also be dismissed because Plaintiff has failed to bring the instant lawsuit within the statute of limitations or meet the notice requirement provided by the TCA. Montoya's argument is misguided for several reasons. First, as recounted above, there is no remaining Count X for "negligence per se" against Montoya if Plaintiff's request for relief is granted. Indeed, even if Plaintiff had not acknowledged that this Court's prior rulings made her "negligence per se" claim no longer viable, *see discussion,* Doc. 83 at 1-4, that claim was brought under the common law, and as such, was not subject to any limitations imposed by the TCA. While Plaintiff *has* sought leave of Court to restate the legal basis for her negligence claim against Montoya under § 41-4-6 of the TCA (now set forth in Count V of her proposed Amended Complaint) (*see* Doc. 83 Ex.1), her motion for leave to amend is still pending. Thus, to the extent that Montoya seeks dismissal of a proposed claim, her motion is obviously premature.

*Plaintiff is Not Subject to the Statute of Limitations Imposed by the TCA*

However, even if Montoya had asserted her arguments in the correct forum – in opposing Plaintiff's motion for leave to amend – they would still be legally incorrect. In support of her contention that the statute of limitations has passed for bringing a TCA negligence claim against

4

her, Montoya points to the limitations provision in the TCA, which states that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death." (Doc. 122 at 4) (quoting NMSA § 41-4-15). This position, perfunctorily asserted, ignores the wealth of New Mexico case law specifically tolling the TCA's statute of limitations for claims brought on behalf of injured children.

Indeed, the New Mexico Supreme Court has specifically held that the provision cited by Montoya, "NMSA § 41-4-15, which requires a child of the age of seven years or more to file a claim within two years after the fate of occurrence . . . violates Due Process principles under the New Mexico Constitution." *Campos v. Murray,* 139 N.M. 454, 455 (2006). Like the instant case, *Campos* involved a negligence claim brought in this Court under the TCA against public employees by the mother of a sexually-assaulted child, who accused the employees of failure to protect the child from sexual abuse. Upon the defendants' moving to dismiss the plaintiff's negligence claim as time-barred under § 41-4-15, Judge Bruce Black certified to the New Mexico Supreme Court the question of whether the limitations period imposed by the TCA violates the due process rights of children "of the age of seven years or more" (the New Mexico Court of Appeals having previously held that § 41-4-15 violated the due process rights of a child who was under the age of seven when the injury at issue occurred and who did not file suit by his ninth birthday, in *Jaramillo v. Bd. of Regents of Univ. of New Mex. Health and Sciences Center,* 130 N.M. 256 (2001)). The Supreme Court resolved the issue by considering "whether it is reasonable to expect a person in the injured child's circumstances to meet the TCA requirement," and concluded it was not:

> We see no appreciable difference between an injury that occurs when a child is two or an injury that occurs when the child is eight. A two-year-old, an eight-year-old, or even an

5

> eleven-year-old, are all equally unable to comply with the statute of limitations requirement at such an age. . . . According to the facts presented to us, J.C. was eight when she was assaulted, and the statute of limitations required that she file suit by age ten. It is unreasonable as a matter of law to ignore the effects of such an extreme burden on a child of such tender years.

*Campos,* 139 N.M. at 743, 744-745. The Supreme Court's analysis in *Campos* was not affected by the fact that it was the parent who ultimately filed the TCA claim on behalf of her child, as the court held that "[i]t would be a poor policy choice for our Legislature to penalize a child, already injured" for her mother's not filing suit within the TCA's statute of limitations. *Id.* at 745; *see also Rider v. Albuquerque Pub. Schs.,* 122 N.M. 237, 237-38 (Ct. App. 1996). The New Mexico Supreme Court's ruling in *Campos* and the Court of Appeals' ruling in *Jaramillo* are part of the New Mexico appellate courts' "long tradition of interpreting laws carefully to safeguard minors . . . [that reveals] concern[s] about the possibility of imposing liability on parents who do not bring timely claims on behalf of minors." *Jaramillo v. Heaton,* 136 N.M. 498, 502 (2004) (internal quotation omitted); *see also Jaramillo v. Bd. of Regents,* 130 N.M. at 257 (New Mexico cases "involving children do not focus on the absolute or relative length of time of the requirement, and instead focus on whether it is reasonable to expect a person in the injured child's circumstances to be able to meet the requirement"). The "reasonableness" standard employed in these cases "is meant to protect children whose claims involve the special disability of being a minor . . . as a matter of due process, a child who is incapable of meeting a statutory deadline cannot have that deadline applied to bar the child's right to legal relief."[1] *Campos,* 139 N.M. at 457 (internal quotation omitted).

