IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                                      Case No. 2014-CV-00385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

Defendants.

## PLAINTIFFS' RESPONSE TO DEFENDANT GARY GREGOR'S
## MOTION TO DISMISS (DOC. 117)

Plaintiff K.S., by and through her parents and next friends, T.S. and A.R., submits this response to *Defendant Gary Gregor's Motion to Dismiss* (Doc. 117). In his motion, Gregor seeks dismissal of three of the four counts asserted against him in the operative Complaint[1] − for common law battery, common law "negligence per se," and common law intentional infliction of emotional distress – on the grounds that any claims for tortious conduct against him should have been brought under the New Mexico Tort Claims Act ("TCA"), which does not waive immunity from liability for these offenses. Because Gregor was not acting within the scope of his duties as an elementary school teacher when he sexually abused Plaintiff, the TCA is not the proper

---

[1] As Gregor notes, Plaintiff's motion for leave to amend the operative Complaint is currently pending before this Court. *See* Doc. 83, Exs. 1 and 2. Because the only proposed amendment relating to Gregor specifies the underlying statutory violations he committed, pursuant to Plaintiff's claim that Gregor, acting in his personal capacity, committed conduct constituting negligence per se, Plaintiff's proposed amendments will have no bearing on the arguments set forth in the instant motion.

mechanism for suing him. *See* NMSA 1978, § 41-4-4 (granting public employees "immunity from liability for any tort" not waived by the TCA, committed "while acting *within the scope of duty*") (emphasis added). Therefore, because Plaintiff has properly asserted the claims in issue under the common law, Gregor's motion should be denied.

**LEGAL STANDARD**

Under Rule 12(b)(6), a complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001) (quotation and citation omitted). A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993). A motion to dismiss should be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). Thus, in considering a Rule 12 (b)(6) motion, a court must assume all well pleaded facts to be true, and must draw all reasonable inferences in favor of a plaintiff. *See Housing Authority of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will

prevail ultimately, but whether a plaintiff is entitled to offer evidence to support her claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**ARGUMENT**

As an initial matter, Plaintiff acknowledges that the operative Complaint contains a paragraph, under "Parties," describing Gregor as "a public employee" as defined by the TCA, and asserting that he "acted in the course and scope of his duties as an SFPS and EPS employee" during the relevant time period. (Doc. 7 Cplt. ¶ 7). Plaintiff's Complaint has undergone many revisions since its inception, and this language was left in inadvertently, after Plaintiff came to recognize, through researching the issue, that Gregor was acting outside the scope of his duties under New Mexico law and set forth the rest of her Complaint accordingly. *See infra* at 4-6. Indeed, as Gregor notes, the Complaint elsewhere makes plain that the TCA provides "a basis for liability against Defendants SFPS and EPS," not Gregor, and the counts in tort against Gregor "all state that they are under the [c]ommon [l]aw and have no reference to the [TCA]." (Doc. 117 at 2) (citing Doc. 7 Cplt. at ¶ 8, Counts VII, VIII, and IX); *see also* Doc. 117 at 4 (Gregor noting that the claims in issue "appear [to be] brought under the common law and not the [TCA]"). Thus, Paragraph 7 of the operative Complaint should not be evaluated in considering Gregor's motion. Plaintiff regrets the oversight and any confusion it may have caused.

**Plaintiff May Assert Common Law Tort Claims Against Gregor, Because He Was Acting Outside the Scope of His Duties When He Sexually Abused Her**

In moving to dismiss Plaintiff's common law claims against him, Gregor appears to contend that it should be accepted as a given that he was acting within the scope of his duties at all relevant times, so that no common law tort claims can lie against him. Indeed, in the section of his argument devoted to the theory that Plaintiff's claims should be dismissed for not being

3

brought under the TCA, Gregor asserts only that the TCA "is the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the [TCA]. Accordingly, Plaintiff's [c]ommon [l]aw claims . . . should be dismissed against Defendant Gregor, as they were not brought under the [TCA]." (Doc. 117 at 4-5). This is plainly insufficient to merit dismissal of Plaintiff's claims.

