IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                              Case No. 14-CV-00385 SCY/KBM

THE SANTA FE PUBLIC SCHOOLS;
VICKIE L. SEWING, in her individual capacity;
THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

**DEFENDANT RUBY E. MONTOYA'S REPLY IN SUPPORT OF HER MOTIONS TO DISMISS FOR FAILIRE TO STATE A CLAIM (Doc 118) AND SECOND MOTION TO DISMISS COUNT X FOR FAILURE TO GIVE NOTICE AND COMMENCE HER ACTION WITHIN THE STATUTE OF LIMITATIONS (Doc 122)**

    COMES NOW Defendant Ruby E. Montoya, by and through her counsel of record, Jerry A. Walz, Walz and Associates, P.C., and for her reply in support of her Motions to Dismiss (Docs. 118 and 122) states the following:

**INTRODUCTION**

    On April 28, 2015, Defendants filed her Motion to Dismiss for Failure to State a Claim stating that Plaintiff's claim for negligence per se is bared by the New Mexico Tort Claims Act. (Doc 118) Subsequently, on May 1, 2015, Defendant filed her Second Motion to Dismiss arguing that Plaintiff failed to bring her claim for negligence per se within the applicable statute of limitations. (Doc 122.) On May 15, 2015, Plaintiff filed a joint response to both of Defendant's motions. (Doc 130.)[1]

---

[1] Plaintiff filed a motion to amend her complaint on February 23, 2015. (Doc 83.)

In her Response, Plaintiff claims that she "withdrew" Count X, negligence per se, of her lawsuit rendering Ruby E. Montoya's Motion to Dismiss Moot. (Doc 130 at 3.) However, Plaintiff also states in the alternative, "Montoya's first motion should be denied as moot *should* Plaintiff's motion to amend be granted." (See Doc 130 at 3.) (Emphasis supplied.) Plaintiff is simultaneously arguing that Count X is withdrawn and therefore the motion is moot but if it is not withdrawn the matter is not moot. Plaintiff should not be allowed to have it both ways. Plaintiff cannot conditionally withdraw Count X with the expectation that her motion to amend will be granted while ignoring the relevant legal authority applicable to Count X in its current form.

**LEGAL ARGUMENT**

Plaintiff's Response fails to address Defendant's argument that the New Mexico Tort Claims Act ("NMTCA") provides state employees with immunity from suit unless the alleged action fits within one of the specific enumerated waivers of immunity. Here, Plaintiff's operative Complaint fails to identify any waiver under the NMTCA which waives Ruby E. Montoya's claim of immunity. Perhaps recognizing this point, and apparently not disagreeing, Plaintiff argues that she has restated her claims for negligence in her proposed amended complaint to fit within an exception to the NMTCA. (Doc 130 at 3-4.) Yet, Plaintiff continues to equivocate and refuses to specifically state that Count X has been withdrawn regardless of the outcome of her motion to amend her complaint. For example Plaintiff states that "even if Plaintiff had not acknowledged that the Court's prior rulings made her 'negligence per se' claim no longer viable, *see discussion*, Doc 83 at 1-4, that claim was brought under the common law, and, as such, was not subject to any limitations imposed by the TCA." (Doc 130 at 4.) One moment Plaintiff acknowledges that her claim in not viable but within the same sentence provides argument for why it is still viable.

2

Notwithstanding the those internal contradictions, Plaintiff does not address the argument that Count X of the operative Complaint fails to state a state tort claim upon which relief can be granted. Whether Plaintiff is permitted to amend her complaint to include new theories of negligence is not relevant to whether she properly pled Count X in the operative Complaint. Because Plaintiff failed to identify the applicable waiver of the NMTCA, her cause of action based on negligence per se must be dismissed.

In reference to the issue of the statute of limitations, Defendant acknowledges that *Campos v. Murray*, 139 N.M. 454, 455 (2006) creates uncertainty with regard to calculation of the appropriate statute of limitation. However, while acknowledging this uncertainty, it still appears that based on prevailing case authority that the Plaintiffs' Section 1983 claims against the Espanola Defendants are bared based on the statute of limitations which will be addresses by separate motiontion. Notwithstanding, Plaintiff has failed to provide any argument disputing the allegation that the Count X fails as a matter of law and as a result that claim should be dismissed.

## CONCLUSION

Because there is not a specific waiver pursuant to the NMTCA for negligence per se, and there are no set of facts even if taken as true that would entitle Plaintiff to relief pursuant to Count X, Defendant Montoya's Motion to Dismiss should be granted.

    Respectfully submitted,

    **WALZ AND ASSOCIATES, P.C.**

    */s/ Jerry A. Walz*
    JERRY A. WALZ, ESQ.
    *Attorney for Defendants Española Public Schools, and Ruby E. Montoya*
    133 Eubank Blvd. NE
    Albuquerque, NM 87123
    505-275-1800

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 1st day of June, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP
Carolyn M. Nichols, Esq.
Brendan K. Egan, Esq.
Alicia C. Lopez, Esq.
500 4th St., NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443

BROWN LAW FIRM
Kevin Brown, Esq.
Desiree D. Gurule, Esq.
Keya Koul, Esq.
Daniel J. Macke, Esq.
3777 The American Road NW, Suite 100
Albuquerque, NM 87114
(505) 292-9677

NARVAEZ LAW FIRM
Henry Narvaez, Esq.
Carlos Sedillo, Esq.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.