IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                                                 Case No. 2014-CV-00385 SCY/KBM

THE ESPAÑOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

### PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff K.S., by and through her parents and next friends, T.S. and A.R., hereby requests that the Court amend its June 11, 2015 Order dismissing Plaintiff's common-law claims for battery, negligence *per se*, and intentional infliction of emotional distress against Defendant Gary Gregor.  *See* Doc. 141, Order at 16-18.  Plaintiff respectfully submits that the Court misapprehended her position that common law torts can lie against Gregor, a public employee, because he was acting outside the scope of his duties[1] at the time he sexually abused Plaintiff and other children.  Moreover, Plaintiff submits that the Court misapprehended the controlling law, which requires that Gregor, as Defendant to the claims in issue, has the burden to show that the tortious conduct alleged by Plaintiff fell within the scope of his duties within the meaning of the TCA.  *See Lobato v. New Mexico Env't Dep't. Envtl. Health Div.*, 838 F.

---

[1] Under the New Mexico Tort Claims Act ("TCA"), public employees are granted "immunity from liability for any tort" not waived by the TCA, committed "while acting *within the scope of duty*."  NMSA 1978 § 41-4-4 (emphasis added).  Consequently, public employees are *not* afforded TCA immunity for torts they commit while acting outside the scope of duty.  *Id.*

Supp. 2d 1213, 1220 (D.N.M. 2011) ("As an affirmative defense, defendant [ ] has the burden to show that the alleged assault and battery fell within the scope of his duties within the meaning of the [TCA]"); *Celaya v. Hall*, 135 N.M. 115, 122 85 P.3d 239, 246 (2004). Accordingly, amendment of the Court's June 11 Order is warranted to the extent that the Court dismissed Plaintiff's common law claims against Gregor as futile.

I.     **PERTINENT LEGAL STANDARD**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. Fed. R. Civ. P. 59(e). Grounds warranting a motion to alter or amend the judgment "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A court has discretion to grant a Rule 59(e) motion to reconsider when it "has misapprehended the facts, a *party's position*, or the *controlling law*." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (emphasis added). A Rule 59(e) motion for reconsideration "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotation and citation omitted). Reconsideration is "not available to allow a party to reargue an issue *previously addressed by the court* when the reargument merely advances new arguments or

supporting facts which were available for presentation at the time of the original argument." *FDIC v. United Pac. Ins. Co.,* 152 F.3d 1266, 1272 (10th Cir.1998) (emphasis added); *see also Brown v. Eppler,* 794 F. Supp. 2d 1238, 1242 (N.D. Okla. 2011).

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On April 27, 2015, Defendant Gregor moved to dismiss Plaintiff's "Counts VII, VIII, and IX for Common Law Battery, Common Law Negligence Per Se, and Common Law Intentional Infliction of Emotional Distress" against him. (Doc. 117 at 2). In support of his motion, Gregor correctly observed that the claims in issue appeared to have been brought under the common law; however, he then proceeded to argue incorrectly that the claims should have been brought under the TCA, because that statute "is the exclusive remedy [in tort] against a . . . public employee." *Id.* at 4. Gregor further observed that because the TCA did not waive immunity for liability for the torts of battery, negligence *per se*, and intentional infliction of emotional distress, Counts VII, VIII, and IX should be dismissed. *Id.*

Gregor's motion to dismiss did not address, let alone analyze, the TCA's requirement that the statute only grants immunity from liability for non-waived torts committed by a public employee "while acting within the scope of duty." NMSA 1978 § 41-4-4. Moreover, Gregor did not attempt to meet his burden to show, as an affirmative defense, that the tortious conduct alleged by Plaintiff at Counts VII, VIII, and IX fell within the scope of his duties within the meaning of the TCA. *See supra* at 1.

