IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.S., by and through her parents and next friends,
T.S. and A.R.,

    Plaintiff,

vs.                                           Case No. 14-cv-00385 SCY/KBM

THE ESPANOLA PUBLIC SCHOOLS;
RUBY E. MONTOYA, in her individual capacity;
GARY F. GREGOR, in his individual capacity;

    Defendants.

## DEFENDANT GARY GREGOR'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT [DOC. 149]

COMES NOW Defendant Gary Gregor ("Defendant Gregor"), by and through his counsel of record, the Narvaez Law Firm, P.A. (Henry F. Narvaez and Carlos E. Sedillo), for his *Response in Opposition to Plaintiffs' Motion to Alter or Amend Judgment* states as follows:

### I. INTRODUCTION

Plaintiffs bring a Motion to Alter or Amend the Judgment of the Court pursuant to its Memorandum Opinion Doc 141, dismissing Plaintiffs common law claims against Defendant Gregor pursuant to Federal Rule of Civil Procedure 59(e). In Plaintiffs' Motion, they allege that the Court should amend its Order as it misapprehended the controlling law and the facts. See Plaintiffs' Motion [Doc. 149] at pp. 1-2. However, the Court did not misapprehend the controlling law and facts, and therefore, the Court should not grant Plaintiffs' Motion to Amend.

Plaintiffs' primary argument is that scope is still at issue and must be resolved, as it was Defendant Gregor's burden to show scope, and that their original judicial admission that Defendant Gregor was acting within the course and scope of his duties should not be considered

as a judicial admission. Plaintiffs do not come forward with any legal authority to controvert Defendant Gregor's argument that the scope admission is a judicial admission.

Plaintiffs made a judicial admission in their First Amended Complaint when they alleged that Defendant Gregor was acting within the scope of his employment. *See* Plaintiffs' First Amended Complaint [Doc. 7] at ¶ 7. Further, Plaintiffs have not made any attempt to amend that judicial admission. Instead, Plaintiffs request that the Court disregard that admission. This does not effectively remove the prior judicial admission, thus it remains binding upon Plaintiffs. *Grynberg v. Bar S Services*, 527 Fed.Appx. 736, 739 (10th Cir. 2013) (Unpublished), *citing Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314-15 (holding that earlier judicial admissions are binding, even after the admitting party later produced evidence contrary to those admissions).

Accordingly, because Plaintiff has not come forward with any authority to show that the Court was in error when it granted Defendant Gregor's Motion to Dismiss, Plaintiffs' Motion to Alter or Amend should be dismissed.

## II. STANDARD OF REVIEW

A Rule 59(e) motion to amend judgment is basically a motion for reconsideration. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). The court may grant such a motion for one of three reasons: an intervening change in controlling law; availability of new evidence; or the need to correct clear error or prevent manifest injustice. *See id.* If a party is seeking to supplement its Rule 59(e) motion with "new evidence," the party must show either that (a) the evidence is newly discovered, or (2) if the evidence was available when summary judgment was granted, that counsel made a diligent though unsuccessful attempt to discover the evidence. *See Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th

Cir.1992). A motion to reconsider is not another opportunity for the losing party to make its strongest case, rehash arguments, or revamp previously unmeritorious arguments. *See Voelkel v. Gen.* *674 *Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.1994), *aff'd,* 43 F.3d 1484 (10th Cir.1994). The court should not grant a Rule 59(e) if the movant only wants to present new arguments or supporting facts that could have been offered initially. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). The decision to grant or deny such a motion is committed to the sound discretion of the trial court. *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir.1988); see also *In re Sun Healthcare Group, Inc.*, 214 F.R.D. 671 (D.N.M. April 23, 2003).

