IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**K.S., by and through her parents and next friends,**
**T.S. and A.R.,**

    Plaintiff,

vs.                                               Case No. 14-CV-00385 SCY/KBM

**THE ESPANOLA PUBLIC SCHOOLS;**
**RUBY E. MONTOYA, in her individual capacity;**
**GARY F. GREGOR, in his individual capacity;**

    Defendants.

## DEFENDANTS ESPANOLA PUBLIC SCHOOLS' AND RUBY MONTOYA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

COME NOW Defendants Española Public Schools ("EPS") and Ruby Montoya, in her individual capacity, by and through their counsel of record, Jerry A. Walz, Walz and Associates, P.C., for their Response in Opposition to Plaintiffs' Motion To Alter or Amend Judgment [Doc. 149] state as follows:

### I. Introduction

Defendant Gary Gregor on July 20, 2015, filed his response in opposition to Plaintiffs' [sic] Motion To Alter Or Amend Judgment. [Doc. 154]. The case authority, and arguments advanced on behalf of Gregor squarely address the issue as to why Plaintiff's Motion to Alter or Amend Judgment should be denied, and in the interest of judicial economy will not be repeated here.

The Española Defendants hereby adopt by reference the response filed on behalf of Gregor [Doc. 154] pursuant to L.R. 7.1(a).

## II. Argument

In addition to the arguments made by Gregor, the school defendants have an interest as to why the motion should be denied. During this case, based on the Plaintiff's pleadings up until Plaintiff filed her motion to Alter or Amend Judgment, there were never questions raised as to whether Gary Gregor was in the scope of his employment when he allegedly committed acts for which he and the Española School District Defendants could be held liable pursuant to the New Mexico Tort Claims Act. ("T.C.A") In the First Amended Complaint [Doc. 7], which still serves as the operative complaint, Plaintiff alleged claims against the school district defendants pursuant to the T.C.A. Pursuant to NMSA 1978, §41-4-4 D (1), if Defendant Gregor is found to have committed an act for which immunity has been waived in the scope and course of his employment, any damages for that action is imputed pursuant to the doctrine of *respondeat superior* to the employer.

Here there have been twenty-two depositions, significant written discovery, significant disclosure performed pursuant to Rule 26, and only now does Plaintiff seek to add a new legal theory which would require significant reworking of discovery; reworking of motion practice as both the state claims and federal constitutional claims against the Española School District Defendants could be impacted, and would create the expenditure of vast financial and human resources to address a legal theory that has not been part of the case.

It is hard to fathom why Plaintiff would attempt to even interject this issue into the litigation particularly at this stage. Gregor's actions appear to be in sync with prevailing case precedent pursuant to the T.C.A. See generally Seeds v. Lucero, 2005-NMCA-067 ¶10, 137 NM 589. (A public employee may be within the scope of authorized *duty* even if the employee's *acts* are fraudulent, intentionally malicious, or even criminal.), and Henning v. Rounds, 2007-NMCA-139.

142 NM 803. (An alleged tort is within a public employee's duties as a matter of law if they involved actions that were closely related to an underlying duty or power of the public employee. Further, the personal motivations of that public employee are not relevant when there is a connection between the public employee's actions at the time of the incident and the duties the public employee was requested, required or authorized to perform).

**III.     Conclusion**

Based upon the controlling case precedent and reference to the federal rules set forth in Gregor's Response in addition to the supplemental factual and case authority presented here, Plaintiff's Motion to Alter or Amend Judgment should be denied.

Respectfully submitted,

**WALZ AND ASSOCIATES, P.C.**

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.
*Attorney for Defendants Española Public Schools, and Ruby E. Montoya*
133 Eubank Blvd. NE
Albuquerque, NM 87123
505-275-1800

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 22nd day of July, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

ROTHSTEIN, DONATELLI, HUGES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP
Carolyn M. Nichols, Esq.
Alicia C. Lopez, Esq.
500 4th St., NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443


Narvaez Law Firm
Henry Narvaez, Esq.
Carlos Sedillo, Esq.
601 Rio Grande Blvd NW
P.O. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.