---

[1] Although the New Mexico Supreme Court did not reach the issue of what would be the applicable limitations period for the child sex-abuse victim in *Campos*, Plaintiff submits that the relevant standard is set forth at NMSA § 37-1-30, which provides that "[a]n action for damages based on personal injury caused by childhood sexual abuse shall be commenced by a person before the latest of the following dates: (1) the first instant of the person's twenty-fourth birthday; or (2) three years from the date of the time that a person knew or had reason to know of the

6

Accordingly, because application of the two-year statute of limitations would violate Plaintiff's due process rights, it does not apply to Plaintiff's proposed Amended Complaint.

*Plaintiff is Not Subject to the TCA's Notice Requirement*

Equally inaccurate is Montoya's argument that Plaintiff's former Count X against her should be barred for failure to comply with the notice requirement of the TCA. *See* NMSA § 41-4-16 (providing that victim notify the government entity against which a TCA claim is being asserted "within ninety days after an occurrence giving rise to a claim"). Montoya contends that "[t]he latest possible date Plaintiff knew or should have known of the potential claims against the school district was at least the time Plaintiff's father filed a police report concerning the claims on April 14, 2009," so that Plaintiff was required to provide Montoya with notice of her TCA claim no more than ninety days after. (Doc. 122 at 3-4). She further opines, without further elaboration, that "[t]here is no good faith arguments [sic] that [Plaintiff's] parents, who are bringing this action on her behalf, did not have actual knowledge of the alleged event but failed to comply with the mandatory notice requirements and time limits set forth in the [TCA]." *Id.* at 4.

On the contrary, New Mexico courts have repeatedly applied a "reasonableness" standard to find that "the ninety-day notice requirement can be unreasonable as applied to minors, depending on the circumstances, and further that the burden of giving notice could not be placed on another, such as a parent or grandparent, absent legislative creation of such a duty." *Campos,* 139 N.M. at 744 (quotation and marks omitted)*; see also Jaramillo,* 130 N.M. at 258 ("as a matter of due process, a child who is incapable of meeting a statutory deadline cannot have that

---

childhood sexual abuse and that the childhood sexual abuse resulted in an injury to the person, as established by competent medical or psychological testimony."

7

deadline applied to bar the child's right to legal relief"); *Rider,* 122 N.M. at 238 (six-year-old first grader "had no ability to comply with the ninety day notice provision" of the TCA, nor did the provision apply to the grandparents who eventually brought suit on her behalf, as New Mexico's "tradition [of safeguarding minors] would be seriously undercut and children unnecessarily put at risk if we were to infer a parental duty to act for the child from no more than legislative silence").

It is self-evident that where, as in *Campos*, New Mexico courts have found it unreasonable to expect a child victim of sexual abuse over the age of seven to meet the statute of limitations imposed by the TCA, it is equally unreasonable to expect that victim to meet the ninety-day notice provision. Indeed, in *Jaramillo v. Bd. of Regents,* the Court of Appeals examined whether the limitations provision violated a child victim's due process rights by examining the related question of whether the notice requirement violated the child's due process rights. *Jaramillo,* 130 N.M. at 257. In doing so, the court observed that "our cases do not distinguish notice and limitations provisions for due process purposes." *Id.; see also Tafoya v. Doe*, 100 N.M. at 328 (Ct. App. 1983) ("statutes requiring tort victims to give governmental tortfeasors notice of an injury within a specific period of time operate as statutes of limitations") (holding that TCA's notice provision was void as violating baby's due process rights) (internal quotation omitted). Accordingly, because the New Mexico Supreme Court has held that the TCA's statute of limitations provision violates the due process rights of child victims similarly situated to Plaintiff, it necessarily follows that the TCA's notice provision does as well.

## CONCLUSION

WHERFORE, for the reasons set forth above, *Defendant Ruby E. Montoya's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* (Doc. 118) and *Defendant Ruby E. Montoya's Second Motion and Memorandum to Dismiss Count X[ ] (Plaintiff's Common Law Negligence Per Se Claim Against Sewing and Montoya) for Failure to Give Notice and Commence Her Action Within the Statute of Limitations* (Doc. 122) should be denied as moot.

>Respectfully Submitted,
>
>ROTHSTEIN, DONATELLI, HUGHES,
>  DAHLSTROM, SCHOENBURG & BIENVENU, LLP
>
>/s/ Alicia C. Lopez 5/15/2015
>CAROLYN M. "CAMMIE" NICHOLS
>ALICIA C. LOPEZ
>500 Fourth Street NW, Suite 400
>Albuquerque, NM 87102
>(505) 243 1443
>cmnichols@rothsteinlaw.com
>alopez@rothsteinlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of May, 2015, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

>/s/ Alicia C. Lopez 5/15/2015
>ROTHSTEIN, DONATELLI, HUGHES,
>  DAHLSTROM, SCHOENBURG & BIENVENU, LLP