In New Mexico, "scope of duty" is defined as "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." NMSA 1978, § 41-4-3(G). "Whether an employee is acting within the scope of duty is generally a question of fact and dismissal is not appropriate unless only one reasonable conclusion can be drawn from the facts presented." *Chavez v. Los Lunas Pub. Sch. Dist. ex rel. Bd. of Educ.*, 2010 WL 8522491, at *1 (D.N.M. Nov. 1, 2010) (not reported) (quotation omitted). The New Mexico Supreme Court has made clear that if any facts would permit a jury to find the employee's conduct unauthorized, a motion to dismiss would be improper. *See Celaya v. Hall,* 135 N.M. 115, 122, 85 P.3d 239, 246 (2004) (noting that "[o]nly the fact-finder can determine the weight, if any, to be given Defendant's testimony in regard to the purported nexus between the incident and Defendant's official duties"). Moreover, the law of New Mexico is well-settled that, as the defendant to the claims, Gregor has the burden to show, as an affirmative defense, that the tortious conduct alleged by Plaintiff fell within the scope of his duties within the meaning of the TCA. *Lobato v. New Mexico Env't Dep't, Envtl. Health Div.*, 838 F. Supp. 2d 1213, 1220 (D.N.M. 2011); *Celaya,* 135 N.M. at 122, 85 P.3d at 245.

As noted above, Gregor does not even attempt to meet this burden in his opening brief, which conclusorily (and incorrectly) asserts that Plaintiff's tort claims should be dismissed because the TCA "is the exclusive remedy against a . . . public employee." (Doc. 117 at 4).

4

While Gregor's non-argument alone mandates the denial of his motion,[2] Plaintiff has also alleged sufficient specific facts showing that Gregor's actions were outside the scope of duties that Espanola Public Schools requested, required, and authorized him to perform. *See* NMSA 1978, § 41-4-3(G). Specifically, Plaintiff alleges, *inter alia,* that Gregor "touched both her legs, inside her thighs, and, apparently touched her vagina"; "put his thumb inside her pants to touch her on her bare skin"; "put his hand up her skirt (when she wore a skirt) to touch her on her bare skin"; "kissed or licked her ear"; and "would hold her hands." (Doc. 7 ¶ 179). There is no legal authority of which Plaintiff is aware holding that, because many of these acts occurred on school property, Gregor was *ipso facto* acting within the scope of his duties as a matter of law.

On the contrary, New Mexico courts have consistently declined to dismiss claims against public employees on the ground that a reasonable fact-finder could determine that a defendant's action were either within or outside the scope of duties that his employer authorized him to perform. *See, e.g., Lobato,* 838 F. Supp. 2d at 1221 (court denied motion to dismiss plaintiff's common-law tort claims where defendant argued that he was a public employee acting within the scope of his duties, who enjoyed TCA immunity; court observed that "whether an employee is acting within the scope of duty is a fact question," and that plaintiff did not allege that defendant attacked him "in furtherance of his official duties," that the attack was "authorized by any supervisor," or that defendant used his official duties "as a ruse to corner" plaintiff)*; see also Chavez,* 2010 WL 8522491 at *7) (question of fact existed as to whether defendant was within the scope of his duties where plaintiff's claim under the TCA asserted that he "committed the

---

[2] Even if Gregor attempts to remedy this deficiency in his reply, absent exceptional circumstances, courts in this circuit do not consider arguments raised for the first time in a reply brief. *See Hill v. Kemp,* 478 F.3d 1236, 1250-51 (10th Cir. 2007); *Taylor v. United Mgmnt.*, 51 F.Supp.2d 1212, 1215 n.2 (D.N.M. 1999).