On May 28, 2015, Plaintiff responded to Gregor's motion to dismiss. (Doc. 135). In her response, Plaintiff again clarified that she did not press suit against Gregor under the TCA (making Gregor's argument that the TCA does not allow Plaintiff to sue for the

torts in issue irrelevant).  Rather, Plaintiff argued that she could sue Gregor for common law torts not waived by the TCA because Gregor was acting outside the scope of his duties as an elementary school teacher when he sexually abused her.  In support of her position, Plaintiff set forth authority showing that New Mexico courts require a public employee sued in common-law tort to demonstrate that he is protected by TCA immunity, as an affirmative defense, by showing that he was acting within the scope of his duties at the time of the alleged wrongful conduct.  *See id.* at 4.  Plaintiff also cited ample authority in support of her position that under the law of New Mexico, dismissal is inappropriate where any facts exist in the record from which a jury could determine that a public employee's actions were outside the scope of his duties.  *See Chavez v. Los Lunas Pub. Sch. Dist. ex rel. Bd. of Educ.*, 2010 WL 8522491, at *1 (D.N.M. Nov. 1, 2010) (not reported) ("Whether an employee is acting within the scope of duty is generally a question of fact and dismissal is not appropriate unless only one reasonable conclusion can be drawn from the facts presented") (quotation omitted); *see also Plaintiff's response brief*, Doc. 135 at 5-6 (collecting cases).

On June 10, 2015, Gregor filed a reply in support of his motion to dismiss.  (Doc. 139).  Gregor's reply was wholly devoted to the new argument that a single stray, inconsistent reference in the Complaint (set forth under "Parties," not included anywhere near the counts in issue) to Gregor acting within the scope of his duties under the TCA was a "judicial admission" on which Gregor had relied, and was binding on Plaintiff.  (Plaintiff having previously explained in her response brief, *see* Doc. 135 at 3, that her Complaint had "undergone many revisions since its inception" and that the language in issue "was left in inadvertently, after Plaintiff came to realize, through researching the

4

issue, that Gregor was acting outside the scope of his duties under New Mexico law and set forth the rest of her Complaint accordingly").

On June 11, 2015, this Court entered an Order ruling on several dispositive motions brought by the various Defendants in this case, including Gregor's motion to dismiss. (Doc. 141). In its Order, the Court held that "[b]ecause no [TCA] waiver exists as to the torts alleged against Defendant Gregor, these claims must be dismissed." *Id.* at 18. The Court's Order contained one general citation to Gregor's motion to dismiss. *See id*. at 16 ("Defendant Gregor moves to dismiss these claims on the basis that there is no waiver for them under the NMTCA"). However, the Court did not address any of the arguments contained in Plaintiff's response brief or Gregor's reply, including Plaintiff's central argument that she deliberately brought suit against Gregor under the common law, and *not* the TCA, because Gregor was acting outside the scope of his duties when he molested her. Moreover, the Court did not reach Plaintiff's argument that, as a public employee sued in common-law tort, the burden was on Gregor to show that the tortious conduct he allegedly committed came within the scope of his duties. Accordingly, the Court did not hold Gregor to the required standard in dismissing Plaintiff's State tort claims against him.

### III. ARGUMENT

***The Court Committed Clear Error in Misapprehending Both Plaintiff's Position and Controlling Legal Authority, Which Mandates That the Court Analyze Whether Gregor was Within the Scope of His Duties as a Matter of Law Before Dismissing the Claims in Issue***

In its ruling on Gregor's motion to dismiss, the Court appears to accept the argument in Gregor's opening brief that the TCA provides the only mechanism by which Gregor can be sued in tort. The Court asserts variously that the TCA "does not waive

5

immunity for either Defendant Gregor or his employer with regard to [the alleged] torts," (Doc. 141 at 17); that as "a government employee, Defendant Gregor is only liable for actions taken in the course of his employment[2] to the extent the NMTCA creates a waiver," *id.*; that "Plaintiff has not asserted any statutory basis for a waiver" for her battery claim against Gregor "and the Court knows of no authority that suggests a waiver exists for this claim," *id.*; and that "[b]ecause no waiver exists as to the torts alleged against Defendant Gregor, these claims must be dismissed." *Id.* at 18.  However, the Court does not acknowledge Plaintiff's argument that her tort claims against Gregor are under the common law, not the TCA, so that Plaintiff does not need to "assert any statutory basis for a waiver" under the TCA.  To that end, the Court makes no explicit finding that Gregor was acting within the scope of his duties as a matter of law in committing the tortious conduct alleged by Plaintiff.