Such motions "'are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances.'" *Jung v. Assoc. of Am. Med. Colleges*, 226 F.R.D. 7, 8 (D.D.C.2005) (quoting *Niedermeier v. Office of Max S. Baucus*, 153 F.Supp.2d 23, 28 (D.D.C.2001)). "Rule 59(e) motions may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id*. (internal quotation marks and citations omitted); see also *Harrison v. Federal Bureau of Prisons*, 681 F. Supp.2d 76 (D.D.C. February 3, 2010).

In this District, Judge Black has stated in denying a Motion to Reconsider, that in the Tenth Circuit, absent extraordinary circumstances, the basis for a motion to reconsider should be based on new law or facts, and if a party does not rely on new facts or law, there is no basis for reconsidering what the Court already thoughtfully considered. *See* Doc. 56 at pp. 5-6 of *Lobato v. New Mexico Env't Dep't. Envtl. Health Div.* Case No. 09-cv-1203 BB/RLP.

Here, Plaintiffs do not rely on new facts or law. Rather, they feel that the Court misapprehended their argument. Accordingly, there is no basis for considering their Motion to Alter or Amend Judgment.

**III. ARGUMENT**

    **a. Plaintiffs fail to demonstrate that the allegation that Defendant Gregor was acting within the course and scope of his employment is not a judicial admission, and this judicial admission cannot be withdrawn via argument in a Response to a Motion to Dismiss or a Motion to Alter or Amend.**

As an initial matter, Motions to Alter or Amend are disfavored and only granted when there are extraordinary circumstances. *See Jung*, 226 F.R.D. 7, 8 (D.D.C.2005). Further, if Plaintiffs are not relying on new facts or law as basis for their Motion to Alter or Amend, there is no basis for considering what the Court has already thoughtfully considered. *See* Doc. 56 at pp. 5-6 of *Lobato v. New Mexico Env't Dep't. Envtl. Health Div.* Case No. 09-cv-1203 BB/RLP. Here, Plaintiffs do not rely on any new facts or law. Rather, they believe that the Court misapprehended their arguments. Accordingly, the Court should deny Plaintiffs' Motion to Alter or Amend.

In Plaintiffs Motion to Alter or Amend, they again focus on the fact that it was Defendant Gregor's burden to show that he was acting within the course and scope of his employment. However, as explained in Defendant Gregor's Reply [Doc. 139], there was no question of fact involving scope[1]. Plaintiffs again restate in their Motion to Alter or Amend, that scope is a question of fact. *See* Plaintiffs' Motion to Alter or Amend at p. 4; *see also Chavez v. Los Lunas Pub. Sch. Dist. Ex rel. Bd. Of Educ.*, 2010 WL 8522491, at *1 (D.N.M. Nov. 1, 2010). This

---

[1] Plaintiffs also seem to argue in their Motion to Alter or Amend that scope of employment may not be a question of fact. *See* Plaintiffs' Motion to Alter or Amend [Doc. 149] at pp. 11-12. Plaintiffs allege that judicial admissions apply only to issues of fact, implying that scope is an issue of law. *Id.* However, as Plaintiffs cite, scope is a question of fact. *See* Plaintiffs' Motion to Alter or Amend at p. 4; *see also Chavez v. Los Lunas Pub. Sch. Dist. Ex rel. Bd. Of Educ.*, 2010 WL 8522491, at *1 (D.N.M. Nov. 1, 2010). Accordingly, Plaintiffs' argument that judicial admissions only apply to questions of fact is correct, and the fact that they alleged that Defendant Gregor was within the scope of his employment is a judicial admission, binding upon them.

proposition is correct. If scope were at issue, it would be for Defendant Gregor to show that he was acting within the scope of his employment. However, in evaluating a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept as true all well-pleaded allegations of the complaint and construe the allegations in the light most favorable to the plaintiff. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008). In their First Amended Complaint, Plaintiffs admitted that Defendant Gregor was acting within the scope of his employment. *See* Plaintiffs' First Amended Complaint [Doc. 7] at ¶ 7. Therefore, it was appropriate for the Court to hold in favor of Defendant Gregor, as he had no burden to show scope of employment.