5

torts while he was supervising her"); *Celaya,* 135 N.M. at 122 (question of fact as to whether defendant was within scope of his duties where parties disputed whether he was on authorized errand when he drove over plaintiff's foot in company vehicle).

The rare cases in which the court found that a defendant was acting within the scope of his duties as a matter of law have nothing in common with the instant case. In *Henning v. Rounds*, 142 N.M. 803, 171 P.3d 317, 320, 322 (N.M. App. 2007), the court found that a school principal's actions were well within the scope of his duties where the evidence showed that the principal harassed the plaintiff only by using procedures that were authorized by his public school employer, like requiring the plaintiff to watch instructional teaching videos and participate in a professional improvement plan. Similarly, in *Gerald v. Locksley*, 785 F.Supp.2d 1074, 1137 (D.N.M. 2011), this court held that the defendant was acting within the scope of his duties as a matter of law where the challenged attack "was under the guise of a disciplinary action against the [p]laintiff, who had incurred the [d]efendant's displeasure for the team's performance during a game." Here, while Gregor undoubtedly took advantage of his hiring by EPS to commit obscene acts on Plaintiff and other children, the acts in issue were in no way pursuant to, or even incidental to, the performance of his duties, like the discipline imposed by the defendants in *Henning* and *Gerald*.[3]

---

[3] Plaintiff anticipates that Gregor may seize on Plaintiff's assertion that Gregor was acting outside the scope of his duties as constituting a concession that he could not have been acting "under color of state law" for purposes of proving Plaintiff's Count I against him under 42 U.S.C. § 1983. *See* Doc. 7, Cplt. ¶¶ 220-230. Plaintiff observes that this court has specifically rejected the argument that, by alleging that a defendant "acted under color of state law," the plaintiff "implicitly alleged that [the defendant] acted in the scope of his duties." *Lobato,* 838 F.Supp.2d at 1230 n.4. The court observed that an allegation that a defendant acted under color of state law "does not mean that [the defendant] committed the [alleged torts] with actual government authorization. It is the latter fact that is necessary to show that the [alleged torts] occurred within the scope of [the defendant's] employment." *Id.*

Accordingly, because Gregor has not met his burden of showing that the tortious conduct alleged by Plaintiff fell within the scope of his duties within the meaning of the TCA, the instant motion should be dismissed.

**Gregor's Remaining Arguments Are Moot**

Because Plaintiff has once again clarified that the challenged claims are brought under the common law, she need not address Gregor's alternative argument that, if the claims in issue were brought under the TCA, they should be barred for failure to comply with the TCA's statute of limitations or notice requirements.[4]

## CONCLUSION

WHERFORE, for the reasons set forth above, *Defendant Gary Gregor's Motion to Dismiss* (Doc. 117) should be denied.

Respectfully Submitted,

ROTHSTEIN, DONATELLI, HUGHES,
  DAHLSTROM, SCHOENBURG & BIENVENU, LLP

/s/ Alicia C. Lopez 5/28/2015
CAROLYN M. "CAMMIE" NICHOLS
ALICIA C. LOPEZ
500 Fourth Street NW, Suite 400
Albuquerque, NM 87102
(505) 243 1443
cmnichols@rothsteinlaw.com
alopez@rothsteinlaw.com

---

[4] Plaintiff observes, however, that Gregor's argument is legally incorrect, as these requirements do not apply to minors in Plaintiff's circumstances. *See* Doc. 130 at 4-8 (Plaintiff explaining, in response to motions to dismiss brought by Gregor's Co-Defendant Ruby Montoya, why New Mexico courts have consistently tolled these requirements where TCA claims are asserted on behalf of injured children).

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on the 28th day of May, 2015, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                      <u>/s/ Alicia C. Lopez 5/28/2015</u>
                                      ROTHSTEIN, DONATELLI, HUGHES,
                                        DAHLSTROM, SCHOENBURG & BIENVENU, LLP