Plaintiff submits that the Court's failure to reach Plaintiff's arguments or analyze the "scope of duty" issue constitutes clear legal error.  The law of New Mexico is clear that a suit in common law tort can lie against a public employee when a question of fact

---

[2] Plaintiff notes that neither the case the Court cites for this principle, *Celaya v. Hall*, nor the TCA itself, use the phrase "course of employment," to describe the employee action necessary to create TCA liability.  Rather, as the New Mexico Supreme Court explained in *Celaya*, the "TCA compensates victims for certain tortious acts committed by public employees while acting within their '*scope of duties*'. . . . The legislative choice of this phrase sets the standard apart from the common-law concept of 'scope of employment.'" *Celaya*, 135 N.M. at 244-45 (citing NMSA 1978 §41-4-3(G)) (emphasis added).  The distinction is an important one, because "[b]y adopting the phrase 'scope of duties,' the legislature 'created and defined a unique standard to be applied to TCA claims based upon acts of public employees.'" *Id.* (quoting *Risk Mgmt. Div. v. McBrayer*, 129 N.M. 778, 14 P.2d 43).

exists as to whether the employee was acting outside the scope of his duties.[3]  *See Lobato*, 838 F.Supp.2d at 1220-21 (declining to dismiss common-law tort claims for assault and battery brought against state employee where a question of fact existed as to whether the alleged acts fell within the scope of his duties within the meaning of the TCA); *McBrayer,* 129 N.M. 778 (fact question existed as to whether schoolteacher's alleged assault of student occurred within the scope of his duties).

Indeed, determining whether a public employee was acting within the scope of his duties in committing an alleged common-law tort is a threshold issue that must be resolved before the claim can be dismissed.  *See discussion in Plaintiff's response brief,* Doc. 135 at 4-5; *see also Lobato*, 838 F.Supp.2d at 1220.  Moreover, the burden is on Gregor − in asserting as an affirmative defense that any tort claim against him must fall under the TCA, not the common law – "to show that the alleged [tortious conduct] fell within the scope of his duties within the meaning of the Tort Claims Act."  *Id.,* citing *Celaya,* 135 N.M. at 115.  Gregor, by his own admission, made no attempt to meet this burden.  *See* Doc. 139 at 3 (Gregor incorrectly asserting in his reply brief that he "did not have to show that he was acting within the scope of his [*sic*] employment" because of Plaintiff's supposed judicial admission[4] that he was within the scope his duties at all relevant times).

---

[3] It is worth noting that the New Mexico Public Schools Insurance Authority provides coverage for injuries arising out of common law torts not waived by the TCA, including assault and battery.  *See* Memorandum of Coverage/New Mexico Public Schools Insurance Authority – MOCL010 at 8 (July 1, 2007).

[4] Plaintiff addresses Gregor's mischaracterization of judicial admissions, *infra,* at 9-12.

In granting Gregor's motion to dismiss, the Court fails to address Plaintiff's argument that Gregor was outside the scope of his duties when he allegedly "touched both her legs, inside her thighs, and, apparently touched her vagina"; "put his thumb inside her pants to touch her on her bare skin"; "put his hand up her skirt (when she wore a skirt) to touch her on her bare skin"; "kissed or licked her ear"; and "would hold her hands." (Doc. 7 Cplt. ¶ 179). Moreover, the Court does not explain why it does not require Gregor to meet the burden of showing, as an affirmative defense, how these actions were within the scope of duties that Espanola Public Schools requested, required, and authorized him to perform. *See* NMSA 1978, § 41-4-3(G). Further, the Court does not explain why this case is distinguishable from the several cases proffered in Plaintiff's response brief, all of which held that, under the law of New Mexico, dismissal is inappropriate where any facts exist in the record from which a jury could determine that a public employee's actions were outside the scope of his duties. *See Chavez,* 2010 WL 8522491, at *1 ("Whether an employee is acting within the scope of duty is generally a question of fact and dismissal is not appropriate unless only one reasonable conclusion can be drawn from the facts presented") (quotation omitted); *see also Plaintiff's response brief*, Doc. 135 at 5-6 (collecting cases).