Again, Plaintiffs wish for the Court to disregard their mistaken assertion that Defendant Gregor was acting within the course and scope of his employment. However, this again fails as that statement was a judicial admission, and Plaintiffs have not taken steps to change that assertion.

Paragraph 7 of Plaintiffs' First Amended Complaint is a judicial admission, which has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *See Grynberg*, 527 Fed.Appx. at. 739; *see also Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700, 716 (10th Cir. 1993).

Case law in this District defines judicial admissions as formal admissions, which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *Id*. In *Grynberg*, the Tenth Circuit held that the judicial admission in Mr. Grynberg's complaint and answer to the counterclaim complaint remain binding on him. *See Grynberg*, 527 Fed.Appx. at. 739. The Court went on to hold that admissions in the pleadings are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended. *Id*. The Court ultimately

held that Mr. Grynberg's attempt to disavow his earlier judicial admissions about the validity of the contract with seeming contrary evidence at summary judgment does not create a disputed issue of fact. *See Id. citing Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314-15 (holding that earlier judicial admissions are binding, even after the admitting party later produced evidence contrary to those admissions).

In their Motion to Amend or Alter, Plaintiffs have not come forward with any case law to controvert Defendant Gregor's cited authority. Therefore, there is no basis for the Court to reconsider its thoughtfully considered ruling.

Further, Plaintiffs' judicial admission that Defendant Gregor was acting within the course and scope of his duties as an SFPS and EPS employee and under the color of state and/or local law at all material times has not been withdrawn or amended. Plaintiffs now request that the Court "not evaluate" Paragraph 7 and instead take their new assertion in their Response and Motion to Alter and Amend that Defendant Gregor was acting outside of the scope of his employment. *See* Plaintiffs' Response [Doc. 135] at p. 3 and Plaintiffs' Motion to Alter or Amend [Doc. 149]. Plaintiffs have not requested a withdrawal of that Paragraph 7 or the amendment of Paragraph 7. To the contrary, in Plaintiffs' proposed Second Amended Complaint [Doc. 83-1], attached to Plaintiffs' Motion to Amend [Doc. 83], restates Paragraph 7 from the First Amended Complaint verbatim. Even, in the Second Amended Complaint, Plaintiff is alleging that Defendant Gregor acted within the course and scope of his employment with SFPS and EPS. Here, a request to disregard does not remove a judicial admission. Therefore, Plaintiffs' judicial admission must still stand.

Accordingly, the judicial admission that Defendant Gregor "acted within the course and scope of his duties as an SFPS and EPS employee and under the color of state and/or local law"

at all material times is binding on Plaintiffs. Therefore, because the well pleaded facts of the operative Complaint state that Defendant Gregor was acting in the course and scope of his employment, the Court did not error in its decision and should deny Plaintiffs' Motion to Alter or Amend.

## IV. CONCLUSION

WHEREFORE Defendant Gregor respectfully requests that the Court deny Plaintiffs Motion to Alter or Amend [Doc. 149].

Respectfully submitted,

**NARVAEZ LAW FIRM, P.A.**

/s/ Carlos E. Sedillo
HENRY F. NARVAEZ
CARLOS E. SEDILLO
*Attorneys for Defendant Gary F. Gregor*
Post Office Box 25967
Albuquerque, New Mexico 87125-0967
(505) 248-0500

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on the 20th day of July, 2015, I filed the foregoing electronically through CMECF, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP
Carolyn M. Nichols
*Attorneys for Plaintiffs*
500 4th St., NW, Suite 400
Albuquerque, NM 87102

WALZ AND ASSOCIATES
JERRY A. WALZ
*Attorney for Defendants Espanola Public*
*Schools, and Ruby E. Montoya*
133 Eubank Blvd. NE
Albuquerque, NM 87123
505-275-1800


/s/ Carlos E. Sedillo
  CARLOS E. SEDILLO