Based on the foregoing, Plaintiff submits that the Court has misapprehended her position that the tort claims in issue were intentionally and self-evidently brought under the common law and not the TCA, as well as the controlling law, which mandates that Defendant Gregor meet the burden of demonstrating that he was acting within the scope of his duties with regard to the alleged tortious conduct. *See Barber*, 562 F.3d at 1228 (Rule 59(e) amendment is appropriate where a court has misapprehended a party's

position or the controlling law). Indeed, Plaintiff believes that if the Court performs the threshold "scope of duty" analysis prescribed by the controlling case law, it will conclude that this is not the rare case in which a defendant was acting within the scope of his duties as a matter of law. *Cf. Gerald v. Locksley*, 785 F.Supp.2d 1074, 1137 (D.N.M. 2011) (defendant was acting within the scope of his duties as a matter of law where the challenged attack "was under the guise of a disciplinary action against the [p]laintiff, who had incurred the [d]efendant's displeasure for the team's performance during a game"); *Henning v. Rounds*, 142 N.M. 803, 171 P.3d 317, 320, 322 (N.M. App. 2007) (school principal's actions were within the scope of his duties as a matter of law where evidence showed that the principal harassed the plaintiff only by using procedures that were authorized by his public school employer). Plaintiff therefore respectfully requests that the Court amend its judgment pursuant to Rule 59(e), and re-insert her battery, negligence *per se*, and intentional infliction of emotional distress claims into this case. *See First State Bank v. Daniel and Associates, P.C.,* 491 F. Supp. 2d 1033, 1035, n.1 (D. Kan. 2007) (district court vacating its prior entry of summary judgment for "clear error" where court recognized upon reconsideration that defendant's "motion for summary judgment did not include an analysis of [a] threshold issue," so that defendant "did not meet its initial summary judgment burden of demonstrating the absence of a genuine issue of material fact").

### *The Operative Complaint Does Not Contain Any Judicial Admission That Plaintiff's Common-Law Tort Claims Were Brought Pursuant to the TCA*

Finally, the Court should reject Gregor's disingenuous new contention that introductory Paragraph 7 of the operative Complaint is a judicial admission that binds Plaintiff. As set forth at greater length in Plaintiff's response to Gregor's motion to

9

dismiss (Doc. 135 at 3), Paragraph 7 – a holdover from an earlier draft mistakenly included in the filed pleading − briefly sets forth the legal proposition that Gregor was a "public employee" acting "in the course and scope of his duties" under the TCA at the time of the events in issue. (Doc. 7 Cplt. ¶ 7). Paragraph 7 is, of course, facially inconsistent with the rest of the 47-page operative Complaint, which proceeds to detail how Plaintiff's State law claims against Gregor are all for common-law torts of the sort that apply to public employees only when they act outside the scope of their duties. *See id.* at Counts VII, VIII, and IX.

Prior to the filing of his reply brief, Gregor's legal arguments were consistent with his stated belief that Plaintiff's State law claims "appear [to be] brought under the common law and not the [TCA]." (Doc. 117 at 4). Indeed, Gregor correctly observed in his original motion to dismiss that the Complaint specifically states that the TCA provides "a basis for liability against Defendants SFPS and EPS," not Gregor, and that the counts setting forth the instant claims "all state that they are under the [c]ommon [l]aw and have no reference to the [TCA]." *Id.* at 2 (citing Doc. 7 Cplt. at ¶ 8, Counts VII, VIII, and IX).

Nevertheless, despite originally having the right of the situation, after Plaintiff pointed out in her response brief that she quite intentionally brought her tort claims under the common law of New Mexico – because the TCA does not cover tortfeasors who act outside the scope of their duties − Gregor abruptly changed tack. Thus, Gregor's reply in support of his motion to dismiss is entirely devoted to the new contention that Paragraph 7 is a formal judicial admission that has "the effect of withdrawing a fact from issue," and thus presumably binding Plaintiff to a legal position that would not allow her to press

common-law tort claims against him. (Doc. 139 at 4). Tellingly, Gregor makes no attempt to set forth the legal standards governing judicial admissions, let alone show how Paragraph 7 constitutes a judicial admission binding on Plaintiff.

Judicial admissions "are formal, *deliberate* admissions of fact that are conclusive in the litigation in which the admissions are made." *In re Lopez*, 2009 WL 37542404, at \*2 (Bankr. D.N.M., Nov. 5, 2009) (emphasis added); *see also U.S. Energy Corp. v. Nukem, Inc.,* 400 F.3d 822, 833 n. 4 (10th Cir. 2005); *Guidry v. Sheet Metal Workers Int'l Ass'n, Local No. 9,* 10 F.3d 700, 716 (10th Cir. 1993). "[I]nconsistent statements made in the alternative are not formal, deliberate declarations that could reasonably be construed as judicial admissions." *U.S. Energy,* 400 F.3d at 833 n.4*; see also In re Lopez,* 2009 WL 3754204, at \*2. Here, by Gregor's own admission, Counts VII, VIII, and IX of the operative Complaint describe how Gregor committed the state common-law torts of battery, negligence *per se*, and intentional infliction of emotional distress, offenses which are not waived under the TCA; indeed, as Gregor himself observes, the relevant counts make "no reference" to the TCA. (Doc. 117 at 2). Thus, to the extent that Plaintiff's introductory Paragraph 7 contains a legal statement about Gregor as a "public employee" acting within the scope of his duties under the TCA, it is inconsistent with the claims against Gregor as detailed at length at Counts VII, VIII, and IX and cannot reasonably be construed as a deliberate judicial admission.

Equally important, the doctrine of judicial admissions applies only to admissions of fact − it does not apply to admissions of legal conclusions or propositions of law. *Guidry*, 10 F.3d at 716 (counsel's statement at oral argument that a garnishment proceeding was barred by the case law was a proposition of law, not a judicial

admission); *In re Lopez,* 2009 WL 37542404, at *6 (plaintiff's concession that debt was dischargeable under 11 U.S.C. § 523(a)(15) was "a legal conclusion regarding the effect of findings of fact concerning the financial circumstances of the debtor" and as such was not a judicial admission of fact). The assertion in Paragraph 7 that Gregor "acted in the course and scope of his duties as an SFPS and EPS employee" within the meaning of the TCA is, like the statements in issue in *Guidry* and *Lopez*, self-evidently a proposition of law that does not constitute a judicial admission.

Accordingly, the Court should reject Gregor's assertion that Plaintiff is somehow bound by a single erroneous legal proposition, disclosed accidentally and not deliberately, that is inconsistent with the theory of common-law liability detailed at length in her Complaint.

## IV. CONCLUSION

For the preceding reasons, Plaintiff respectfully requests that the Court grant the relief sought herein.

    Respectfully Submitted,
    ROTHSTEIN, DONATELLI, HUGHES,
     DAHLSTROM, SCHOENBURG & BIENVENU, LLP

    /s/ Alicia C. Lopez 7/8/2015
    CAROLYN M. "CAMMIE" NICHOLS
    ALICIA C. LOPEZ
    500 Fourth Street NW, Suite 400
    Albuquerque, NM 87102
    (505) 243 1443
    cmnichols@rothsteinlaw.com
    alopez@rothsteinlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of July, 2015, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel for Defendants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Alicia C. Lopez 7/8/2015
ROTHSTEIN, DONATELLI, HUGHES,
 DAHLSTROM, SCHOENBURG & BIENVENU,
LLP